**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

HUBERT HELLER,
      Plaintiff,

Case No.: 8:00CV-1528-T-27C

vs

URSULA CABERTA,
      Defendant.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

DEFENDANT, by and through her undersigned attorney, responds to Plaintiff's Motion for Enlargement of Time, and says:

1. Counsel's signature on the complaint certifies that the legal and factual bases for the complaint were researched prior to filing, and that Plaintiff's counsel concluded, upon reflection, that the action was supported in fact and in law. Rule 11(b), F.R.Civ.P.

2. Each and every issue raised by Defendant's Motion to Dismiss is grounded within the four corners of the complaint and upon existing black letter law.

3. If he fulfilled his research obligations under Rule 11, counsel for Plaintiff necessarily had, at the time of filing of the complaint, substantial familiarity with the issues raised on Defendant's Motion to Dismiss.

4. With no foreknowledge of the filing of the complaint herein or of the contents thereof, Defendant responded to the complaint within the time fixed for such filings.



5. The sequence of filing deadlines in this action was determined by Plaintiff's selection of the dates of filing and service. Any scheduling conflict was knowingly created by Plaintiff.

6. In addition to the "other attorneys" in the office of lead counsel for Plaintiff, Plaintiff has at his disposal an entire additional law firm, to-wit: Moxon & Kobrin, identified in the Complaint as counsel for Plaintiff.

7. The undersigned did indeed decline to assent to an extension of time for response to Defendant's Motion to Dismiss, for the reasons set forth in the attached letter.

## MEMORANDUM

It is customary not only in the Middle District, or the Tampa Division, but in the ordinary course of the practice of law to accede to requests such as the one underlying Plaintiff's Motion for Enlargement of Time. To memory, the undersigned has not previously declined to agree to such an extension, though the usual sequence of events is that a *defendant*, suddenly confronted with unanticipated issues raised on a complaint, seeks extension of time.

This case is unique. Plaintiff was quite intentional and insistent about bringing the action at the precise time he brought it; Plaintiff saw to it that Defendant was as good as stalked in order to obtain service. Manifestly, it was Plaintiff who chose to initiate this action to Defendant's distress and inconvenience in a place and at a time which would require him to respond during counsel's absence to any timely filed defensive motion.

The issues to be addressed are patent on the face of the complaint; it is therefore

all but certain that the research needed to respond to Defendant's Motion was completed well before service of process was effected. In view of the requirements of Rule 11, it is rather remarkable that Plaintiff suggests that it will require a full 30 days to respond to matters Defendant was able to develop and brief in about 18 days from a standing start. There are no factual allegations in the Motion to Dismiss which are not drawn directly from the allegations of the complaint; the resolution of the Motion to Dismiss is strictly a "four-corners" exercise which does not require (or even permit) Plaintiff to conduct additional factual investigation and formulate affidavits in opposition to the Motion.

JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esquire, 911 Chestnut Street, Clearwater, FL 33756 and to the firm of Moxon & Kobrin, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755 by United States mail this 23 day of August, 2000.

John M. Merrett

# John M. Merrett
## Attorney & Counselor at Law

---

August 21, 2000

**VIA FACSIMILE: 727.462.0365**

F.W. Pope, Esquire
911 Chestnut Street
Clearwater, Fl 33756

    RE:  *Heller vs Caberta*

Dear Mr. Pope:

    Jeff Wittig has relayed to me your request for an extension of time to respond to the Motion to Dismiss filed on behalf of the defendant in *Heller vs Caberta*. While I would ordinarily be only too happy to accommodate, I am unable to do so in this instance.

    It is transparently obvious that this case, like *Howd vs Minton*, is brought in furtherance of some goal set by Scientology, and not as a means of vindicating a legitimate grievance of the named plaintiff. I note that Scientology's captive law firm, Moxon & Kobrin, is signed on as co-counsel. You are doubtless aware that my client's visit to Florida commenced with a clot of cult members, supervised by Marty Rathbun, screaming "Nazi criminal" as she left the plane. Service of process in the instant suit was obviously intended as a match for that spectacle, to frame her trip with abominations.

    My client is, as you have pled, an official of a foreign government who has been sued for her official acts. She requests that this matter be resolved as expeditiously as possible. I am unable to accede to your request, and will expect you to respond to the Motion to Dismiss by the date appointed under the rules.

                                     Very truly yours,

                                       John M. Merrett
                                     (signed in his absence to avoid delay)

---