FILED

00 OCT -6 AM 11: 17

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
### Middle District of Florida

HUBERT HELLER,

Plaintiff,

Case No.: 8:00CV-1528-T-27C

vs

URSULA CABERTA,

Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR PROLIXITY AND TO STRIKE JURISDICTIONAL AMENDMENTS

DEFENDANT, through her undersigned attorney, prays entry of an order

dismissing Plaintiff's Amended Complaint for prolixity, and striking the jurisdictional

amendments set forth in the said complaint, and says:

### Prolixity

1. Rule 8(b),(d), and (e) F.R.Civ.P., taken in toto, require that a complaint set forth

in short and plain statements the facts upon which relief is sought, and that the complaint

be answered in similar terms.

2. Plaintiff's Amended Complaint is a morass of argumentation and muddled

conjunction of allegations of which some may true and others may be false, so that it is

not possible to directly and plainly respond to the allegations.

### Jurisdictional Issues

3. Plaintiff's initial complaint pled affirmatively and without qualification

Defendant's status as an instrumentality of a foreign government acting at all times

material within the scope of her employment.  Plaintiff alleged that Defendant is the head



of an anti-cult task force for the government of Hamburg, Germany; [Complaint, paragraph 7] that in her capacity as head of the anti-cult task force, she promulgated certain anti-Scientology measures; [Complaint, paragraph 8] that among the anti-Scientology measures promulgated by Defendant in connection with her office was a "sect filter;" [Complaint, paragraph 9] and that Plaintiff was injured as a result of the promulgation of the "sect filter" [Complaint, paragraphs 17-19 and 20-27] These allegations established that this Court lacks jurisdiction over Defendant under 28 U.S.C. Section 1603, *et seq.*

4. Plaintiff amended his Complaint in an effort to avoid the effect of his initial honest pleading, claiming that Defendant is "sued as an individual, for acts she claimed to have undertaken in an official capacity, but which were undertaken outside the scope of her official duties * * * [or] are . . . tortious commercial acts." [Amended Complaint, Paragraph 2.]

5. In making the representations in the initial Complaint, counsel for Plaintiff affirmatively and solemnly certified that to the best of his knowledge, after reasonable inquiry, "the allegations and other factual contentions have evidentiary support." Rule 11(b), Fed.R.Civ.P.

6. The allegations in question are statements of pure fact.

7. Rule 15(a) does not grant a party an absolute right to make amendments of jurisdictional allegations.

WHEREFORE, Defendant prays entry of an order as hereinabove described.

## Memorandum of Law

*Prolixity.* Defendant and the Court are entitled to a complaint which, in accordance with the rules, posits a plain set of facts which may be plainly conceded or denied.

Rule 8(a) and (e) F.R.Civ.P. require that a plaintiff concisely present a short and plain statement of his claim. Rule 8(b) requires that an answer be made in like fashion. Plaintiff in this action has violated the requirements of the cited rule and made it impossible for Defendant to respond as required.

*Jurisdictional amendments.* The Foreign Sovereign Immunities Act (FSIA) (28 U.S.C. Section 1603, *et seq.*) is the sole source of jurisdiction of federal courts over foreign governments and their instrumentalities. *Alpha Therapeutic Corp. vs Nippon Hoso Kyokai,* 199 F.3d 1078 (9th Cir. 1999). Allegations regarding the applicability of the FSIA are therefore jurisdictional allegations.

While Rule 15(a), F.R.Civ.P. generally authorizes amendment of pleadings, it is not the sole authority on the question. 28 U.S.C. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This section is a specific application of the terms of Rule 15(a) to the matter of jurisdictional amendments. *Asset Value Fund Limited Partnership v. The Care Group, Inc.,* 179 F.R.D. 117, 119 (S.D.N.Y. 1998).

28 U.S.C. Section 1653 allows only correction of deficient jurisdictional allegations; it does not allow the post-hoc creation of facts in order to posit a

-3-

jurisdictional issue where none exists. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826,  104 L. Ed. 2d 893, 109 S. Ct. 2218 (1989).  See, generally, *Falise vs American Tobacco Company,* 241 B.R. 63 (E.D.N.Y. 1999) and cases cited therein.

The research of the undersigned has disclosed no decisional law directly addressing the limitation, if any, imposed by 28 U.S.C. Section 1653 upon a plaintiff's ability to amend jurisdictional allegations under Rule 15(a) before the filing of a responsive pleading.  However, the ancient rule of construction which provides that the specific controls over the general dictates that Section 1653, rather than the broader rule, controls where the issue is one of amendment of jurisdictional claims.

Moreover, given that the language of Rule 11, F.R.Civ.P. makes each allegation of the complaint an unqualified representation by counsel that supporting facts have been determined to exist, there are only two possible explanations for the jurisdictional amendments: Plaintiff either discovered new evidence which injected an element of uncertainty to his understanding of Defendant's employment status; or he made new and factually unsupported allegations to avoid dismissal based on his initial unequivocal statements.  Because of the terms of Rule 11, Plaintiff is not entitled to "plead around" the factual deficiencies of his initial complaint in the hope that subsequent discovery may reveal facts which will keep the litigation alive. *Geisinger Medical Center vs Gough,* 160 F.R.D. 467 (D.C.M.D. Pa. 1994).

In either event, given that the issue is jurisdictional in nature, Plaintiff should be put to the proof of the evidence purportedly underlying the jurisdictional amendments

before this action proceeds further, or the amendments should be stricken.

JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W.

Pope, Esquire, 911 Chestnut Street, Clearwater, FL 33756 and to the firm of Moxon &

Kobrin, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755 by United States mail

this _5_ day of October, 2000.

John M. Merrett