FILED

# UNITED STATES DISTRICT COURT
## Middle District of Florida

00 OCT -6 AM 11: 17

HUBERT HELLER,

      Plaintiff,

Case No.: 8:00CV-1528-T-27BIDA
TAMPA, FLORIDA

vs

URSULA CABERTA,

      Defendant.

---

## DEFENDANT'S MOTION TO SUSPEND DISCOVERY

DEFENDANT, by and through her undersigned attorney, prays entry of an order suspending or otherwise restricting discovery in this action pending resolution of the issues of sovereign immunity and personal jurisdiction raised on Defendant's Motion to Dismiss for Lack of Jurisdiction, and says:

1. Consistent with Scientology's practice of using the courts for purposes of harassment rather than resolution of any legitimate grievance, this action was knowingly undertaken without jurisdiction over Defendant.  Plaintiff initially pled in his Complaint that Defendant is the head of an anti-cult task force for the government of Hamburg, Germany; [Complaint, paragraph 7] that in her capacity as head of the anti-cult task force, she promulgated certain anti-Scientology measures; [paragraph 8] that among the anti-Scientology measures promulgated by Defendant in connection with her office was a "sect filter;" [paragraph 9] and that Plaintiff was injured as a result of the promulgation of the "sect filter" [paragraphs 17-19 and 20-27].  In sum, Plaintiff conclusively pled that Defendant is an official of a foreign government who, acting in her official capacity,



caused some injury to Plaintiff.

2. In response to the said Complaint, Defendant filed a Motion to Dismiss raising, among other issues, the issues of sovereign immunity and lack of personal jurisdiction over Defendant.

3. Plaintiff's response was the filing of an Amended Complaint which brazenly asserted jurisdictional grounds wholly controverting those set forth in the initial Complaint.

4. Plaintiff has filed of even date herewith a Motion to Dismiss the said Amended Complaint, again raising the issues of sovereign immunity and lack of personal jurisdiction over Defendant. The said Motion is supported by affidavits to be filed separately, no later than October 11, 2000, establishing that 1) Defendant acted at all material times within the scope of her employment as an official of the government of Hamburg, Germany, and 2) that she has no business or personal interests in the United States which would subject her to the longarm jurisdiction of this Court. The delay in filing the affidavits is due to the fact that Defendant resides overseas.

5. Unless Plaintiff has indulged in specious pleading, Plaintiff is, as of the date of filing hereof, in possession of evidence that Defendant acted *ultra vires* in connection with the claims made in the Amended Complaint, and of evidence that Defendant has engaged in commercial activity within the jurisdiction of the Court. Therefore, Plaintiff requires no discovery in order to meet the allegations of Defendant's pending Motion to Dismiss.

6. With respect to his claim under 42 U.S.C. Section 1985(3), Plaintiff is not entitled to any discovery at all, because he has not pled and cannot plead a prima facie case for relief under that statute.

7. During the initial status conference, the undersigned conferred with counsel for Plaintiff regarding limitation of discovery as requested herein. No agreement was reached.

8. Plaintiff has unilaterally scheduled depositions to being on October 13, 2000. Copies of the duces tecum schedules served by Plaintiff are appended to demonstrate the breadth of Plaintiff's intended inquiry.

WHEREFORE, Defendant prays entry of an order as hereinabove described.

## Memorandum of Law

The discovery process will be used, if the Court allows it to proceed, for the purpose of intelligence-gathering against persons and entities perceived by Scientology as enemies. Scientology, in its many guises, including the so-called "Religious Technology Center[1]" has a "documented history of vexatious behavior" and abuses "the federal court system by using it, inter alia, to destroy their opponents, rather than to resolve an actual dispute over trademark law or any other legal matter." *RTC vs Scott*, Nos. 94-55781 & No. 94-55920; 1996 U.S. App. LEXIS 8954 (9th Cir. 1996). The founder of Scientology, L. Ron Hubbard, said with respect to litigation against opponents of Scientology that

---

[1]RTC is one of many shadowy entities making up the Scientology conglomerate.

-3-

"The purpose of the suit is to harass and discourage rather than to win. The law can be used very easily to harass, and enough harassment on somebody who is simply on the thin edge anyway, well knowing that he is not authorized, will generally be sufficient to cause his professional decease. If possible, of course, ruin him utterly." Hubbard, *The Scientologist: A Manual of Dissemination of Material*, 1955. Hubbard also ordained that enemies of Scientology, also known as "Suppressive Persons" or "SPs" are "Fair Game. May be deprived of property or injured by any means by any Scientologist without any discipline of the Scientologist. May be tricked, sued or lied to or destroyed." Hubbard, *HCO Policy Letter of 18 October 1967*.[2] As can be readily gleaned from the Amended Complaint, Defendant, Robert Minton, Stacy Brooks, Jesse Prince, Kennan Dandar, the Lisa McPherson Trust, and others are regarded as "opponents." The breadth of the discovery demands already made by Plaintiff are entirely consonant with the spurious goals ordained by Scientology's founder. Plaintiff's apparent lead-counsel, Mr. Moxon, is a Scientologist and California lawyer whose practice seems to be strictly limited to litigation involving or approved by Scientology.

Plaintiff's lack of entitlement to discovery under his civil rights claim is readily appreciated. Plaintiff claims in his Amended Complaint that Defendant is sued as an

---

[2]Scientology occasionally claims that this policy, known as "Fair Game," was later canceled by Hubbard. The text of the "cancellation" is as follows:
"The practice of declaring people FAIR GAME will cease. FAIR GAME may not appear on any Ethics Order. *It causes bad public relations.*
**This P/L does not cancel any policy on treatment or handling of an SP.**" Hubbard, *HCO Policy Letter of 18 October 1967*. [e.s.]

individual or for illegal governmental commercial activity [Amended Complaint, paragraph 2], because she participated in a conspiracy to discriminate against him based on his "religion". [Amended Complaint, paragraphs 23 & 38 *et seq.*] A claim of conspiracy to violate First Amendment rights under 42 U.S.C. Section 1985(3) which does not allege state action is fatally defective. *United Bro'hood of Carpenters & Joiners vs Scott*, 463 U.S. 825; 103 S. Ct. 3352; 77 L. Ed. 2d 1049 (1983). More to the point, discrimination based on religious bias will not support an action under 42 U.S.C. Section 1985(3). *Word of Faith World Outreach Center Church, Inc. vs Sawyer*, 90 F.3d 118 (5th Cir. 1996).

The motion to dismiss now pending before the Court is based on a lack of personal jurisdiction over Defendant, and upon Defendant's immunity under the Foreign Sovereign Immunities Act (FSIA) (28 U.S.C. Section 1603, *et seq.*). Applicability of the FSIA is a question of subject matter jurisdiction. *Adler v. Federal Republic of Nigeria*, 107 F.3d 720, 723 (9th Cir. 1997); *Gates v. Victor Fine Foods*, 54 F.3d 1457, 1459 (9th Cir. 1995)

It is appropriate for a court to stay or suspend discovery in an action pending resolution of jurisdictional issues, particularly when discovery is not likely to be useful in elucidating the essential jurisdictional facts. *Dynamic Image Technologies, Inc. vs U.S.*, 221 F.3d 34 (1st Cir. 2000); *Noonan v. Winston Co.*, 135 F.3d 85, 94 (1st Cir. 1998) Until threshold questions of immunity are settled in a suit against a public official, unrestricted discovery should not be permitted. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982) (US official).

In the case at hand, Plaintiff initially pled the facts underlying Defendant's Motion to Dismiss. The allegations of that complaint constitute an admission by Plaintiff. *Andrews vs Metro North Commuter Railroad Co.*, 882 F2d 705 (2d Cir. 1989). Discovery is neither necessary nor appropriate to resolve the jurisdictional issues.

Furthermore, unless specifically pled, reliance on post-filing discovery to establish jurisdiction or a cause of action is prohibited by Rule 11, F.R.Civ.P. Even had Plaintiff pled such reservation, it would not authorize Plaintiff to plead blindly in the hope of obtaining evidentiary support through the discovery process. *Geisinger Medical Center vs Gough*, 160 F.R.D. 467 (M.D.Pa. 1994); Rule 11, F.R.Civ.P. Committee Notes, 1993. It is therefore clear as a matter of law that Plaintiff has no need for discovery to support the new jurisdictional allegation made in the Amended Complaint; if he obeyed Rule 11, he has evidence at hand; if he disobeyed it, he is not entitled to take discovery to keep the ball in the air.

Neither non-parties nor the Defendant (particularly in view of her foreign residence) should be put to the expense and inconvenience of the discovery process until the jurisdictional matter has been resolved. This is particularly true and significant in this case for three reasons: first, the *bona fides* of the action are severely impeached by the fact that Plaintiff initially conceded Defendant's immunity from suit; second, the intrusion into Defendant's private affairs will scarcely be less offensive if pursued through third parties rather than directly, and third, Plaintiff is in all likelihood acting as a shill for Scientology, and is manifestly proceeding in conformity with the Scientology

tactics mentioned above.

For the foregoing reasons, discovery in this matter should be prohibited pending disposition of Defendant's substantive Motion to Dismiss.

>
> JOHN M. MERRETT, ESQUIRE
> 2716 Herschel Street
> Jacksonville, Florida 32205
> Telephone: 904.388.8891
> Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esquire, 911 Chestnut Street, Clearwater, FL 33756 and to the firm of Moxon & Kobrin, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755 by United States mail this 5 day of October, 2000.

/s/
John M. Merrett

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

    Plaintiff,

v.                                                                  Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

    Defendant.
_____/

## NOTICE OF DEPOSITION
## PERSON MOST KNOWLEDGEABLE, LISA MCPHERSON TRUST, INC.

To Ursula Caberta and her counsel of record:

PLEASE TAKE NOTICE that the deposition of the Lisa McPherson Trust, Inc., by and through a person-most-knowledgeable to be identified and produced by the corporation, will be taken on October 13, 2000, at the offices of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., 911 Chestnut Street, Clearwater, Florida, 33757, (727) 461-1818, at 10:00 a.m. The deposition will continue from day to day until completed.

The deposition shall be conducted before a certified court reporter, and may be video taped.

The witness will be required to produce the information set forth in the

attached list of records.

Dated: September 28, 2000

Respectfully submitted,

MOXON & KOBRIN
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. WALLACE POPE, JR.
JOHNSON, BLAKELY, POPE,
BOKOR, RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

Attorneys for Plaintiff
HUBERT HELLER

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing NOTICE OF DEPOSITION to be served on this 28th day of September, 2000, by U.S. Mail, First Class, postage prepaid, to John Merrett, 716 Herschel Street, Jacksonville, Florida 32205.

_____
Attorney

## I. DEFINITIONS

The following definitions apply to this Request for Production:

1.  The words "you," "your," or "Defendant" shall mean the Lisa McPherson Trust, its agents, employees, board of directors or representatives, or any of them, as well as all other persons or entities acting or purporting to act at their direction or on their behalf, including, but not limited to, your accountants, attorneys, investigators, representatives, advisory board, officers, and consultants.

2.  "Document" means every writing or record of every type and description (including those stored electronically or on a computer) that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical computations.

3.  "Person" shall mean any person and includes both the singular and plural.

4.  "Entity" shall include natural persons, corporations, partnerships, associations, joint venturers, firms and other enterprises or entities.

5.  The word "communication" shall mean any oral statement, dialogue, colloquy, discussion, correspondence or conversation and also means a transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location or person to another by electronic or similar means.

6.  The words "relating to," "in connection with" or equivalent language means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in any document request.

7.  The term "sect filter" refers to the document attached hereto as Exhibit A, any reasonable facsimile thereof, or any prior version thereof created by and/or utilized by defendant and/or defendant's office or subordinates.

## DOCUMENTS TO BE PRODUCED

1.  All communications with Ursula Caberta, including all letters, emails, or documents of any type.

1

2.  All records which address, mention or concern the sect filter.

3.  All letters, emails, or documents of any type which send or provide a copy of the sect filter to any person or entity.

4.  All documents which reflect any expense, bill, receipt and/or payment concerning the press conference of Ursula Caberta at LMT, Inc. on July 25, 2000.

5.  All documents which reflect any expense, bill, receipt and/or payment to or on behalf of Ursula Caberta.

6.  All documents concerning the "Alternate Charlemagne Award."

7.  All communication between Robert Minton and Ursula Caberta, including phone notes.

8.  All communication between Stacy Brooks and Ursula Caberta, including phone notes.

9.  All communication between Jesse Prince and Ursula Caberta, including phone notes.

10. All records concerning or mentioning the establishment of an office or branch of the Lisa McPherson Trust, Inc. in Germany.

11. All records, including bank records reflecting the payment of expenses or fees to Ursula Caberta.

12. All records reflecting the payment of fees to any translator to translate the words of Ursula Caberta.

13. All communications with any member of the media, media outlet, or media entity regarding or mentioning Ursula Caberta and/or her work.

14. All press releases concerning or mentioning Ursula Caberta, her work or allegations made by her.

15. All communications with any governmental entity, including legislators, regarding Germany and/or Scientology in Germany.

2

16. All documents reflecting communications with any United States government employee or entity regarding L. Ron Hubbard.

17. All documents reflecting communications with any United States government employee or entity regarding technology created by L. Ron Hubbard or regarding Scientology.

18. All communications with any Hamburg and/or German governmental entity or official regarding the instant lawsuit.

19. All communications with any Hamburg and/or German governmental entity or official regarding the use of the sect filter.

20. Any writing, thesis, tract, essay, article or similar work for publication or potential publication, regarding Scientology, sect filters, the "technology of L. Ron Hubbard," and the administrative technology of L. Ron Hubbard.

21. All agreements, contracts or retainers relating to the payment of fees and costs for counsel to represent Ursula Caberta.

22. All records regarding the source of funds utilized for the payment of any airfare or expenses for Ursula Caberta's trip to Florida in July/August of 2000.

23. All records regarding the source of funds utilized for the payment of any airfare or expenses for any person to come to Florida who attended the press conference at LMT regarding Ursula Caberta.

24. All communications with any member of the media in Germany regarding Robert Minton and/or the Lisa McPherson Trust, Inc.

3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

Plaintiff,

v.                                                      Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

Defendant.
_____/

## NOTICE OF DEPOSITION

To Ursula Caberta and her counsel of record:

PLEASE TAKE NOTICE that the deposition of Robert Minton will be taken on October 17, 2000, at Susse Chalet, 860 S. Porter Street, Manchester, New Hampshire 03103, (603) 625-2020, at 9:30 a.m. The deposition will continue from day to day until completed.

The deposition shall be conducted before a certified court reporter, and may be video taped.

The witness will be required to produce the information set forth in the attached list of records.

Dated: October 4, 2000                    Respectfully submitted,

                                          MOXON & KOBRIN
                                          Kendrick Moxon
                                          Helena Kobrin
                                          FBN #: 0259713

1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. WALLACE POPE, JR.
JOHNSON, BLAKELY, POPE,
BOKOR, RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

Attorneys for Plaintiff
HUBERT HELLER

2

## I. DEFINITIONS

The following definitions apply to this Request for Production:

1. The words "you," "your," shall mean you, your agents, employees, as well as all other persons or entities acting or purporting to act at your direction or on your behalf, including, but not limited to, your accountants, attorneys, investigators, representatives, advisory board, officers, and consultants.

2. "Document" means every writing or record of every type and description (including those stored electronically or on a computer) that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical computations.

3. "Person" shall mean any person and includes both the singular and plural.

4. "Entity" shall include natural persons, corporations, partnerships, associations, joint venturers, firms and other enterprises or entities.

5. The word "communication" shall mean any oral statement, dialogue, colloquy, discussion, correspondence or conversation and also means a transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location or person to another by electronic or similar means.

6. The words "relating to," "in connection with" or equivalent language means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in any document request.

7. The term "sect filter" refers to the document attached hereto as Exhibit A, any reasonable facsimile thereof, or any prior version thereof created by and/or utilized by defendant and/or defendant's office or subordinates.

## DOCUMENTS TO BE PRODUCED

1. All communications with Ursula Caberta, including all letters, emails, or documents of any type.

3

2. All records regarding the payment of monies or valuables to Ursula Caberta.

3. All records regarding the payment of funds, loans, or credit to Ursula Caberta or for the benefit of Ursula Caberta.

4. All records which address, mention or concern the sect filter.

5. All letters, emails, or documents of any type which send or provide a copy of the sect filter to any person or entity.

6. All documents which reflect any expense, bill, receipt and/or payment concerning the press conference of Ursula Caberta at LMT, Inc. on July 25, 2000.

7. All documents which reflect any expense, bill, receipt and/or payment to or on behalf of Ursula Caberta.

8. All documents concerning the "Alternate Charlemagne Award."

9. All communication between you and Ursula Caberta, including phone notes.

10. All communication between Stacy Brooks and Ursula Caberta, including phone notes.

11. All communication between Jesse Prince and Ursula Caberta, including phone notes.

12. All records concerning or mentioning the establishment of an office or branch of the Lisa McPherson Trust, Inc. in Germany.

13. All records, including bank records, reflecting the payment of expenses or fees to Ursula Caberta.

14. All records reflecting the payment of fees to any translator to translate the words of Ursula Caberta.

15. All communications with any member of the media, media outlet, or media entity regarding or mentioning Ursula Caberta and/or her work.

16. All press releases concerning or mentioning Ursula Caberta, her work or allegations made by her.

4

17. All communications with any governmental entity, including legislators, regarding Germany and/or Scientology in Germany.

18. All documents reflecting communications with any United States government employee or entity regarding L. Ron Hubbard.

19. All documents reflecting communications with any United States government employee or entity regarding technology created by L. Ron Hubbard or regarding Scientology.

20. All communications with any Hamburg and/or German governmental entity or official regarding the instant lawsuit.

21. All communications with any Hamburg and/or German governmental entity or official regarding the use of the sect filter.

22. Any writing, thesis, tract, essay, article or similar work for publication or potential publication, regarding Scientology, sect filters, the "technology of L. Ron Hubbard," and the administrative technology of L. Ron Hubbard.

23. All agreements, contracts or retainers relating to the payment of fees and costs for counsel to represent Ursula Caberta.

24. All records regarding the source of funds utilized for the payment of any airfare or expenses for Ursula Caberta's trip to Florida in July/August of 2000.

25. All records regarding the source of funds utilized for the payment of any airfare or expenses for any person to come to Florida who attended the press conference at LMT regarding Ursula Caberta.

26. All communications with any member of the media in Germany regarding you and/or the Lisa McPherson Trust, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing NOTICE OF DEPOSITION to be served on this 4th day of October, 2000, by Telefax and U.S. Mail, First Class, postage prepaid, to John Merrett, 716 Herschel Street, Jacksonville, Florida 32205.

_____
Attorney

6