IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

    Plaintiff,

v.                            Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STAY RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Hubert Heller, herewith moves for an Order suspending the briefing schedule on defendant Ursula Caberta's pending motions to dismiss.

This Court has issued a *sua sponte* Order requiring the plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction, which memorandum is due to be filed by October 23, 2000. In the meantime, the Court has stayed discovery.

Plaintiff requests that the briefing on the separate motions to dismiss be stayed pending further order of the Court following resolution of the subject matter jurisdiction question originated by the Court. Counsel for defendant has been contacted, and has refused to consent to the relief requested. Certification pursuant to Local Rule 3.01(g) is accordingly made through the declaration of counsel.

In support thereof, plaintiff submits the attached memorandum and a proposed



Order for the Court's consideration granting such relief.

Dated: October 13, 2000

Respectfully submitted,

_____
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL  33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla.  33757
(727) 461-1818

Attorneys for Plaintiff

# MEMORANDUM
# IN SUPPORT OF PLAINTIFF'S MOTION TO STAY RESPONSE
# TO DEFENDANT'S MOTION TO DISMISS

## I - A STAY OF THE BRIEFING SCHEDULE IS APPROPRIATE

On October 12, 2000, this Court issued an Order, *sua sponte*, that plaintiff show cause, within 10 days, why this action should not be dismissed for lack of subject matter jurisdiction in light of 28 U.S.C. §1332(a) and *Banci v. Wright*, 44 F.Supp. 2d 1272 (S.D.Fla. 1999).

Almost simultaneous with the issuance of such Order, plaintiff filed his Opposition to Motion to Suspend Discovery and Motion to Stay Response to Defendant's Motion to Dismiss Pending Completion of Jurisdictional Discovery. As the name indicates, such motion requested that the time for filing plaintiff's Opposition to Ms. Caberta's motion to dismiss, be tolled until the discovery has been undertaken permitted by law to address a motion raising issues of personal jurisdiction.

Plaintiff's papers set forth the law requiring that discovery be permitted to a plaintiff where a defendant raises issues and factual assertions in support of a motion to dismiss for personal jurisdiction. *See, e.g., Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987) (denial of opportunity for discovery on issue of personal jurisdiction required reversal); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir.1966) (vacating district court's dismissal for lack of personal jurisdiction; diligent plaintiff entitled to "reasonably necessary" discovery in attempting to establish jurisdiction); *Wells Fargo & Company v. Wells Fargo Express Company*, 556 F.2d 406 (9th Cir. 1977).

The Eleventh Circuit has also addressed the issue, finding a right to discovery where jurisdiction defenses are raised. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729-31 (11th Cir.1982) (reversing district court's dismissal for lack of subject matter

3

jurisdiction and remanding for discovery on jurisdictional facts because "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction"). The Eleventh Circuit has recently referred to this as a "qualified right to conduct jurisdictional discovery," which is activated by the timely promulgation of discovery relating to relevant jurisdictional issues. *Posner v. Essex Insurance Co.,* 178 F.3d 1209, 1214 n.7 (11th Cir. 1999).

The Court's stay of discovery for reasons of addressing the issue of subject matter jurisdiction prevent discovery by plaintiff for the purpose of opposing the defendant's motion regarding personal jurisdiction.

Thus, until the Court's Show Cause Order regarding subject matter jurisdiction is resolved, it is appropriate to stay the briefing schedule on the pending motion to dismiss.

## II - DEFENDANT REFUSES TO CONSENT TO THIS MOTION

Counsel for plaintiff has contacted John Merrett, counsel for defendant Ursula Caberta, and requested consent for the instant relief. Mr. Merrett refused. (Declaration of Kendrick Moxon.)

Plaintiff hereby certifies pursuant to Local Rule 3.01(g), the parties have been unable to agree.

## III - CONCLUSION

Plaintiff accordingly requests entry of the proposed order lodged herewith, effecting a stay of the briefing schedule regarding plaintiff's motion, until such time as the Court has determined subject matter jurisdiction and considered plaintiff's Motion to

Stay Response to Defendant's Motion to Dismiss Pending Completion of Jurisdictional Discovery.

Dated: October 13, 2000                    Respectfully submitted,

/s/ Kendrick Moxon
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

Attorneys for Plaintiff

## DECLARATION OF KENDRICK L. MOXON

I, Kendrick L. Moxon, hereby declare and state:

1. I make the following declaration of my own personal knowledge, and if called to testify thereto, I could and would do so competently.

2. I am counsel of record for plaintiff, Hubert Heller, in the case of *Heller v. Caberta,* M.D.Fl.

3. On October 13, 2000, I called the offices of John Merrett to informally request consent on plaintiff's proposed motion to stay the briefing schedule on defendant's motion to dismiss pending resolution of the Court's OSC re subject matter jurisdiction. Mr. Merrett did not take the call, however I left a message. I received a return call from his paralegal who stated that Mr. Merrett would not consent.

4. I accordingly certify pursuant to Local Rule 3.01(g) that this matter could not be informally resolved.

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct. Signed this 13th day of October, 2000, in Clearwater, Florida.

_____
Kendrick L. Moxon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served on this 13th day of October, as indicated by the below service list.

_____
Attorney

## SERVICE LIST

John Merrett          **VIA U.S. MAIL**
2716 Herschel Street
Jacksonville, Florida 32205