UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

HUBERT HELLER,

    Plaintiff,

Case No.: 8:00CV-1528-T-27C

vs

URSULA CABERTA,

    Defendant.

_____

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO STAY RESPONSE AND MOTION TO STRIKE

FOR HER RESPONSE to the Plaintiff's Motions to Stay Response to Defendant's Motion to Dismiss and Motion to Strike, Defendant says:

Plaintiff fails in his motion to acknowledge that, pursuant to the provisions of Rule 11, F.R.Civ.P. he has unequivocally certified that he is already in possession of "evidentiary support" for the jurisdictional allegations of his original and amended complaints. Plaintiff cannot claim a need for discovery to meet Defendant's Motion to Dismiss without conceding that his pleadings are a sham, in which case he is not entitled to proceed at all.

Plaintiff pled in his original and amended complaints utterly irreconcilable sets of fact with respect to Defendant's employment status with the government of Hamburg, Germany: in the original complaint he said that Defendant acted at all material times within the course and scope of her employment with the said government; in his amended

complaint he alleges that she did not act within the scope of her employment, or that she and her government acted illegally or that they were engaged in a commercial enterprise.

Plaintiff has represented to the Court that he possesses evidence to support each allegation of the complaints, including jurisdictional allegations. He should not be permitted to take discovery which he cannot legitimately need and which will only serve to confirm him in the duplicitous pleading he has undertaken.

The discovery Plaintiff claims to need is abusively overbroad. Plaintiff demanded of **Defendant**:

all correspondence, without limitation, with Robert Minton, Stacy Brooks, Jesse Prince, and Robert Vaughn Young, and any officer, director, agent, or employee of the Lisa McPherson Trust or any other U.S. business, media entity or person (sic);

all documents reflecting any communication with any "United States person or entity" regarding Scientology, Hubbard, or the "technology" of Hubbard;

all writings for publication or potential publication regarding Scientology or the "technology" of Hubbard;

all writings "of any nature concerning or mentioning" the Lisa McPherson Trust or Robert Minton.

Plaintiff demanded of **the Lisa McPherson Trust**:

all communications, without limitation, with Defendant;

all records which mention the "sect filter;"

all letters or documents which "send or provide" a copy of the "sect filter;"

all documents concerning the "Alternate Charlemagne Award;"

all communication between Robert Minton, Stacy Brooks, or Jesse Prince and Defendant;

all records concerning the establishment of a German office of the Trust;

all records reflecting payments to translators for translation of Defendant's speech;

all communications with the "media" and all press releases mentioning Defendant or her work;

all communications with any governmental entity or employee regarding Germany, Scientology, Hubbard, or Hubbard's "technology;"

all communications with the German "media" regarding Robert Minton or the Lisa McPherson Trust.

The foregoing is not an exhaustive list. It is, however, sufficient to confirm Plaintiff's lack of good faith in seeking "jurisdictional" discovery. The demands are manifestly overbroad; their obvious purpose is to gather general "intelligence information" regarding the activities of the Lisa McPherson Trust and those associated with it.

At the Case Management Conference, counsel for the parties discussed without resolution the proper scope of discovery pending resolution of jurisdictional issues. This is confirmed in paragraph 3 of the case management report, and was the informal attempt to deal with the issue required by local rule. It was after this that Plaintiff commenced the fishing expedition he wishes to resume.

It is correct that a magistrate entered an order compelling answers to questions in deposition and sanctioned the undersigned and his clients for refusal to answer questions in a deposition called on behalf of a Scientology organ. It was not, however, a discovery deposition but a Rule 69 deposition; the questions involved related almost entirely to the private finances of nonparties who are not named in the judgment allegedly sought to be executed. The magistrate's order has been objected to and if it is not reversed by the presiding District Judge will be appealed to the Circuit Court.

If such matters are pertinent, the Court should be aware that in May, 1994, Mr. Moxon's partner Helena K. Kobrin, along with his firm (then known as "Bowles & Moxon"), was ordered to pay $17,775.00 in sanctions for the presentation and prosecution of a frivolous civil RICO claim on behalf of a Scientology entity. *Religious Technology Center vs Gerbode*, No. CV 93-2226 AWT, 1994 U.S. Dist. Lexis 6432 (D.C.C.D.Ca.).

Furthermore, in approximately October, 1979, the Honorable Charles Richey accepted a stipulation of evidence in *United States vs Mary Sue Hubbard, et al.*, Criminal No. 78-401 (D.C.D.C.) The signers of that stipulation included Michael Hertzberg, Esq., who is presently Mr. Moxon's co-counsel in a wrongful death case pending in state court, and United States Attorney Carl Rauh. At pages 212 – 214 of that stipulation, Mr. Moxon, then as now affiliated with Scientology, is identified as having knowingly produced some nine pages of forged handwriting exemplars in response to a grand jury subpoena, and having sworn in an accompanying affidavit to the authenticity of the

exemplars.

In sum: Plaintiff cannot, consistent with his obligations under Rule 11, pretend to require discovery to support the allegations of his Amended Complaint; the breadth of his discovery demands demonstrates that the claim of need for discovery is not made in good faith; and the abuse attempted is part of an ongoing pattern on the part of Plaintiff's counsel. Accordingly, the motion for stay should be denied.

_____
JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esquire, 911 Chestnut Street, Clearwater, FL 33756 and to the firm of Moxon & Kobrin, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755 by United States mail this 17 day of October, 2000.

_____
John M. Merrett