UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____x
HUBERT HELLER,                  :
                                :
            Plaintiff,          :   Case No. 8:00-CV-1528-T-27C
                                :
vs.                             :
                                :
URSULA CABERTA,                 :
                                :
            Defendant.          :
_____x

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS AMENDED COMPLAINT FOR PROLIXITY
AND TO STRIKE JURISDICTIONAL AMENDMENTS**

Plaintiff, Hubert Heller, respectfully submits this response to Defendant's Motion to Dismiss Amended Complaint for Prolixity and to Strike Jurisdictional Amendments ("Motion").

**I.   DEFENDANT'S "PROLIXITY" ARGUMENT IS MERITLESS.**

Defendant Caberta's assertion that plaintiff's Amended Complaint should be dismissed for "Prolixity" is frivolous and barely merits a response. *See* Motion at 3. First, Caberta fails to identify the pleadings she considers to be "prolix." Second, the proper grounds for a motion to dismiss are comprehensively set forth in Fed.R.Civ.P. 12(b). "Prolixity" is not one of those grounds. Third, if defendant really believed that there is some problem with the clarity or "prolixity" of plaintiff's pleadings, her proper recourse is a Motion for More Definite Statement, pursuant to Rule 12(e), which provides that, "The motion *shall point out* the *defects* complained of and the *details*



desired" (emphasis added). Defendant has failed to do that.[1]

## II. DEFENDANT'S MOTION TO STRIKE JURISDICTIONAL AMENDMENTS IS MERITLESS.

Defendant's motion to strike jurisdictional amendments is similarly frivolous. *See* Motion at 3-5. First, 28 U.S.C. § 1653, cited by the defendant, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," clearly permits a plaintiff to amend jurisdictional allegations, and strongly negates defendant's argument. Defendant concededly cites no authority for its erroneous proposition that § 1653 somehow constitutes a *limitation* on plaintiff's ability to amend his complaint. *See* Motion at 4. Defendant likewise provides no support for the notion that § 1653 is an exception to the general rule that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

Second, as plaintiff makes clear in his Opposition to Defendant's Motion to Dismiss Amended Complaint, filed herewith and incorporated herein by reference, there is no inconsistency between plaintiff's initial Complaint and his Amended Complaint. Plaintiff's initial Complaint alleged that Caberta engaged in anti-Scientology acts while head of a Hamburg task force on Scientology. Opposition, at 10 n. 8 (citing Complaint, ¶¶ 7,8). After Caberta asserted immunity under the Foreign Sovereign Immunities Act on the ground that she is an official of the Hamburg government, plaintiff's Amended Complaint specifically alleged that Caberta's acts, although assertedly taken in her

---

[1] Rule 12(f) provides that a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant, however, has not advanced any of these specified grounds in support of her motion.

2

official capacity, were outside her lawful authority and illegal under both German and international law. *Id.* at 8-11; Amended Complaint, ¶¶ 2, 23. These allegations are entirely consistent -- that is, even if Caberta was acting in her official capacity, her actions were *ultra vires*. Caberta's assertion that plaintiff's initial Complaint and Amended Complaint somehow conflict simply displays her ignorance of FSIA law. As discussed in plaintiff's Opposition, the courts have repeatedly held that the FSIA "will not shield [a foreign] official who acts beyond the scope of his authority." *Chuidian* v. *Philippine National Bank*, 912 F.2d 1095, 1106 (9th Cir. 1990); Opposition at 8-12. Caberta's actions, undertaken as a Hamburg official, but outside the scope of her lawful authority, are not immune under the FSIA. Therefore, there is no jurisdictional defect in either plaintiff's Complaint or his Amended Complaint.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Amended Complaint for Prolixity and to Strike Jurisdictional Amendments should be denied.

Dated: November 9, 2000

Respectfully submitted,

Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,

RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR PROLIXITY AND TO STRIKE JURISDICTIONAL AMENDMENTS** to be served on this 9th day of November, 2000, by U.S. Mail, to the person on the below Service List.

_____
Attorney

## SERVICE LIST

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205
**Attorney for Ursula Caberta**