# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**HUBERT HELLER,**

        **Plaintiff,**

**vs.**                             **Case No. 8:00-CV-1528-T-27C**

**URSULA CABERTA,**

        **Defendant.**

_____/

## ORDER

**THIS CAUSE** came on to be considered on Defendant's Motions to Dismiss (Dkt. 14, 15) and Defendant's Motion to Suspend Discovery (Dkt. 16). The Court having reviewed said motions, Plaintiff's responses thereto (Dkt. 35, 29, 19) and being otherwise fully advised in the premises, finds as follows:

### I.

In his First Amended Complaint ("Complaint"), Plaintiff claims that Defendant tortiously interfered with an advantageous business relationship (Count I), committed unfair and deceptive trade practices in violation of § 501.201, *Fla. Stat.* (1999) (Count II) and conspired to deprive Plaintiff of civil rights in violation of 42 U.S.C. § 1985(3) (Count III). Defendant has moved to dismiss the Complaint on the grounds that (1) she is immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.1602 *et seq.*, (2) the Court lacks personal jurisdiction over her, and (3) Plaintiff failed to state a cause of action in all counts.

### II.

The appropriate standard for testing the sufficiency of a complaint is whether it appears



beyond a reasonable doubt that the plaintiff can prove no set of facts to support his claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>South Florida Water Management Dist. v. Montalvo</u>, 84 F.3d 402, 406 (11th Cir. 1996); <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985).

III.

A.    Federal Sovereign Immunities Act

Defendant first maintains that she is immune from suit under the under the Federal Sovereign Immunities Act ("FSIA"). Pursuant to the FSIA, an agency or instrumentality of a foreign state is immune from lawsuits for acts committed in the United States. 28 U.S.C. § 1602 *et seq.* Individuals acting in their official capacities as employees of a foreign state are considered "agencies or instrumentalities of a foreign state" as provided in § 1603(b). However sovereign immunity does not shield a sovereign's employee from suit for acts not committed in her official capacity. <u>Chuidian v. Philippine Nat'l. Bank</u>, 912 F.2d 1095, 1105 (9th Cir. 1990).

In the Complaint, Plaintiff alleges that Defendant is an employee of the City of Hamburg, Germany and is the head of the Hamburg, Germany task force designed to disrupt the business activities, civil rights and human rights of the members of the Scientology religion. (Dkt. 12, ¶¶ 2, 7). Plaintiff further alleges that Defendant acted outside the scope of her lawful authority as an employee of the City of Hamburg, Germany when she "persecuted members of the Scientology

2

religion," interfered with Defendant's established advantageous business relationships and utilized unfair trade practices.  (Dkt. 12, ¶¶ 23-26, 35).  At this stage, viewing the allegations in the Complaint in a light most favorable to Plaintiff, Defendant is not entitled to sovereign immunity under the FSIA.

B.    Personal Jurisdiction

Next, Defendant maintains that this Court lacks personal jurisdiction over her on the grounds that § 48.193, *Fla. Stat.* does not provide a basis for jurisdiction as she was not doing business in Florida and does not have sufficient minimum contacts with the state to satisfy the requisites of long arm jurisdiction as described in International Shoe Co. v. Washington, 326 U.S. 310 (1945). However, Defendant does not dispute the fact that she was personally served with the Complaint while in Florida.  (Dkt. 2). The Supreme Court reaffirmed long standing precedent in Burnham v. Superior Court of California, 495 U.S. 604, 612 (1990), when it held that "personal service upon a physically present defendant sufficed to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there." See also Hagen v. Viney, 169 So. 391 (Fla. 1936); Wolfson v. Wolfson, 455 So. 2d 577, 578 (Fla. 4th DCA 1984).  As Defendant was personally served in Florida and does not allege that such service was the result of trickery or fraud, the Court finds that personal jurisdiction over Defendant exists.

C.    Tortious Interference with an Advantageous Business Relationship

Defendant maintains that Plaintiff has failed to state a cause of action for tortious interference with an advantageous business relationship because he has not and cannot allege facts satisfying the

elements of that claim.[1]  In the Complaint, Plaintiff has alleged that he negotiated on behalf of himself and RTI with a German company, POSPartner G.M.B.H. ("POS") to establish a business relationship in which POS would distribute RTI's software products in Germany.  (Dkt. 12, ¶¶ 19, 26).  Plaintiff alleged that he worked on a commission basis and that he would realize a substantial commission from the business relationship with POS.  (Dkt. 12, ¶ 19).  POS offered to enter into an agreement with Plaintiff, but would do so only if Plaintiff executed a "sect filter" rejecting the technology of L. Ron Hubbard.  (Dkt. 12 ¶¶ 9-14, 21).  According to Plaintiff, POS only required the execution of the "sect filter" because of the interference of Defendant.  (Dkt. 12, ¶ 20).  Plaintiff refused to execute the "sect filter" and POS withdrew its offer (Dkt. 12, ¶ 21), thereby damaging Plaintiff (Dkt. 12, ¶¶ 21, 26).

Plaintiff has not, however, alleged facts indicating that Defendant had knowledge of the business relationship between POS and Plaintiff.  It is not sufficient to allege that Defendant conspired to interfere with the ability of all Scientologists to enter into contracts with businesses, see (Dkt. ¶¶10-15, 26), without alleging Defendant had knowledge of Plaintiff's relationship with POS.  Although the Defendant may not be aware of the specific terms of the contract at issue, the Defendant must know that the business relationship exists.  See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994); Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105 (Fla. 4th DCA 2000).

---

[1]  The elements of tortious interference with a business relationship are (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.  Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 815 (Fla. 1994) (citing Tamiami Trails Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985).

D.    Florida's Deceptive and Unfair Trade Practices Act

Defendant also contends that Plaintiff failed to state a cause of action under the Florida Deceptive and Unfair Trade Practices Act, § 501.204, *Fla. Stat.* That Act establishes a civil cause of action for unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in conducting trade or commerce. The purpose of the statute is to provide protection for "the consuming public at large and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices . . . ." § 501.22(2). The statute includes in its definition of consumer "an individual; . . . firm; association; joint venture; partnership; . . . corporation; or any other group or combination." § 501.203(7). Additionally, the statute expressly provides that "'trade or commerce' means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, where.ever situated. . . ." § 501.203(8). Defendant maintains that Plaintiff failed to state a cause of action under § 501.204 since Plaintiff is not a consumer and Defendant has not engaged in a trade or commerce in violation of the statute.

In the Complaint, Plaintiff, an individual, alleges that he is a consumer as described in § 501.202(7). (Dkt. 12, ¶ 31). He further alleges that he was damaged when Defendant introduced "sect filters" into the United States and Florida to harm his business activities. (Dkt. 12, ¶ 35). According to Plaintiff, the "sect filter"is a three paragraph statement in which the "signer" declares that they do not work with and are not trained in the technologies of L. Ron Hubbard and that they reject such technologies. (Dkt. 12, § 9; Dkt. 12, Ex. A). Viewing the facts in a light most favorable

to Plaintiff, this Court cannot identify any good, service, property or thing of value[2] Defendant provided, offered or distributed in violation of § 501.204.

E.    Civil Rights Claim - 42 U.S.C. § 1985(3)

Finally, Defendant maintains that Plaintiff has not and cannot allege a cause of action under 42 U.S.C. § 1985(3) as a matter of law because Plaintiff has not alleged that a state actor was involved in the conspiracy and that the conspiracy was motivated by racial animus, rather than religious animus. To establish a violation of 42 U.S.C. § 1985(3),[3] Plaintiff must show that: (1) two or more defendants conspired; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) such act injured a person or his property or deprived him of exercising any right or privilege of a citizen of the United States. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

In the Complaint, Plaintiff alleges that Defendant violated 42 U.S.C. § 1985(3) by conspiring to deprive Plaintiff of an opportunity to travel to engage in interstate and international business

---

[2] Section 501.203(9) expressly provides that a thing of value may include "any moneys, donation, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity, or chance of winning."

[3] Section 1985(3) provides, in part:
If two or more persons in any State or Territory conspire . . . for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

because of Plaintiff's religion. (Dkt. 12, ¶¶ 37-43). In <u>Griffin</u>, the Supreme Court clearly explains that § 1985(3) does encompass private action and that no state action is required. 403 U.S. at 96-101. The Court further explained in <u>Griffin</u> that the "language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." 403 U.S. at 102. Courts have concluded that § 1985(3) applies to discrimination based on religious animus. <u>See</u> <u>Volk v. Coler</u>, 845 F.2d 1422, 1338 (7th Cir. 1988); <u>Colombrito v. Kelly</u>, 764 F.2d 122, 130-31 (2d Cir. 1985); <u>Taylor v. Gilmartin</u>, 686 F.2d 1346, 1356-58 (10th Cir. 1982); <u>Ward v. Connor</u>, 657 F.2d 45, 48 (4th Cir. 1981); <u>Marlowe v. Fisher Body</u>, 489 F.2d 1057, 1065 (6th Cir. 1973). Additionally, the Eleventh Circuit stated in <u>Lyes v. City of Rivera Beach, Florida</u>, 166 F.3d 1332, 1336-1338 (11th Cir. 1999), that the scope of § 1985(3) is "broad" and quoted the following language from <u>Volk</u>, 166 F.3d at 1338, with approval: "'[Section] 1985(3) extends beyond conspiracies to discrimination against persons based on race to conspiracies to discriminate against persons based on sex, religion, ethnicity or political loyalty.'" In <u>Lyes</u>, the Court concluded that sex-based conspiracies against women are actionable under § 1985(3). 166 F.3d 1338-1340. Given the broad language of the statute, the interpretation of § 1985(3) by the Supreme Court, the Eleventh Circuit and other circuit courts, the Court finds that Plaintiff has stated a cause of action in Count III of the Complaint. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.    Defendant's Motion to Dismiss Amended Complaint (Dkt. 14) is granted in part and denied in part. Counts I and II are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this Order.

Defendant's motion is denied in all other respects.

2.    Defendant's Motion to Dismiss Amended Complaint for Prolixity and to Strike Jurisdictional Amendments (Dkt. 15) is DENIED.

3.    Defendant's Motion to Suspend Discovery (Dkt. 16) is DENIED.

**DONE AND ORDERED** in chambers this __16th__ day of December, 2000.


JAMES D. WHITTEMORE
United States District Judge


Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

8