# UNITED STATES DISTRICT COURT
## Middle District of Florida

HUBERT HELLER,                           Case No.: 8:00CV-1528-T-27C
        Plaintiff

vs

URSULA CABERTA,
        Defendant

---

## DEFENDANT'S SECOND MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER THE FEDERAL SOVEREIGN IMMUNITIES ACT AND SUPPORTING MEMORANDUM

DEFENDANT, URSULA CABERTA, by and through her undersigned attorney, appears specially for the purposes of seeking dismissal of this action pursuant to the provisions of 28 U.S.C. Section 1603, *et seq.* (the Foreign Sovereign Immunities Act, or FSIA), and for no other purpose, and prays entry of an order dismissing this action and taxing her attorney fees and costs against Plaintiff, and says:

Plaintiff is immune from the jurisdiction of this Court under the provisions of 28 U.S.C. Section 1603, *et seq.* (the Foreign Sovereign Immunities Act, or FSIA).

## MEMORANDUM OF LAW

In his initial complaint, Plaintiff pled a conclusive case for sovereign immunity on behalf of Defendant. Plaintiff stated that Defendant is the head of an anti-cult task force for the government of Hamburg, Germany; [Complaint, paragraph 7] that in her capacity as head of the anti-cult task force, she promulgated certain anti-Scientology measures;

[paragraph 8] that among the anti-Scientology measures promulgated by Defendant in connection with her office was a "sect filter;" [paragraph 9] and that Plaintiff was injured as a result of the promulgation of the "sect filter" [paragraphs 17-19 and 20-27].

Rather brazenly, Plaintiff alleged in his Amended Complaints that Defendant was "sued as an individual for acts she claimed to have undertaken in an official capacity, but which were undertaken outside the scope of her official duties, and which were illegal . . . " and alternatively that she was sued for acts which, if in the scope of her official duties, were "tortious commercial acts." [Second Amended Complaint, paragraph 2] No new facts were offered to refute the plain allegation of the initial complaint that Defendant acted at all material times within the scope of her official duties.

Plaintiff has otherwise admitted that Defendant's acts regarding the Scientology organization and its adherents were acts taken within her capacity as an officer of the government of Hamburg, Germany. On July 17, 2000, Kendrick Moxon wrote to Senator Hartmuth Wrocklage of the Hamburg Ministry of the Interior the he was aware that the Senator's "subordinate, Ursula Caberta, intends to come to the United States to the State of Florida and to there act in coordination with an anti-religious hate group named the Lisa McPherson Trust , Inc., and persons associated with that organization, *to seek to derogate the Church* [sic] *of Scientology and its members.* * * * The sort of hatred purveyed by Ms. Caberta in Germany is not tolerated in the United States. Ms. Caberta's conduct in the United States will therefore be closely monitored. *In the event she is involved in the violation of the civil rights of any members of the Church* [sic], *or if she*

*acts in concert with others violating the rights of members of the Church* [sic], **we shall view her activities as being undertaken on behalf of the City of Hamburg** ...." Exhibit A, Moxon Letter of July 17, 2000. [e.s.]

On the following day Mr. Moxon wrote to Senator Wrockledge supplementing Moxon's July 17 letter "regarding the activities of *your employee*, Ursula Caberta. * * * As noted in our prior correspondence, *her acts in the United States must be construed as official acts of your government.* Moreover, Ms. Caberta is publicly promoted by the Lisa McPherson Trust, Inc. as appearing in an official capacity for your city. *We shall therefore assume that she can accept service of a summons and complaint in the United States.*" Exhibit B, Moxon Letter of July 18, 2000. [e.s.]

Thereafter (and in remarkably short order) Plaintiff ginned up and served the original complaint in this action, which was consistent with the unequivocal breast-beating of his attorney to the effect that Defendant's activities concerning Scientology and Scientologists were the acts of the government of Hamburg.

Filed herewith are Defendant's Second Affidavit of Defendant and the affidavit of her supervisor, which establish unequivocally that Defendant's Scientology-related activities are all within the course and scope of her employment by the government of Hamburg, Germany, and are undertaken in furtherance of the policies of that government. It is thus clear that this action is one which seeks to impose civil liability on Defendant for actions allegedly taken by her on behalf of the foreign government which employs her.

Defendant's initial affidavit negates by competent evidence the allegations of the Second Amended Complaint that she has any business dealings in the United States, or has any business or financial connection with the Lisa McPherson Trust or Robert Minton except as described therein.

28 USC Section 1604 provides that foreign states are immune from the jurisdiction of the courts of the United States except as otherwise specifically provided. 28 USC Section 1603 defines "foreign state" to include "agencies or instrumentalities of a foreign state" and "a political subdivision of a foreign state." Hamburg, a subdivision of the German Republic, is a "foreign state." Individuals acting in their capacities as employees of a foreign state are considered "agencies or instrumentalities of a foreign state;" under 28 USC Section 1603(b). *Junquist vs Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C. Cir. 1997). See also *El-Fadl v. Central Bank of Jordan,* 75 F.3d 668, 671 (D.C. Cir. 1996); Chuidian v. Philippine Nat. Bank, 912 F.2d 1095, 1099-1103 (9th Cir. 1990).

Because Plaintiff's pre-filing correspondence, his initial complaint[1] and the attached affidavits establish that Defendant acted at all material times in her capacity as an official of the government of Hamburg, Defendant is immune from the jurisdiction of this Court under the FSIA.

Procedurally, the burden is at this point on Plaintiff to demonstrate by competent

---

[1] The initial complaint is an admission of fact by Defendant. *Andrews vs Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989).

evidence that sovereign immunity does not attach to the acts Defendant is alleged to have committed; that is, that the actions complained of were not within the course and scope of her employment. The inquiry is not the conventional "four corners" inquiry made on motions to dismiss which do not implicate the jurisdiction of the Court. *Meadows vs Dominican Republic*, 817 F.2d 517, 522 *et seq.* (9th Cir. 1987); *Kline vs Kaneko*, 685 F.Supp 386 (D.C.S.D.N.Y. 1988). Because of this requirement, Plaintiff's unsworn complaint is insufficient to defeat the affidavits filed in this action, and even were the complaint sworn, it would be unavailing because it is conclusory, and does not recite facts within the knowledge of the declarant.

In the face of the affidavits filed on behalf of Defendant herein, it is obvious that the intent of Plaintiff is to cause this Court to enter judgment based on the acts of a foreign sovereign, which is impermissible under the FSIA and general principals of international law. For example, Plaintiff seeks injunctive relief against, among other things, the distribution of the Hubbard Declaration. Distribution of the Hubbard Declaration is one of Defendant's duties as an official of the government of Hamburg. Consequently, the Court is asked not only to assess damages against a foreign sovereign for actions taken in furtherance of its policy determination that Scientology is a dangerous totalitarian enterprise, but to order that the foreign sovereign cease acting on its policies.

The conclusory argument of the Second Amended Complaint that Defendant's actions, if taken within the course and scope of her position, were non-immune commercial acts is unavailing. The activities described are manifestly regulatory in

nature, and are not in themselves commercial activities.

Commercial activities are defined under the FSIA as "Either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 USC Section 1603(d). "[A] state engages in commercial activity 'where it exercises only those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns. Put differently, a foreign state engages in commercial activity ... only where it acts in the manner of a private player within the market.'" *Honduras Aircraft Registry vs Honduras*, 129 F3d 543 (11th Cir. 1997), quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 351, 113 S. Ct. 1471, 1474, 123 L. Ed. 2d 47 (1993). The actions attributed to Defendant are clearly regulatory and therefore governmental in nature. The purpose alleged, the suppression and embarrassment of Scientology and its exponents, is within the scope of the governmental mandate to protect itself and its individual and corporate citizens from an entity that government has deemed pernicious and dangerous. Even if Defendant's actions were violative of German or international law, the exclusive nature of the grant of jurisdiction under the FSIA would forbid any effort to bring Defendant before this Court.

For the foregoing reasons, Defendant prays entry of a judgment dismissing this action with prejudice, and/or granting such other, lesser, greater, or further relief as the

Court may deem appropriate.

*[signature]*
JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esq., 911 Chestnut Street, Clearwater, Florida 33756 and K. Moxon, Esq., 1100 Cleveland Street - Suite 900, Clearwater, Florida 33755 by United States mail this ___ day of January, 2001.

*[signature]*
John M. Merrett

**EXHIBIT A**

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-8230
TELECOPIER: (727) 443-8243

July 17, 2000

Hartmuth Wrocklage
Senator, Hamburg Ministry of Interior
Johanniswall 4
20095 Hamburg
Germany

Re: Ursula Caberta

Dear Mr. Wrocklage:

I am legal counsel to the Church of Scientology, Flag Service Organization. I am informed that your subordinate, Ursula Caberta, intends to come to the United States to the State of Florida, and to there act in coordination with an anti-religious hate group named the Lisa McPherson Trust, Inc., and persons associated with that organization, to derogate and seek to damage the Church of Scientology and its members.

We intend to interrogate Ms. Caberta under oath when she comes to the United States with respect to the litigation in which this group has improperly invested through its owner, Robert Minton. We shall subpoena Ms. Caberta when she arrives if necessary, unless you will agree in advance to accept service of legal process requiring her to appear for testimony in Florida.

Finally, please be advised that the United States is a land of religious freedom, and that civil and human rights of all persons are guaranteed by state law, federal law and the United States Constitution. The sort of hatred purveyed by Ms. Caberta in Germany is not tolerated in the United States. Ms. Caberta's conduct in the United States will therefore be closely monitored. In the event that she is involved in the violation of the civil rights of any members of the Church, or if she acts in concert with others violating the rights of members of the Church, we shall view her activities as being undertaken on behalf of the City of Hamburg and may seek to hold both Ms.

July 17, 2000
Page 2

Caberta and the City of Hamburg legally and financially responsible.

Sincerely,

Kendrick L. Moxon

KLM:jj

GESAMT SEITEN 06

**EXHIBIT B**

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5400
TELECOPIER: (727) 443-5040

OF COUNSEL

JEANNE M. GAVIGAN

July 18, 2000

Hartmuth Wrocklage
Senator, Hamburg Ministry of Interior
Johanniswall 4
20095 Hamburg
Germany

Re: Ursula Caberta

Dear Mr. Wrocklage:

This supplements my letter of July 17, 2000, regarding the activities of your employee, Ursula Caberta.

Today, a message was posted to a newsgroup on the Internet by one Stacy Brooks, the president of the anti-religious hate group Lisa McPherson Trust, Inc., that indeed, Ms. Caberta is appearing in Florida on July 25 at the offices of such organization to make inflammatory statements regarding the Scientology religion.

As noted in our prior correspondence, her acts in the United States must be construed as official acts of your government. Moreover, Ms. Caberta is publicly promoted by the Lisa McPherson Trust, Inc., as appearing in an official capacity for your city. We shall therefore assume that she can accept service of a summons and complaint in the United States.

Sincerely,

Kendrick L. Moxon