# UNITED STATES DISTRICT COURT
## Middle District of Florida

HUBERT HELLER,

          Plaintiff

Case No.: 8:00CV-1528-T-27C

vs

URSULA CABERTA,

          Defendant

___

## DEFENDANT'S MOTION TO SUSPEND DISCOVERY

DEFENDANT, through her undersigned attorney, prays entry of an order suspending discovery in this action pending resolution of her Second Motion to Dismiss, and says:

1. She has filed a Motion to Dismiss the Second Amended Complaint in this action based upon immunity under the FSIA, 28 U.S.C. § 1602, et seq.

2. It is inappropriate for discovery to proceed while the issue of jurisdiction under the FSIA is decided.

### Memorandum

Defendant has filed an additional affidavit of her own, along with the affidavit of one of her superiors in the government of Hamburg, establishing the proposition that the activities attributed to her in the Second Amended Complaint are governmental activities for which she is entitled to immunity.

Immunity under the FSIA is " immunity not only from liability, but from the burdens of litigation as well. * * * [It] is an immunity from the burdens of becoming

-1-

involved in any part of the litigation process, from pretrial wrangling to trial itself." *Kelly vs Syria Shell Petroleum Development, B.V.*, 213 F.3d 841, 847 (5th Cir. 2000) It "is immunity . . . from the costs, in time and expense, and other disruptions attendant to litigation." *Id.*, 849.

It is appropriate for a court to stay or suspend discovery in an action pending resolution of jurisdictional issues, particularly when discovery is not likely to be useful in elucidating the essential jurisdictional facts. *Dynamic Image Technologies, Inc. vs U.S.*, 221 F.3d 34 (1st Dist. 2000); *Noonan v. Winston Co.*, 135 F.3d 85, 94 (1st Cir. 1998) Until threshold questions of immunity are settled in a suit against a public official, unrestricted discovery should not be permitted. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982) (US official).

For the foregoing reasons, Plaintiff prays entry of an order as hereinabove described.

/s/ John M. Merrett
JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esq., 911 Chestnut Street, Clearwater, Florida 33756 and K. Moxon, Esq., 1100 Cleveland Street - Suite 900, Clearwater, Florida 33755 by United States mail this 22 day of January, 2001.

/s/ John M. Merrett
John M. Merrett

-2-

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

HUBERT HELLER,
                Plaintiff,      Case No.: 8:00-CV-1528-T-27C

vs

URSULA CABERTA,
                Defendant.

## SECOND AFFIDAVIT OF URSULA CABERTA

COMES NOW Ursula Caberta, appearing for the purpose of contesting jurisdiction and seeking dismissal of this action and no other, and says:

1. She is the named defendant in the above-styled action.

2. She is a citizen and resident of Germany, and an employee of the government of Hamburg, Germany.

3. Her duties as an employee of the government of Hamburg, Germany are focused on the protection of legitimate businesses and other lawful entities from infiltration or other attack by Scientology and Scientologists, and her duties include

    A) the development and distribution of the Hubbard Declaration[1]; and

    B) the distribution of information concerning the character, nature, and activities of Scientology, which is not recognized as a religion in Germany, but is characterized as a totalitarian political and/or profitmaking enterprise.

4. All her activity concerning the Hubbard Declaration, including development and distribution of the Declaration, has been in her capacity as an employee of the

---

[1] This is the document described by Plaintiff as a "sect filter."

government of Hamburg, Germany, and has been within the course, scope and authority of her employment by the government of Hamburg, Germany.

5. All her activity, communication and pronouncements concerning Scientology and Scientologists, directed to businesses and other entities headquartered in or doing business in Germany, including the dissemination of the Hubbard Declaration, has been within the course, scope and authority of her employment of the government of Hamburg, Germany.

_____
URSULA CABERTA

BEFORE ME, the undersigned authority, personally appeared URSULA CABERTA, who presented _Personalausweis_ and _Dienstausweis Nr. 701_ _Nr. 1320575827_ as identification, and who did take an oath and said that the foregoing statements true and correct.

_Volker Wriek, Amtsdirektor_
OFFICER ADMINISTERING OATH

Freie und Hansestadt Hamburg
Behörde für Inneres
Amt für Innere Verwaltung und Planung
Johanniswall 4, 20095 Hamburg



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

HUBERT HELLER,

        Plaintiff,    Case No.: 8:00-CV-1528-T-27C

vs

URSULA CABERTA,

        Defendant.

---

AFFIDAVIT

    COMES NOW ___WiLLi Bc:ß___, and says:

    1. I am an employee and an official of the government of Hamburg, Germany.

    2. Ursula Caberta is employed under my supervision by the government of Hamburg, Germany.

    3. Ursula Caberta's duties as an employee of the government of Hamburg, Germany are focused on the protection of legitimate businesses and other lawful entities from infiltration or other attack by Scientology and Scientologists, and her duties include

        A) the development and distribution of the Hubbard Declaration; and

        B) the distribution of information concerning the character, nature, and activities of Scientology, which is not recognized as a religion in Germany, but is characterized as a totalitarian political and/or profitmaking

enterprise.

4. Ursula Caberta's activity concerning the Hubbard Declaration, including development and distribution of the Declaration, has been in her capacity as an employee of the government of Hamburg, Germany, and has been within the course, scope and authority of her employment of the government of Hamburg, Germany.

5. Activities including but not limited to communication and pronouncements concerning Scientology and Scientologists, directed to businesses and other entities headquartered in or doing business in Germany, including the dissemination of the Hubbard Declaration, is within the course, scope and authority of Ursula Caberta's employment by the government of Hamburg, Germany.

6. It is Ursula Caberta's job with the government of Hamburg to disseminate to businesses and other entities headquartered in or operating in Germany information concerning the following aspects of Scientology, which have been determined by the government of Hamburg, Germany to be accurate:

A) Scientology is not a religion;

B) Scientology is an organization which seeks and obtains control over the minds of its adherents;

C) Members of the Scientology organization have been repeatedly convicted of criminal activity, for example, in Germany, France and the United States (U.S. v Mary Sue Hubbard).

7. It is Ursula Caberta's job with the government of Hamburg, Germany to

make the Hubbard Declaration available to businesses and other entities headquartered in or operating in Germany.

8. It is Ursula Caberta's job with the government of Hamburg, Germany to take such other actions as appear to her to be necessary to assist businesses and other entities headquartered in or operating in Germany to avoiding infiltration of themselves or harm to their employees by Scientology or Scientologists.

_____
SIGNATURE OF AFFIANT

BEFORE ME, the undersigned authority, personally appeared _Leitender Regierungsdirektor Willi Beiß_ who presented _Identity Card, Nr. 25 130 766 4878_ as identification, and who did take an oath and said that the foregoing statements true and correct.

_Volker Schick, Senobdirektor_
OFFICER ADMINISTERING OATH

**Freie und Hansestadt Hamburg**
**Behörde für Inneres**
Amt für Innere Verwaltung und Planung
Johanniswall 4, 20095 Hamburg