IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

    Plaintiff,

v.                               Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

    Defendant.
_____/

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUSPEND DISCOVERY; COUNTER MOTION TO COMPEL

## I - INTRODUCTION

For the second time, defendant Ursula Caberta has filed a motion to suspend discovery pending resolution of another motion to dismiss. This Court has already denied the previous motion.

Defendant's sole argument is that discovery must be suspended when a motion to dismiss on jurisdictional grounds is pending. The *only issue* raised in the Second Motion to Dismiss – addressing the Second Amended Complaint – is that of Ms. Caberta's alleged immunity under the Foreign Sovereign Immunities Act ("FSIA"). However, this issue has already been decided against defendant as to the First Amended Complaint, and the Second Amended Complaint makes no substantive amendments to the FSIA issues.

Thus, while nothing has changed, defendant has re-filed essentially the same

motion to dismiss. But now defendant has added affidavits, thus effectively converting the motion to one for summary judgment (if it is to be considered at all), then refusing to permit cross-examination of these affidavits through depositions and document production and further refusing to comply with the Court's order lifting the stay on discovery.

Moreover, the authorities cited in defendant's second motion to stay discovery do not assist her. As set forth below, the 11th Circuit and every other circuit holds that jurisdictional discovery is appropriate where a defendant raises a jurisdictional defense to the complaint – particularly when disputed facts are asserted and disputed evidence is submitted by a defendant in support of the motion, as has been done here. Indeed, many circuit courts have held that denial of jurisdictional discovery to challenge a defendant's factual assertions constitutes an abuse of discretion warranting reversal.

Ms. Caberta is now merely stalling. Plaintiff accordingly requests an order compelling defendant to submit to reasonable discovery within a reasonable time.

## II – STATEMENT OF FACTS

As set forth in the Second Amended Complaint ("complaint"), plaintiff, Hubert Heller, has been injured by the intentional acts of defendant, Ursula Caberta, by interference with his software distribution business activities. The complaint alleges that Ms. Caberta's conduct arose out of her biased "anti-Scientology" activities and prejudices targeting persons who conduct business in Germany and in Florida, solely because they are members of the Scientology religion. Ms. Caberta asserted lack of jurisdiction as a primary defense; thus, in October of 2000, discovery was propounded to defendant and to co-conspirators living in Florida, Robert Minton and LMT, Inc., addressing almost entirely, jurisdictional issues.

This Court stayed discovery pending ruling on defendant's first Motion to Dismiss;

thus, the depositions and document requests were held in abeyance. After this Court's ruling denying the motion to dismiss and vacating the stay on discovery on (December 16, 2000), counsel for plaintiff attempted informally to re-schedule the discovery and acquire responses to written discovery. As has been Ms. Caberta's counsel's practice, such informal efforts were ignored. Defendant thereafter filed the cursory second motion to suspend discovery pending ruling on the repetitive second motion to dismiss, which raises no new arguments.

### III – DISCOVERY IS PERMITTED AT THIS STAGE OF THE LITIGATION

No authorities prohibit discovery where an initial determination has been made that the Court has jurisdiction over the defendant and the issue of immunity has been determined at the pleading stage. Indeed, where a dispute of *facts* regarding jurisdiction in an FSIA case is pending, discovery is uniformly permitted *at least* as to the jurisdictional facts. As noted by the Second Circuit in reversing a dismissal of an FSIA case and remanding for discovery:

> Plaintiff first contends that her complaint should not have been dismissed without giving her an opportunity to obtain discovery. The USSR contends, on the other hand, that if the court lacks jurisdiction over it, it cannot be subjected to discovery. The answer is that generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n. 13, 98 S.Ct. 2380, 2389 & n. 13, 57 L.Ed.2d 253 (1978). That principle will govern proceedings in the district court on remand.

*Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2nd Cir. 1990).

The Ninth Circuit has followed this reasoning, in reversing dismissal of a district court which did not permit discovery:

3

> To the extent that the jurisdictional facts are disputed on remand, the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed. *See America West*, 877 F.2d at 801 ("[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."); see also *Santos v. Compagnie Nationale Air France*, 934 F.2d 890, 892 n. 2 (7th Cir.1991); *Filus v. LOT Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990).
>
> Because we are remanding to the district court for a more complete investigation of the jurisdictional basis for the Sidermans' expropriation claims, we vacate the district court's judgment dismissing those claims on the basis of the act of state doctrine.

*Siderman de Blake v. Republic of Argentina*, 965 F.2d 699 (9th Cir. 1992).

Indeed, the sole FSIA authority cited by defendant, *Kelly v. Syria Shell Petroleum Development, B.V.*, 213 F.3d 841 (5th Cir. 2000), also follows the general rule, that while "unlimited jurisdictional discovery is not permitted as a matter of course," it should be ordered to verify allegations of facts crucial to an immunity determination, *id.*, at 849, and noting that normally before ruling on a motion to dismiss, "an opportunity for discovery is required." While upholding the dismissal in that case, the Court, however, based the ruling on the plaintiff's failure to take advantage of "the ample opportunity to conduct discovery" it was afforded, and declined to reverse, in part, upon that basis, *id.*, at 855, as well as finding that under the facts of that case, the discovery sought could not have added any significant facts to the jurisdictional issues presented. *Id.*, at 856.

Defendant's other authorities have nothing to do with FSIA issues. Defendant cites two First Circuit cases for the proposition that "[i]t is appropriate for a court to stay or suspend discovery in an action pending resolution of jurisdictional issues, particularly when discovery is not likely to be useful in elucidating the essential jurisdictional facts." *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34 (1st Cir. 2000); *Noonan v. Winston*

4

*Co.*, 135 F.3d 85, 94 (1st Cir. 1998). The first part of defendant's argument is quite inaccurate as it is only the second part of the argument (that discovery is not useful) that is substantively addressed in these cases.

*Dynamic Image* was a Federal Tort Claims Act case against Postal Service workers. There, the plaintiff had failed to oppose the defendants' motion to stay discovery in the district court, and the Court found that the issue was accordingly raised too late on appeal. 221 F.3d at 38. The Court also stated that the plaintiff/appellant never explained how, if the discovery were allowed, it would bear upon the jurisdictional issue presented. 221 F.3d at 39.

In *Noonan*, a defamation case against several domestic and foreign companies, which also did not raise any FSIA issues, the plaintiff did undertake discovery as to some of the defendants. However, in denying *additional* discovery as to some other defendants before dismissing the action on jurisdictional grounds, the Court found the additional discovery sought to be irrelevant, as it sought information on an issue already adjudicated against the plaintiff and thus "would not assist plaintiff's cause." 135 F.3d at 94.

The sole remaining authority cited by Ms. Caberta, *Harlow v. Fitzgerald*, 457, U.S. 800, 102 S.Ct. 2727 (1982), is equally inapposite to the circumstances of this case. *Harlow* was an unlawful discharge case against President Nixon and several of his aides. There, the Court found that allegations of malice are insufficient to subject high government officials performing discretionary functions to discovery until after the threshold question of immunity is resolved. *Id.,* at 818. *Harlow* is not an FSIA case, and more important, the "threshold" question of immunity has already been resolved in plaintiff Heller's favor, at the motion to dismiss phase in the instant case.

Thus, even if the *Harlow* standard were to be applied – and that is essentially what this Court previously did in staying discovery pending a ruling on the first motion to dismiss herein – there is no basis to suspend discovery *again*, to permit the defendant to delay with a further and nearly identical motion to dismiss, and whose sole basis, in light of the Court's previous ruling, are the new affidavits that Caberta submits. Moreover, this is not a case in which plaintiff is seeking to use discovery in the hopes of uncovering some fact to counter a properly pled defense of sovereign immunity. This Court has already ruled that, on the pleadings, and Ms. Caberta's previous affidavit, FSIA immunity is *not* applicable.

Ms. Caberta also ignores unequivocal rulings of the Supreme Court and every circuit, which were brought to defendant's attention earlier in this case, which require that jurisdictional discovery generally be permitted. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n.13, 57 L.Ed.2d 253 (1978) ("discovery is available to ascertain the facts bearing on [jurisdictional] issues"); *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987) (denial of opportunity for discovery on issue of personal jurisdiction required reversal); *Fraley v. Chesapeake & Ohio Railway Co.*, 397 F.2d 1(3rd Cir. 1968); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir.1966) (vacating district court's dismissal for lack of personal jurisdiction; diligent plaintiff entitled to "reasonably necessary" discovery in attempting to establish jurisdiction); *Wells Fargo & Company v. Wells Fargo Express Company*, 556 F.2d 406 (9th Cir. 1977).

The Eleventh Circuit has also addressed the issue, finding a right to discovery where jurisdiction defenses are raised. *Eaton v. Dorchester Development, Inc.*, 692 F.2d

727, 729-31 (11th Cir.1982) (reversing district court's dismissal for lack of subject matter jurisdiction and remanding for discovery on jurisdictional facts because "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction"). The Eleventh Circuit has recently referred to this as a "qualified right to conduct jurisdictional discovery," which is activated by the timely promulgation of discovery relating to relevant jurisdictional issues. *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999).

The entitlement to discovery is even greater here than in the run-of-the-mill circumstance of a jurisdictional challenge, as Ms. Caberta has now filed two affidavits, which in conclusory fashion, assert that her activities were undertaken on behalf of the City of Hamburg. Such filing effectively converts the motion to dismiss into a summary judgment motion, whereby Ms. Caberta asserts facts she seeks to be determined by the Court, and at the same time seeks to preclude plaintiff from cross examining these conclusory affidavits. The filing of these affidavits reasonably *requires* that plaintiff be permitted discovery as to the assertions therein, as the Court may not rely only on the affidavits of the defendant to determine lack of jurisdiction. *Fraley v. Chesapeake & Ohio Railway Co.*, 397 F.2d 1, 9 (3rd Cir. 1968); *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980).

## IV - CONCLUSION

For the foregoing reasons, defendant's second motion to suspend discovery should be denied, and defendant ordered to cooperate in reasonable discovery, in accordance with

the proposed order submitted herewith.

Dated: February 1, 2001

Respectfully submitted,

Kendrick Moxon
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

Attorneys for Plaintiff
HUBERT HELLER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUSPEND DISCOVERY; COUNTER MOTION TO COMPEL** to be served on this 1st day of February, 2001, by U.S. Mail to the below Service List.

_____
Attorney

## SERVICE LIST

John Merrett
2716 Herschel St.
Jacksonville, FL 32205
**Attorney for Ursula Caberta**