UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

01 FEB 16 AM 10: 01

CLERK, U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**HUBERT HELLER,**

    **Plaintiff,**

vs.              Case No. 8:00-CV-1528-T-27EAJ

**URSULA CABERTA,**

    **Defendant.**
_____/

## ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS

  **THIS CAUSE** came on to be considered on Defendant's Second Motion to Dismiss for Lack of Jurisdiction Under the Federal Sovereign Immunities Act (Dkt. 42). The Court having reviewed said motion and being otherwise fully advised in the premises, finds as follows:

  Plaintiff has filed a Second Amended Complaint ("Complaint") (Dkt. 40) asserting causes of action for tortious interference with advantageous business relationships (Count I), unfair and deceptive trade practices (Count II), conspiracy to deprive Plaintiff of civil rights in violation of 42 U.S.C. § 1985(3) (Count III), and violation of the alien tort claims act, 28 U.S.C. § 1350 (Count IV). Factually, Plaintiff alleges that Defendant is an employee of the City of Hamburg, Germany and is the head of the Hamburg, Germany task force designed to disrupt the business activities, civil rights and human rights of the members of the Scientology religion. (Dkt. 40, ¶¶ 2, 7). Plaintiff alleges that Defendant created, advocates, promotes and disseminates "sect filters" or "Hubbard Declarations" that require individuals and companies to declare in writing:

  (1) That they do not use the technology of L. Ron Hubbard;
  (2) That they are not trained and do not participate in the technology of L. Ron Hubbard; and

(3) That they reject the technology of L. Ron Hubbard.

(Dkt. 40, ¶ 9). Plaintiff further alleges that in creating and disseminating the "sect filters," Defendant acted outside the scope of her lawful authority as an employee of the City of Hamburg, Germany and "persecuted members of the Scientology religion" interfered with Defendant's established advantageous business relationships and utilized unfair trade practices. (Dkt. 40, ¶¶ 23-26, 35).

Defendant moved to dismiss the Complaint on the grounds that since she acted in her official capacity when creating and disseminating the "sect filters" or "Hubbard Declaration," she is immune from suit under the Federal Sovereign Immunities Act, 28 U.S.C. § 1603, *et seq*. and that no exception to sovereign immunity applies. (Dkt. 42).

The Federal Sovereign Immunities Act ("FSIA") is the exclusive source of subject matter jurisdiction over all civil actions against foreign states. Alejandre v. Telefonica Larga Sistancia De Puerto Rico, Inc., 183 F.3d 1277, 1282 (11th Cir. 1999). Pursuant to the FSIA, an employee of a foreign state who is acting in her official capacity may be immune from suit unless an exception in 28 U.S.C. § 1605 applies. Chuidian v. Philippine National Bank, 912 F.2d 1095 (9th Cir. 1990).

When a Plaintiff asserts facts suggesting that an exception to the FSIA applies, the Defendant bears the burden of proving by a preponderance of the evidence that no exception applies. Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279 (11th Cir. 1999); Meadows v. Dominican Republic, 817 F.2d 517 (9th Cir. 1987). The Defendant must first produce evidence to establish that a foreign state is named in the lawsuit and that the Plaintiff's claims relate to public acts of the foreign state. Meadows, 817 F.2d at 522; Kline v. Kaneko, 685 F.Supp. 386 (S.D. N.Y. 1988). Once Defendant produces prima facie evidence of immunity, the burden of going forward shifts to the Plaintiff to produce evidence establishing that the foreign state is not entitled to immunity.

2

Meadows, 817 F.2d at 522.

Courts considering motions to dismiss are usually confined to reviewing the four corners of the complaint. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). However, when a movant factually attacks the complaint and challenges the existence of subject matter jurisdiction, the district judge may rely on affidavits as well as the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990); Kline, 685 F.Supp. at 389. The district court must accept the facts alleged in the complaint as true to the extent that they are uncontroverted by the defendant's affidavits. Cable/Home Communication Corp., 902 F.2d at 855. When the evidence conflicts, the district court must itself evaluate the merits of the jurisdictional claims. Lawrence, 919 F.2d at 1529.

Here, Defendant alleges in her affidavit that she acted in her official capacity as an employee of the government of Hamburg, Germany when she disseminated the "Hubbard Declaration." (Dkt. 43, pgs. 3-4). Defendant's employer has also submitted an affidavit stating that Defendant's actions in developing and distributing the "Hubbard Declaration" were performed as part of her job responsibilities in her capacity as an employee of the government of Hamburg, Germany. (Dkt. 43, pgs. 5-6).

Plaintiff alleges in response that Defendant was acting outside the scope of her employment with the government of Hamburg, Germany. (Dkt. 40, ¶ 2). Plaintiff has submitted an affidavit from Alexander Petz, an attorney practicing in the Federal Republic of Germany, to support his arguments. (Dkt. 45, Ex. A). According to Mr. Petz, "Caberta's conduct appears to violate several provisions of the [German] Basic Law," (Dkt. 45, Ex. A, ¶ 7), and that "she has thereby violated . . . her vowed obligation towards her employer," (Dkt. 45, Ex. A, ¶ 8). According to Mr. Petz, Scientology is a

3

recognized religion, (Dkt. 45, Ex. A, ¶¶ 11, 12), that is protected from persecution, (Dkt. 45, Ex. A, ¶ 7). These averments do not relate to Defendant's employment, her responsibilities in that employment, or whether her dissemination of the "sect filters" or "Hubbard Declaration" constituted a public act on behalf of the government of Hamburg, Germany.

Plaintiff asserts in his pleadings that additional discovery on the FSIA issue is required before he can introduce evidence supporting his contentions that Defendant acted outside the scope of her employment. (Dkt. 45, pgs. 5-7). The Eleventh Circuit has held that a case should not be dismissed for lack of jurisdiction when a plaintiff contends that through discovery he could obtain facts establishing jurisdiction. Colonial Pipeline Co. v. Collins, 921 F.2d 1237 (11th Cir. 1991); Majd-Pour v. Georgiana Community Hospital, Inc., 724 F.2d 901 (11th Cir. 1984); see also Coca-Cola Foods v. Empresa Comercial Internacional de Frutas S.A., 1997 WL 370121 (M.D. Fla. 1997). Given Plaintiff's arguments that by conducting additional discovery he will be able to establish that FSIA immunity does not apply to Defendant and that this Court has jurisdiction, this Court will deny Defendant's Motion to Dismiss. However, Defendant need not respond to the Complaint at this time.

Plaintiff may conduct limited discovery for a period of 90 days from the date of this Order to discover evidence supporting this Court's exercise of jurisdiction over Defendant. This discovery shall be limited to the FSIA issue. Not later than 115 days from the date of this Order, unless that period is extended for good cause, Defendant shall renew its motion to dismiss or respond to the Complaint. Both parties are advised to be cognizant of the provisions of Fed. R. Civ. P. 11 and to refrain from filing any pleadings that are unmeritorious and unsupported by law or fact. See Majd-Pour, 724 F.2d at 903.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's Second Motion to Dismiss for Lack of Jurisdiction Under the Federal Sovereign Immunities Act (Dkt. 42) is DENIED without prejudice.

2. Defendant's Motion to Suspend Discovery (Dkt. 43) is DENIED.

3. Plaintiff is permitted to conduct discovery, limited to the FSIA issue and this Court's exercise of jurisdiction over Defendant for a period of 90 days from the date of this Order. Not later than 115 days from the date of this Order, unless the time period is extended for good cause shown, Defendant may renew her motion to dismiss or answer the Complaint, in accordance with the terms of this Order.

**DONE AND ORDERED** in chambers this 15th day of February, 2001.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk