FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION     01 MAR 30 AM 11:18

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HUBERT HELLER,                    :     Case No.: 8:00CV-1528-T-27C
      Plaintiff              :
                             :
vs.                               :
                             :
URSULA CABERTA,                   :
      Defendant              :

## MEMORANDUM IN SUPPORT OF NON-PARTIES ROBERT S. MINTON AND THE LISA McPHERSON TRUSTS' MOTION FOR A PROTECTIVE ORDER TO RESTRICT THE USE OF DEPOSITIONS OF NON-PARTIES TO THIS ACTION ONLY

This is an action in which Plaintiff Hubert Heller has sued a German Government Official for distributing a document, which Plaintiff refers to as a "Sect Filter". Named as **non-party**, "co-conspirators" are Mr. Minton and The Lisa McPherson Trust, Inc.

On February, 15, 2001, this court issued an order to permit the conduct of discovery "limited to the FISA issue and this court's exercise of jurisdiction over Defendant." Non-parties have agreed to make themselves available in Boston for deposition in this matter on April 10 & 11, 2001 pursuant to this Court's order.

The Non-parties seek a narrow and appropriate protective order to prevent discovery disputes and discovery abuse pursuant to Rule 69 as follows:

1. The non-parties' depositions are restricted to use in this case only and they may not be employed in any other legal action, without permission of this court.

2. The deposition will be restricted to "eyes only" viewing by the attorneys in this action and that neither the transcript nor any information gained from this deposition will be shared with anyone.

1



3.  No one other than the deposing attorney will attend the deposition on behalf of the plaintiff.

4.  The transcripts will be sealed by the court reporter for transmission to plaintiff's attorneys' office with a copy of the protective order attached to the sealed envelope.

## FACTUAL BACKGROUND

Plaintiff's attorneys have engaged in a prior documented pattern of misuse of the legal system that has caused the non-parties to seek a reasonable protective order that will allow Plaintiff to conduct the allowed discovery, while allowing the non-parties some degree of protection from abuse of discovery.

It is no secret that the moving non-parties are not looked on favorably by the various corporate entities that compose Scientology, and that a conflict exists between them. Currently, there exists a restraining order between the Lisa McPherson Trust, Mr. Minton and the Scientology organization that is designed to keep the parties at least 10 feet from each other. (Exhibit "B") In fact, it is fair to say that a steadily escalating state of siege exists between Scientology and the moving non-parties who have been variously characterized by Scientology and Plaintiff's attorney as conspirators, apostates and religious bigots.

The moving non-parties contend that the "real party in interest" behind this suit is *not* the nominal plaintiff Hubert Heller, but the Scientology Enterprise acting through Mr. Heller, his attorney, Mr. Moxon, and Mr. Moxon's law firm to carry out Scientology's "Fair Game" policy[1] against Minton and the Lisa McPherson Trust.

---

[1] Scientology's Fair Game policy is contained in HCO Policy Letter of 18 October 1967, Issue IV written by Scientology founder and "source" L. Ron Hubbard: "ENEMY-SP Order. Fair game. May be deprived of property or injured by any means by any Scientologist without any discipline of the Scientologist. May be tricked, sued or lied to or destroyed."

2

To date, Mr. Minton has been deposed three times in three cases over seven days in cases in which either Plaintiff's attorney Moxon or his firm has been involved. In none of those cases is Mr. Minton a party to the action.[2]

To date, the Lisa McPherson Trust, Inc. and/or its employees have been deposed at least five times in two cases over ten days in cases in which either Plaintiff's attorney Moxon or his firm has been involved. In none of those cases is The Lisa McPherson Trust, Inc. a party.[3]

In the United States District Court in Massachusetts the Scientology entity, Religious Technology Center, (RTC), represented by Mr. Moxon's law firm, has moved for contempt citations against Robert Minton after initiating his deposition "in aid of execution" pursuant to Rule 69. The Rule 69 discovery was initiated in *Religious Technology Center v. Grady Ward* USDC for the Northern District of California, Case No. C-96-20207 RMW (EAI)

Religious Technology Center and its attorneys took advantage of the fact that Mr. Minton and his attorneys were not aware of the true status of that case to initiate Rule 69 discovery despite the fact that they knew there was *no judgment on which they could execute.* (Ex's. "C," "D" & "E").

---

Although Scientology claims that the policy of Fair Game was cancelled by HCO Policy letter of 21 October 1968, the policy actually states: "The practice of declaring people FAIR GAME will cease. FAIR GAME may not appear on any Ethics Order. It causes bad public relations.
This P L does not cancel any policy on the treatment or handling of an SP."
Long after the alleged cancellation of Fair Game courts have found the Fair Game policy to still be in existence. See *Wollersheim v. Church of Scientology* (1989) 212 Cal. App. 3d 872, 888 & *Church of Scientology v. Armstrong* (1991) 232 Cal. App.3d 1060, 1067.

[2] *Estate of Lisa McPherson v. Church of Scientology; Janis Johnson; Alain Kartuzinski; David Houghton,* 13th Judicial Circuit, FL, Case No. 97-01235, deposed 1/13/98; 5/18/00 & 5/24/00; *Religious Technology Center v. Ward,* USDC for the Northern District of California, Case No. C-96-20207 RMW (EAI), deposed 9/29/99 & 11/2/00; *In RE Ward,* United States Bankruptcy Court Northern District of California, Case No. 98-51326ASW13, deposed 11/2/00 & 1/16/01.

[3] *Estate of Lisa McPherson v. Church of Scientology; Janis Johnson; Alain Kartuzinski; David Houghton,* 13th Judicial Circuit, FL, Case no. 97-01235, deposed 4/24/00, 11/17/99, 11/18/99, 5/9/00, 5/15/00, 5/17/00, 5/18/00, 6/23/00, 8/11/00; *Religious Technology Center v. Ward,* USDC for the Northern District of California, Case no. C-96-20207 RMW (EAI), deposed 8/3/00.

In this court, RTC took advantage of a similar set of circumstances to "pull the wool over the eyes" of the Lisa McPherson Trust, its attorney and this court to obtain a contempt citation against the Trust in the *Ward* case for having failed to participate in a Rule 69 deposition again despite the fact that there was no judgment to execute on. (Ex. "F")

Mr. Moxon and his firm have a long track record of misusing the legal system including bringing multiple sham lawsuits in the names of members of Scientology when in fact the real party in interest prosecuting the suit is the entity of Scientology.[4]

In *Church of Scientology v. Wollersheim* (1996) 42 Cal. App.4th 628, the court found that the lawsuit being prosecuted by Mr. Moxon and his firm was being pursued "to bludgeon the opposition into submission" for having prevailed in a prior lawsuit.

## ARGUMENT

Non-parties Minton and the Lisa McPherson Trust have ample reason to believe that they are being subjected to Fair Game by Scientology, Mr. Heller and his attorneys. Further, they have ample reason to believe that Scientology and its attorneys are employing the liberality of the discovery process as part of an intelligence gathering operation. By employing arguably colorable claims in various cases to which Minton and the Lisa McPherson Trust are not parties, Scientology, in this instance through Heller and his attorneys, seeks to conduct discovery that they may use later to increase the effectiveness of their campaign of Fair Game.

The requested protective order, to the extent that it is obeyed, will have the effect of at least partially blunting what the non-parties see as a relentless campaign of religious vendetta in which the individual Scientologist member, including Mr. Heller, is merely a pawn.

---

[4] See declaration of Priscilla Coates & Exhibit "A" attached thereto. See in addition, *Hart v. Cult Awareness Network* (1993) 13 Cal. App. 4th 777.

While non-parties anticipated that Plaintiff will respond that this motion is unnecessary and that it is mere evidence of the non-parties religious bigotry, the court should consider that the requested protective order does not in any manner, shape or form, prohibit the Plaintiff from conducting the discovery that this court has allowed.[5]

A Florida State Court has already seen fit to issue an injunction mutually restraining "the Church...and its members, officers, agents servants employees and those persons in actual concert or participation with it" and the moving non-parties from coming "within ten (10) feet" of each other because it is "blatantly evident that the parties hereto cannot peacefully coexist in close proximity to each other." (Ex. "B") Thus, there is ample ground for restricting attendance at the depositions of non-parties, item three of non-parties requested protective order.

With reference to items 1, 2 & 4 of the requested protective order, this protection is necessary in order to assure, as much as is possible, that the deposition is not employed for purposes other than that which the court has allowed.

Plaintiff will suffer absolutely zero prejudice from the issuance of the requested order. Each element of the requested protective order falls within the category of protective orders specifically contemplated by and incorporated into Rule 26 (c). Each and every item that the plaintiffs have sought production of from the non-parties, Ex.'s "G"& "H," are private matters which may be placed under seal "away from public scrutiny" at this stage of the litigation. *Joy v. North* (1982, CA2 Conn) 692 F2d 880. The court has both the power and the duty to fashion an appropriate protective order that enables plaintiff to secure the information plaintiff is entitled to and subjects the moving non-parties to a minimum of public exposure. *Gilbert v. Allied Chemical Corp.* (1976, ED Va) 411 F Supp 505, 21 FR Serv 2d 1120.

---

[5] Non-parties, of course reserve the right to object to any efforts to inquire of non-parties beyond the scope of allowable discovery.

## CONCLUSION

Here, the requested protective order is both appropriate and warranted given the past history of abuse of the legal system and the clear animosity between the parties. Non-parties do not seek to block discovery, but merely to avoid the necessity to interrupt discovery to request protection of the court at a future date. Good cause having been shown, moving non-parties respectfully request that the requested protective be issued by the court.

Dated: March 28, 2001                    Respectfully Submitted,

                                         LEIPOLD, DONOHUE & SHIPE, LLP

                                         By _____
                                         DANIEL A. LEIPOLD
                                         Attorneys for Non-Parties Robert S. Minton and
                                         The Lisa McPherson Trust

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 960-A West Seventeenth Street, Santa Ana, CA 92706.

On **March 29, 2001** I served the foregoing document described as: **MEMORANDUM IN SUPPORT OF NON-PARTIES ROBERT S. MINTON AND THE LISA McPHERSON TRUSTS' MOTION FOR PROTECTIVE ORDER TO RESTRICT THE USE OF DEPOSITIONS OF NON-PARTIES TO THIS ACTION ONLY** on the parties in this action.

[] by placing the true copies thereof enclosed in sealed envelopes addressed as stated in the attached mailing list.

[X] by placing [] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Kendrick Moxon, Esq.
MOXON & KOBRIN
1100 Cleveland Street, Ste. 900
Clearwater, FL  33755

John M. Merrett, Esq.
2716 Hersche Street
Jacksonville, FL  32205

[X] BY FEDERAL EXPRESS

I am readily familiar with the firm's practice of collection and processing correspondence for Federal Express. Under that practice it would be deposited in a Federal Express Drop Box on that same day thereon fully prepaid at Santa Ana, California.

[]   PERSONAL SERVICE

I delivered such envelope by hand to the addressee at the address noted above.

Executed on **March 29, 2001** at Santa Ana, California.

[]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

MICHELE L. DILLARD                         *Michele L. Dillard* (signature)