**UNITED STATES DISTRICT COURT**
Middle District of Florida

FILED

01 APR 13 PM 2:12

HUBERT HELLER,

Plaintiff

Case No. 8:00CV-1528-T-27C

vs

URSULA CABERTA,

Defendant

---

## MOTION FOR PROTECTIVE ORDER, TO VACATE ORDER OF MARCH 29, 2001, OR TO DETERMINE COMPLIANCE, AND FOR SANCTIONS

DEFENDANT, Ursula Caberta, by and through her undersigned attorney, prays

entry of a protective order concerning the taking of discovery from Defendant, an order

vacating the order entered on March 29, 2001, and/or an order determining that

Defendant has complied with the order of March 29, 2001, and imposing sanctions

against plaintiff and/or his counsel, and says:

1. On March 29, 2001, Magistrate Judge Elizabeth Jenkins entered an order

requiring Defendant and Willi Beiss to appear for deposition at a date, time, and place

agreeable to all parties within twenty days of the date of the said order.

2. The said order made note of the fact that Defendant filed nothing in opposition

to Plaintiff's Motion to Compel, and that Plaintiff filed a notice to that effect on March

26, 2001.

3. The Court's order of March 29 was based upon omission and/or

misrepresentation by Plaintiff's counsel of material facts concerning the issues addressed

in the order, to-wit:

a. At the time Plaintiff's Motion to compel was filed, the parties were in the



process of scheduling the deposition of Defendant. Defendant had advised Plaintiff that unless an agreement could be reached concerning the taking of discovery, a motion would be filed by Defendant seeking guidance from the Court. Plaintiff was specifically warned that the cooperation of German authorities might be required in order to proceed, and it was suggested that Plaintiff make use of the normal procedures for the taking of testimony in foreign countries. Exhibit 1, Merrett Letter of March 6 with attachment.

b. In response, Plaintiff drafted his Motion to Compel and on March 6, 2001, Plaintiff's wrote that Defendant could "moot the motion to compel I have filed by agreeing to produce the witnesses, Caberta and Beib [sic], . . . ." Exhibit 2, Moxon Letter of March 6.

c. On March 8, Defendant wrote to Plaintiff, agreeing to produce Defendant in Hamburg Germany on March 20, 2001, subject to whatever limitations might be imposed by the governments of Hamburg and of the German Republic. Defendant advised Plaintiff that, although Defendant has no control over Willi Beiss, defense counsel would make himself available to attend any deposition of Beiss arranged by Plaintiff at or near the date of Defendant's deposition.  Exhibits 3, 4, and 6, Merrett letters of March 8.

d. On March 8, 2001, counsel for Plaintiff wrote "I accept your offer to produce Mrs. Caberta in Hamburg on March 21st." Plaintiff's counsel went on to state that he would notice and attempt to take the deposition of Mr. Beiss on the 20th or the 22d of March. Exhibit 5, Moxon Letter of March 8.  The conclusion of this agreement, as specified in Plaintiff's letter of March 6, (Exhibit 2) mooted the Motion to Compel as to Defendant's deposition. Plaintiff further agreed that the issue of document production

was resolved by the parties' agreement that any available responsive documents would be produced at Defendant's deposition. Exhibit 7, Moxon Letter of March 12.

    e. Plaintiff's counsel failed to advise the Court that counsel had reached agreements mooting the Motion to Compel, despite his representations and his knowledge that Defendant's counsel was in Europe anticipating the scheduled depositions, and was unable to file pleadings with the Court.

    f. On March 9, 2001, counsel for Defendant notified Plaintiff and the Court that he would be traveling and unavailable until March 27, 2001. Exhibit 8, Notice of Unavailability.

    f. During the week of March 12, Plaintiff's counsel was present in Europe.

    g. From March 9, 2001 until March 23, 2001, the undersigned was in Europe, and was with Defendant in Hamburg on March 20, 2001.

    h. On or about March 12, 2001, Plaintiff unilaterally canceled the depositions of Ms. Caberta and Mr. Beiss. Exhibit 7, Moxon Letter of March 12; Exhibit 7A, Merrett Letter of March 20.

    i. Plaintiff's counsel did not notify Defendant of any intent or effort to abrogate the understanding reached between counsel that the Motion to Compel had been mooted, and in fact continued correspondence regarding rescheduling the depositions. Exhibit 9, Moxon Letter of March 19; Exhibit 10, Wittig Memorandum of March 20.

    j. On March 26, 2001, during the period of defense counsel's unavailability, Plaintiff's counsel, knowing that an agreement mooting the Motion to Compel had been reached, and having given no notice to Defendant of any intention to proceed on the

Motion to Compel, filed with the Court a "notice of no opposition" affirmatively and falsely asserting that the issues raised on the Motion were "ripe for adjudication." That Notice was intended to, and apparently did, prompt the Court to enter an order compelling discovery. Exhibit 11, Notice of No-Opposition.

l. After March 20, 2001, it was decided by the government of Hamburg and/or the German Republic that Defendant will not be permitted to give a deposition concerning her duties and activities with the government of Hamburg, including the declaration which is the subject of this action and her or her office's dealings with POSpartner G.M.B.H. She will, however, be permitted to provide evidence in accordance with the procedures laid out in German law and international treaties.

4. Defendant does not have the means to travel to the United States.

5. Defendant has responded to Plaintiff's requests for production of documents. Exhibit 12, Objection to Production; Exhibit 13, Response to Second Request for Production; Exhibit 14, Merrett Letter of April 5.

## Memorandum

Defendant seeks entry of orders, however characterized, which relieve Defendant of any responsibility to appear for a deposition in the United States or to incur any costs or expenses for travel of counsel to Europe for purposes of deposition, and requires Plaintiff to take whatever foreign discovery he seeks, if any is permitted, using the procedures established by law for the taking of evidence in foreign countries. Those procedures are set forth at 28 U.S.C. Section 1781 and in the annotations to that section in West's *Federal Civil Judicial Procedure and Rules*.

The law is as available to Plaintiff as to Defendant. Defendant specifically alerted Plaintiff to the potential difficulties of informal discovery procedures in an international context, but agreed to cooperate, and did cooperate in Plaintiff's efforts. Plaintiff was clearly on notice that something other than the agreement of the parties might be necessary to engage in the contemplated activities on foreign soil. All failures of the process are the sole responsibility of Plaintiff. Whatever other steps the Court may take in response to the conduct of Plaintiff's counsel, the Court should, at a minimum, enter an order determining that Defendant's discovery obligations concerning the jurisdictional issues were entirely fulfilled when Defendant agreed to, and did make herself available for deposition in Hamburg on March 20.

It appears that Plaintiff's purpose in dealing duplicitously with the Court and counsel for Defendant was to avoid the predictable (and predicted) complications which attended Plaintiff's insistence on deposing Defendant and Mr. Beiss by means of informal agreement rather than proceeding according to established law for such international endeavors. Whatever his motives, the failure of Plaintiff's counsel to inform the Court that his Motion to Compel had been superceded by an agreement between counsel, or to inform opposing counsel that he was pursuing the Motion despite the agreement, is inexcusable. Plaintiff should certainly not be permitted to put Defendant to any expense or inconvenience because of his attorney's dishonesty and lack of foresight. Defendant and her counsel were present and available for the deposition on the appointed date, subject to the potential limitations of which Plaintiff had been advised. Plaintiff concluded an agreement regarding discovery, declined to exercise the discovery rights

afforded by the agreement, and then, by chicanery, secured a court order providing discovery on terms more favorable than those provided by the agreement or by law. Plaintiff's counsel represented that no opposition had been made to the Motion to Compel, but misled the Court by omitting the facts that 1) the lack of opposition was due to the parties' resolution of the dispute by agreement, and 2) Plaintiff had unilaterally elected not to proceed in accordance with the agreement. The Court was duped.

Defendant further seeks imposition of sanctions as deemed appropriate by the Court, including but not limited to taxation of fees and costs, a prohibition on further discovery from Defendant, or dismissal of the action. Counsel for Plaintiff engaged in an appallingly dishonest maneuver. That conduct should not go unpunished, and certainly, Defendant and her counsel should be put to no expense or inconvenience in proceeding further. If the Court deems dismissal too harsh a sanction, a prohibition on further discovery from Defendant would not prohibit Plaintiff from responding to the immunity argument, because Plaintiff is conclusively presumed to possess "evidentiary support" for the jurisdictional allegations of the current operative complaint. Rule 11(b)(3), F.R.Civ.P. Plaintiff can rely for opposition to the Motion to Dismiss on the evidence upon which he based his complaint.

In summary, Plaintiff filed his Motion to Compel in bad faith, while efforts to coordinate depositions overseas were under way; he entered into an agreement which mooted the Motion to Compel, but failed to advise the Court of that agreement; he unilaterally abrogated the agreement, and then falsely represented to the Court that the Motion to Compel was viable and "ripe for adjudication." By this duplicity he secured an

order which relieves him of the consequences of his own lack of foresight, and places

Plaintiff in a position more advantageous than that to which he had agreed. Having

induced such a ruling from the Court, Plaintiff has unilaterally noticed Defendant's

deposition for April 16th in Florida. Defendant should be protected, and Plaintiff should

be punished.

JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

    I hereby certify that a copy of the foregoing was furnished, without attachments, to F.W. Pope and K.L. Moxon by facsimile transmission, and with attachments by US Mail, this 13th day of April, 2001.

John M. Merrett

EXHIBIT 1

# John M. Merrett
## Attorney & Counselor at Law

March 6, 2001

**VIA FACSIMILE:  727.443.5640**

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

      RE:   *Heller v. Caberta*

Dear Mr. Moxon:

      Herewith please find a motion which I intend to file tomorrow if I do not receive a
suitable written response from you by 10:00 a.m.  You see the problem, of which you
were aware as a result of your involvement in the deposition of Defendant in the
Scientology death case.  I have no objection to your proceeding in accordance with the
procedure established by international law for the formulation, transmission, and
propounding of discovery inquiries; alternatively, I am agreeable to you proceeding by
whatever means you deem appropriate to secure the agreement of my client's employer to
the depositions you request.  However, as you know, it is not possible to proceed through
the customary practice of informal coordination of the depositions.

      I look forward to your prompt response.

                        Very truly yours,

                        John M. Merrett
                        (signed in his absence to avoid delay)

Enclosure

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HUBERT HELLER,                                    Case No.: 8:00CV-1528-T-27C

                Plaintiff,

vs

URSULA CABERTA,

                Defendant.

_____

### DEFENDANT'S MOTION TO DETERMINE PROCEDURE

DEFENDANT, through her undersigned attorney, prays entry of an order determining how the parties are to proceed with respect to Plaintiff's proposed depositions of Defendant and her supervisor, and says:

1   Plaintiff has requested and is entitled in the present posture of the case to depose Defendant and her supervisor concerning jurisdictional issues. In making this statement, Defendant does not concede the correctness of this Court's Order allowing discovery.

2.  Defendant and her supervisor are employees of the government of Hamburg, Germany.

3.  The undersigned has spoken by telephone with Defendant regarding scheduling those depositions. Defendant explained to the undersigned that she and her supervisor are not permitted to discuss matters related to their employment without the permission of their government, and that that permission must be sought by transmission of letters, interrogatory or a similar device through the German Diplomatic Corps in the United

or by communication between this Court and the courts or government of Hamburg. A copy of a letter which to some degree explains the limitation on Defendant's and her supervisor's ability to testify is attached as Exhibit 1 to this motion. The undersigned makes no claim of personal familiarity with German law or the procedures for obtaining discovery information from German citizens domiciled in Germany.

4. Upon information and belief, Defendant and her supervisor are prohibited by the law of their State of residence from giving written or oral deposition testimony or from otherwise providing sworn evidence concerning their employment, unless their government grants permission for such disclosure.

5. Defendant has requested the agreement of Plaintiff's counsel to resolve this problem by proceeding under applicable international agreements, and Plaintiff's counsel has not agreed to so proceed.

## Memorandum

Defendant is placed in an untenable situation, and seeks the guidance of the Court regarding the taking of discovery. Obviously, it would be inappropriate for the Court to place Defendant in the position of either breaking the law of the land of her residence or of obeying that law and consequently suffering adverse consequences in the defense of this action.

The undersigned is aware that there are various international conventions, treaties, and procedures governing the obtaining of the sort of information Plaintiff seeks. However, Defendant expects that Plaintiff will not seek evidence through those devices,

but will instead seek to pin Defendant between the Charybdis of American discovery practice and the Scylla of German substantive law.

Accordingly, the assistance of the Court is sought.

EXHIBIT 2

Case 8:00-cv-01528-JDW    Document 63    Filed 04/13/01    Page 14 of 49 PageID 470

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN *
AVA PAQUETTE+

*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

*ALSO ADMITTED IN
CALIFORNIA

+ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M. GAVIGAN+

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

March 6, 2001

**VIA TELEFAX & U.S. MAIL**

John Merrett
2716 Herschel St.
Jacksonville, FL 32205

            Re: *Heller v. Caberta*

Dear Mr. Merrett

        I am in receipt of your letter of today's date. The "appropriate procedure" for
the depositions for the witnesses you have already submitted via affidavit, is to produce
them for cross examination.   You may moot the motion to compel I have filed by
agreeing to produce the witnesses, Caberta and Beib, and by producing the overdue
documents.

                                    Sincerely,

                                    Kendrick L. Moxon

KLM:jj

EXHIBIT 3

# John M. Merrett
## Attorney & Counselor at Law

March 8, 2001

**VIA FACSIMILE: 727.443.5640**

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

      RE:   *Heller v. Caberta*

Dear Mr. Moxon:

      As you know (and as I advised you last week), I have spoken to Ms. Caberta this week regarding scheduling of depositions. I have previously reminded you of the potential difficulties posed by the policies of the German government(s) concerning testimony about her employment-related activities, and of the uncertainties of engaging in what are often regarded as sovereign activities in a foreign country. Her supervisor is not my client, and I am not able to make any representation regarding his availability for or amenability to deposition. I will, however, make reasonable efforts to be available if you are able to arrange his deposition at or about the time reserved for Ms. Caberta's deposition.

      Ms. Caberta will be available for deposition in Hamburg beginning at 9:00 AM local time on Wednesday, March 21.

      You are responsible for selecting and providing a "neutral" place for deposition in Hamburg. You are responsible for all other matters concerning the depositions, including providing a neutral, non-Scientologist translator. You are responsible for confining your inquiries to the jurisdictional issues authorized by the Court. You bear the risk that Ms. Caberta may be prevented by her employer and/or by law from answering some or all your questions. You bear the risk that her supervisor may be prevented by his employer and/or by law from answering some or all your questions, or may be unwilling or unable to attend a deposition. You bear all other risks attendant upon your decision to sue an official and citizen of a foreign nation in a U.S. court, and upon your insistence on the use of depositions rather than other means of attempting discovery from persons who are in sovereign territories outside the jurisdiction of the Court.

                               Very truly yours,

                               John M. Merrett
                               (signed in his absence to avoid delay)

EXHIBIT 4

# John M. Merrett
## Attorney & Counselor at Law

March 8, 2001

**VIA FACSIMILE:  727.443.5640**

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

      RE:   *Heller v. Caberta*

Dear Mr. Moxon:

     My previous letter to you of this morning was incorrect in one respect.  That is, Ms. Caberta is not available to be deposed on March 21, but rather on March 20.

                                Very truly yours,

                                John M. Merrett
                                (signed in his absence to avoid delay)

EXHIBIT 5

# MOXON & KOBRIN
## ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN #
AVA PAQUETTE +

* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

# ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M. GAVIGAN +

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

March 8, 2001

## VIA TELEFAX & US MAIL

John Merrett
2716 Herschel St.
Jacksonville, FL 32205

Re: *Heller v. Caberta*

Dear Mr. Merrett:

I am in receipt of your letter dated today in the above referenced case. I accept your offer to produce Mrs. Caberta in Hamburg on March 21st . Since you have filed two affidavits on her behalf, you can hardly take the position that she possesses the authority to make the assertions set forth in those affidavits, yet lacks the authority to be cross-examined on those statements. Her affidavits constitute testimony, under either expressed or implied authority she found necessary for her written testimony already provided in this case.

It is defendant's obligation to get whatever authority you believe she needs for any factual issue you wish to have adjudicated. If she fails to be examined as to the issues the court has ordered are subject to discovery, we assert our rights under Rule 37(b).

As to Mr. Beib, defendant has also filed an affidavit containing specific factual allegations and factual conclusions for the purpose of seeking a ruling from the court regarding the scope of her authority. A party cannot file an affidavit of a person under her control sufficient to present the affidavit and refuse to produce the affiant for testimony - particularly one as antagonist to plaintiff as Mr. Beib.

March 8, 2001
Page 2


     I will notice his deposition either the day before, or the day after Mrs. Caberta's deposition. Please consult with your client and let me know which is better for her associate. I will not attempt to assert legal process for Mr. Beib's deposition because there is no compulsory deposition law in Germany. So there is no question on this issue, I expect you to produce Mr. Beib for deposition, and I will notice his deposition for that purpose unless you positively state that Caberta cannot and will not produce him.

     I propose we stipulate for the court that you will produce Caberta for deposition and thus moot that part of my motion to compel. If you agree to produce the documents by March 15, we can also moot that portion of the motion to compel. Please contact me no later than this afternoon as to each of the issues above.

     Sincerely,

     Kendrick L. Moxon

KLM:jj

EXHIBIT 6

# John M. Merrett
## Attorney & Counselor at Law

March 8, 2001

**VIA FACSIMILE:  727.443.5640**

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

>        RE:    *Heller v. Caberta*

Dear Mr. Moxon:

        In view of your remarkable history, you are in no position to dictate what assertions any other person is entitled to make.

        Please read both letters you received from me today.  **MS. CABERTA IS NOT AVAILABLE TO BE DEPOSED ON MARCH 21, BUT RATHER ON MARCH 20.**

        I am not able to respond today with respect to your request for production, but will have some response for your Friday morning.

        As to all other matters, the facts and the risks are exactly as stated in my first letter of today.  Ms. Caberta and I will be available on March 20th.  I will be available on March 21st and I will certainly not interfere with any attempt to depose Ms. Caberta's supervisor on that date, within the constructs outlined in my first letter of today.

>                Very truly yours,
>
>
>
>                John M. Merrett
>                (signed in his absence to avoid delay)

EXHIBIT 7

# MOXON & KOBRIN
### ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN *
AVA PAQUETTE +

———
*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

'ALSO ADMITTED IN
CALIFORNIA

+ADMITTED ONLY IN
CALIFORNIA

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA  90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

OF COUNSEL
———

JEANNE M. GAVIGAN +

March 12, 2001

## VIA TELEFAX

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205

Re:  *Heller v. Caberta*

Dear Mr. Merrett:

In attempting to arrange the depositions of Ms. Caberta and Mr. Beib at the consular offices in Hamburg for March 20, 2001 as you requested, we have run into a procedural stumbling block. The consul, or other embassy office in Germany, is happy to make space available. However, because of treaty requirements, they cannot make the space available or swear in the witness unless the German Ministry of Justice first approves the taking of the deposition. This process takes about three weeks. For your reference, you can examine the State Department website at www.usembassy.de., which sets forth this procedure.

Thus, we must either reschedule the depositions for approximately one month from now, or else hold the depositions in the United States. I suggest New York or Boston as the easiest venue for the witnesses. I leave the choice to you, but I am proceeding to execute the necessary steps to take the depositions in Hamburg as soon as possible.

The deposition of Ms. Caberta on March 20th and the deposition of Mr. Beib on March 21st, must therefore be postponed.

Please let me know if you want to have the depositions in Germany next month or at a convenient time in the States.

March 12, 2001
Page 2


     In the meantime, I accept your agreement to produce the documents on March 20th in Hamburg.  Please advise of the location where the documents will be produced, and I will arrange to have a courier pick them up.

Sincerely,

Kendrick L. Moxon

KLM:jj

c.c.  Wallace Pope

EXHIBIT 7A

# John M. Merrett
## Attorney & Counselor at Law

March 20, 2001

**VIA FACSIMILE:  727.443.5640**

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

     RE:   *Heller v. Caberta*

Dear Mr. Moxon:

You will recall that I attempted to warn you that it might be prudent for you to make some formal procedural preparation for the depositions you wish to take in Germany.  You elected instead to stand on your usual practice of hysterical foot-stomping.  You have now conceded that your failure to use conventional means for the taking of testimony internationally, or to take appropriate measures to proceed otherwise, has precluded you from proceeding in accordance with your own demands and schedule.

This letter is to confirm that you have unilaterally canceled the previously agreed-upon sessions in Hamburg, which were to have taken place during the week of March 19, 2001.

Very truly yours,

John M. Merrett
(signed in his absence to avoid delay)

EXHIBIT 8



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HUBERT HELLER,                              Case No.: 8:00CV-1528-T-27C

                    Plaintiff

vs

URSULA CABERTA,

                    Defendant

_____

## NOTICE OF UNAVAILABILITY

PLEASE TAKE NOTICE that the undersigned attorney will be traveling out of the

country and therefore unavailable from Friday, March 9, 2001 until approximately

Sunday, March 25, 2001. The undersigned will be in an evidentiary hearing in Liberty

County Florida, on Monday, March 26, 2001, and will return to his office on or about

March 27, 2001.

JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W.

Pope, Esq., 911 Chestnut Street, Clearwater, Florida 33756 and K. Moxon, Esq., 1100

Cleveland Street - Suite 900, Clearwater, Florida 33755 by United States mail this ____

day of January, 2001.
march

John M. Merrett



# MOXON & KOBRIN
## ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN *
AVA PAQUETTE +

*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

' ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M. GAVIGAN +

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA  90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

March 19, 2001

## VIA TELEFAX

[please forward to Mr. Merrett]

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205

Re:  *Heller v. Caberta*

Dear Mr. Merrett:

1.  You previously stated that you would produce records responsive to plaintiff's document requests in Hamburg on March 20, 2001, which arrangement I accepted in writing.  Please inform me where the documents may be acquired, or leave them care of the front desk of your hotel in Hamburg so my courier can retrieve them.

2.  I have been in communication with the consular offices in Hamburg, interpreters and court reporters to arrange for the deposition of Ms. Caberta and Mr. Beib.  However, I need the dates of availability for you and your client.  As you know, we have other depositions scheduled for April 10 and 11 in Boston.  I therefore suggest that we schedule the Hamburg depositions for two days during the week of the 16th of April, at days of convenience to you and the witnesses.  Let me know the dates as soon as possible so that the information may be provided to the consulate.

Sincerely,

Kendrick L. Moxon

c.c.  Wallace Pope

EXHIBIT 10

**John M. Merrett**
**Attorney and Counselor at Law**
2716 Herschel Street
Jacksonville, Florida 32205
Telephone:  904.388.8891
Telefax:     904.388.8409

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

To:              Kendrick Moxon, Esq.
From:          Jeff Wittig
Client/Matter: Heller v. Caberta
Date:          March 20, 2001

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| letter dated 03 20 01 from J. Merrett to K. Moxon | 1 |

COMMENTS:              **HARD COPY WILL NOT FOLLOW**

        **MR. MOXON:**

                **I HAVE SPOKEN TO MR. MERRETT CONCERNING YOUR REQUEST TO SCHEDULE THE DEPOSITIONS FOR THE WEEK OF APRIL 16TH.**

                **HIS RESPONSE WAS THAT HE WOULD CHECK WITH MS. CABERTA.**

                **I WILL LET YOU KNOW AS SOON AS POSSIBLE.**

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 904.388.8891



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

       Plaintiff,

    v.                      Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

       Defendant.

_____/

## NOTICE OF NO-OPPOSITION REGARDING MOTION
## TO COMPEL DISCOVERY FROM DEFENDANT

On March 6, 2001, plaintiff filed and served a motion to compel defendant
Ursula Caberta to respond to plaintiff's First Request for Production of Documents,
which request had been served upon Ms. Caberta on September 25, 2000. Plaintiff
also moved that Ms. Caberta and her affiant, Willi Beib, [1] be required to appear for
their depositions.

Any opposition to such motion was due to be served and filed no later than
March 23, 2001. No opposition having been filed, the matter is ripe for adjudication.

Dated: March 26, 2001

                          Respectfully submitted,

                          Kendrick Moxon

_____

[1] Plaintiff is informed that the affiant's name is more properly spelled "Beiss", the letter
"b" apparently used in the affidavit being a German letter which designates a double "s".

Helena Kobrin
FBN #:  0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL  33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #:  124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla.  33757
(727) 461-1818

Attorneys for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **NOTICE OF NO-OPPOSITION REGARDING MOTION TO COMPEL DISCOVERY FROM DEFENDANT** to be served on this 26th day of March, 2001, by U.S. Mail, to John Merrett, 2716 Herschel St., Jacksonville, FL 32205.

Attorney

3

EXHIBIT 12

RICAD

UNITED STATES DISTRICT COURT
Middle District of Florida

00 OCT 16 PM 2: 55

HUBERT HELLER,

Plaintiff,

Case No. 8:00CV1528-T27C
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

vs

URSULA CABERTA,

Defendant.

_____

## OBJECTION TO PRODUCTION OF DOCUMENTS

DEFENDANT, joined by Robert Minton, Stacy Brooks, and the Lisa McPherson

Trust, objects to the production of documents requested by Plaintiff in connection with

the depositions set by Plaintiff in this action and says:

1. The production requests are overbroad.

2. The production requests exceed the agreed-upon scope of discovery pending

resolution of the jurisdictional issues pending herein.

3. The production requests amount to "fishing expeditions," calling for the

production of materials which are not within the scope of discovery as set forth in Rule

26, F.R.Civ.P.

WHEREFORE, Defendant prays entry of an order as hereinabove described.

JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esquire, 911 Chestnut Street, Clearwater, FL 33756 and to the firm of Moxon & Kobrin, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755 by United States mail this ⎟⎟ day of October, 2000.

John M. Merrett

EXHIBIT 13

## UNITED STATES DISTRICT COURT
### Middle District of Florida

HUBERT HELLER,
                            **Plaintiff**                    Case No.: 8:00CV-1528-T-27C

vs

URSULA CABERTA,
                            Defendant

_____

## DEFENDANT'S RESPONSE TO SECOND REQUEST FOR PRODUCTION

In response to Plaintiff's Second request for production, Defendant notes that Plaintiff has requested many documents which, if extant, are the property of and are controlled by one or more governmental entities. Defendant responds only for herself and says:

1. None.

2. None.

3. None.

4. None.

5. None.

6. Defendant objects to the use of the term "sect filter," as the same is meaningless. If the reference is to the Hubbard Technology Declaration, the response is "None."

7. None.

8. None.

9. None.

10. None.

11. Defendant objects as this request is so ungrammatical as to be meaningless; to the extent that the request is intended to call for governmental records, the response is "None."

12. Defendant objects as this request is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings; furthermore, the matters sought, if they exist, are confidential under German law.

13. None.

14. None.

15. None.

16. Defendant objects as this request fails to identify the person or entity into whose receipt of funds, donations, or loans inquiry is made, and it is therefore not susceptible of a response. If inquiry into receipt of funds, donations, or loans by Defendant is intended, Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case; furthermore the request is overbroad and unduly burdensome.

17. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case.

18. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case.

19. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case.

20. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case.

21. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court.

22. Defendant objects to this request as it is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings in this case.

/s/
_____
JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904.388.8891
Florida Bar No.: 0742848

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esq., 911 Chestnut Street, Clearwater, Florida 33756 (727-441-8617) and K. Moxon, Esq., 1100 Cleveland Street - Suite 900, Clearwater, Florida 33755 (727-443-5640) by United States mail this 30 day of March, 2001.

/s/
_____
John M. Merrett

EXHIBIT 14

# John M. Merrett
## Attorney & Counselor at Law

April 5, 2001

K.L. Moxon
Via Facsimile 727.443.5640

Re: Scientology vs Caberta

Mr. Moxon:

I write in response to your letter of April 3, and forward with this letter another copy of the response to the First Request for Production, which you claim never to have received.

You seem to misunderstand the response to the Second Request for Production in some significant respects. You have deliberately mischaracterized the response as a refusal to produce. Allow me to make it perfectly plain for you: As to requests 1 through 6, 8 through 11, 13 through 15, and 19 through 22, Ms. Caberta has neither possession nor control of any responsive documents. Such documents, if they exist, are the property of and are controlled by the governments of Hamburg and/or the German Republic. As to request number 7, the response is "None."

As to the response to request number 12, the allegations in question are not connected to the incidents described in the complaint. As you are well aware, the investigation (which has not resulted in the filing of any charges) was engendered by your deliberate violation and/or manipulation of the confidentiality of a deposition taken in an unrelated case. It is a matter of run of the mill Scientology "dead agenting," and even the allegations themselves are not related to the creation and distribution of the Hubbard Declaration, which antedates both the events outlined in the complaint and Ms. Caberta's acquaintance with Mr. Minton.

Since you have (to my utter amazement) narrowed the scope of request number 16 to cover only records of receipt of funds for or in connection with the activities described in the complaint, the response is "None."

As to requests 17 and 18, there are no unlawful acts described in the complaint; however, since you have in a rare display of good faith narrowed the request to cover only records showing that a private party rather than the government of Hamburg is paying for the defense of this case, the response is "None."

In supplement to the objection to the First Request for Production, and without waiving or withdrawing the objections previously lodged: as to requests 1 through 8, and 18 through 30, Ms. Caberta has neither possession nor control of any responsive documents. Such documents, if they exist, are the property of and are controlled by the governments of Hamburg and/or the German Republic; as to requests 9 through 17, there are no records pertaining to the allegations of the complaint; as to requests 31 through 36, the response is "None."

This letter will also place you on notice that if you have not, by the close of business on Monday, 1) notified the Court of the facts surrounding our setting depositions and your unilateral cancellation of them after I traveled to Europe, and 2) taken whatever steps are necessary to cause the Order you secured by chicanery to be withdrawn, I will take appropriate action.

Very truly yours,

John M. Merrett