IN THE UNITED STATES DISTRICT COURT
Middle District of Florida

HUBERT HELLER,
    Plaintiff

vs

Case No.: 8:00 CV-1528-T-27

URSULA CABERTA,
    Defendant

---

### DEFENDANT'S RESPONSE TO MOTION TO COMPEL

Plaintiff seeks entry of an order compelling production of documents by Defendant in response to two requests for production served by Plaintiff. The motion is not well founded and is in fact of a piece with the misleading behavior heretofore exhibited by Plaintiff's counsel in the course of this litigation.

The first request for production bears a certificate of service dated September 25, 2000. Leaving aside the initial objection to the fishing expedition attempted in this request, and the intervening stay of discovery entered by the Court, Plaintiff's First Request for Production was responded to in full well before the filing of the present Motion to Compel. The objection was supplemented by a letter faxed to Plaintiff's counsel on April 5, 2001 (and attached as an exhibit to Plaintiff's Motion and to this response). As supplemented by the said letter, Defendant's responses to the 36 categories of document production sought in the First Request were as follows.

Requests 1 through 8: Defendant has neither possession nor control of any responsive documents

Requests 9 through 17: There are no responsive records which pertain to the allegations of the complaint



Requests 18 through 30: Defendant has neither possession nor control of any responsive documents

Requests 31 through 36: None.

Defendant also went on to advise Plaintiff that if records responsive to requests 1 through 8 and 18 through 30 exist, they are property of and possessed by the government of Hamburg and/or Germany.

Plaintiff's Second Request for Production requested documents in 22 categories and bears a certificate of service dated March 6, 2001. Defendant served a formal response with a service date of March 30, 2001, and supplemented the response in the aforementioned letter of April 5, 2001. As supplemented by the said letter, Defendant's responses to the 22 categories of document production sought in the Second Request were as follows.

Requests 1 through 6: Defendant has neither possession nor control of any responsive documents

Request 7: None

Requests 8 through 11: Defendant has neither possession nor control of any responsive documents

Request 12: Objected to on grounds of scope, relevance, and confidentiality

Requests 13 through 15: Defendant has neither possession nor control of any responsive documents

Request 16 through 18: None

Requests 19 through 22: Defendant has neither possession nor control of any responsive documents

As she did in response to the First Request for Production, Defendant went on to advise Plaintiff that if records responsive to requests 1 through 6, 8 through 11, 13 through 15, and 19 through 22 exist, they are property of and possessed by the government of Hamburg and/or Germany.

The only outstanding objection is Defendant's objection to request number 12 of the Second Request for Production. That item calls for production of all records relating to any response made by or on behalf of Defendant in response to criminal allegations that Defendant accepted a "bribe or loan" from Robert Minton. Defendant objected that the request is beyond the scope of discovery authorized by the Court, calls for production of irrelevant material, and that the requested matters, if extant, are privileged under German law.

In his Motion to Compel, Plaintiff makes the tortured and fatuous argument that the materials are discoverable on the issue of sovereign immunity because:

    a) Robert Minton invoked his 5th Amendment privilege in response to questions about financial dealings with Defendant;

    b) In a civil action, adverse inferences may be drawn from the invocation of the 5th Amendment;

    c) The "reasonable inference" from Minton's invocation of the 5th Amendment is that Minton bribed Defendant to take actions against Scientologists

    d) Therefore, any response to a criminal investigation involving financial dealings between Defendant and Minton is relevant to the issue of sovereign immunity.

This purported reasoning suffers from a number of defects. The first and most glaring of these is its predication upon a misleadingly clipped quotation from *Baxter vs Palmigiano*, 425 US 308, 319; 96 S.Ct. 1551; 47 L.Ed.2d (1976). Plaintiff quoted this portion of the opinion: "Our conclusion is consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them:" substituting a period for the colon in the original text, Plaintiff omitted the succeeding clause, to-wit: "the Amendment 'does not preclude the inference where the privilege is claimed by a *party to a civil cause*.'" (emphasis in original) Each of the authorities cited by Plaintiff in support of the "inference" argument concurs with the omitted portion of the holding in *Baxter*, that the inference extends only to parties to the civil action. Minton, the individual who invoked the 5th Amendment, is not a party to the action. Furthermore, although Plaintiff cited *United States v. Local 560 of Int'l Brotherhood of Teamsters, etc.*, 780 F.2d 267 (3d Cir. N.J. 1985) for the proposition that Minton's exercise of his constitutional right gives rise to an inference of criminal venality, Plaintiff overlooked the holding of the court in *Local 560* that "there must be sufficient independent evidence -- besides the mere invocation of the privilege -- upon which to base the negative inference." It is thus apparent that, even were Plaintiff attempting to draw an inference based on the acts of a *party*, more would be required than what Plaintiff has offered.

Second, Plaintiff overlooks the fact that Defendant attested in her earlier sworn filings to the nature of her financial dealings with Minton. There is no evidence

whatever that there was any connection between the loan made by Minton and the actions alleged in the current complaint. Even if Plaintiff's fantasy were substantiated, it would not establish simple relevance to the question whether Defendant acted (if at all) within the scope of her employment; Plaintiff offers neither legal nor logical support for the proposition that concurrent venality strips an act of its official character. A road crew foreman bribed to repave my block before the next one still acts as a public official when he has the asphalt poured.

Plaintiff has made no colorable showing of a connection between Defendant's response, if any, to a foreign criminal inquiry and the Court's determination of her entitlement to immunity. Plaintiff has sought in item number 7 of his Second Request for Production "[a]ll records of receipt of funds for any work relating to Scientology, except [Defendant's] official salary." The response was "None." Discovery does not extend to fishing expeditions. This request is clearly a fishing expedition.

Plaintiff is entitled only to production of documents "which are in the possession, custody or control of" Defendant. Rule 26, Fed. R.Civ.Pro. None of the documents requested, with the possible exception of the document requested in Request No. 12 of Plaintiff's Second Request for Production, meets this description.

Plaintiff's Motion is ill-founded, and should be denied. The point of this exercise, as of Plaintiff's duplicitous behavior in securing the Court's prior order[1],

---

[1] It will be recalled that, having prematurely filed a Motion to Compel depositions, and thereafter acknowledging in writing that the Motion was mooted by agreement of the parties, Mr. Moxon failed to inform the Court of the agreement and then affirmatively misinformed the Court that the issue was live and

is in all likelihood concealment of Plaintiff's own failure to act appropriately and with dispatch in pursuing the discovery permitted by the Court. Plaintiff canceled depositions and missed the opportunity to proceed; Plaintiff refuses to proceed under the Hague Convention despite repeated representations that both Defendant and her superiors will respond to inquiries under that system; Plaintiff consumes paper and ink detailing an issue (the reach of the Court's discovery authority) which has not, to date, been implicated in this action; Plaintiff dallies with a motion to compel production of 58 categories of documents, 57 of which counsel knows are not possessed by Defendant, rather than proceed with available and meaningful discovery efforts. This behavior should not be countenanced, much less encouraged by judicial imprimatur.

_____
JOHN M. MERRETT, ESQUIRE
2716 Herschel Street
Jacksonville, Florida 32205
Telephone 904.388.8891
Florida Bar No. 0742848

I hereby certify that copies of the foregoing were furnished by facsimile transmission to K.L. Moxon and Dan Leipold, Esq. this 30th day of April, 2001

_____
John M. Merrett

---

that Defendant had not responded, securing the entry of an order compelling depositions he had already unilaterally canceled.

# John M. Merrett
## Attorney & Counselor at Law

April 5, 2001

K.L. Moxon
Via Facsimile 727.443.5640

Re: Scientology vs Caberta

Mr. Moxon:

I write in response to your letter of April 3, and forward with this letter another copy of the response to the First Request for Production, which you claim never to have received.

You seem to misunderstand the response to the Second Request for Production in some significant respects. You have deliberately mischaracterized the response as a refusal to produce. Allow me to make it perfectly plain for you: As to requests 1 through 6, 8 through 11, 13 through 15, and 19 through 22, Ms. Caberta has neither possession nor control of any responsive documents. Such documents, if they exist, are the property of and are controlled by the governments of Hamburg and/or the German Republic. As to request number 7, the response is "None."

As to the response to request number 12, the allegations in question are not connected to the incidents described in the complaint. As you are well aware, the investigation (which has not resulted in the filing of any charges) was engendered by your deliberate violation and/or manipulation of the confidentiality of a deposition taken in an unrelated case. It is a matter of run of the mill Scientology "dead agenting," and even the allegations themselves are not related to the creation and distribution of the Hubbard Declaration, which antedates both the events outlined in the complaint and Ms. Caberta's acquaintance with Mr. Minton.

Since you have (to my utter amazement) narrowed the scope of request number 16 to cover only records of receipt of funds for or in connection with the activities described in the complaint, the response is "None."

As to requests 17 and 18, there are no unlawful acts described in the complaint; however, since you have in a rare display of good faith narrowed the request to cover only records showing that a private party rather than the government of Hamburg is paying for the defense of this case, the response is "None."

2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904-388-8891    Telefax: 904-388-8409

In supplement to the objection to the First Request for Production, and without waiving or withdrawing the objections previously lodged: as to requests 1 through 8, and 18 through 30, Ms. Caberta has neither possession nor control of any responsive documents. Such documents, if they exist, are the property of and are controlled by the governments of Hamburg and/or the German Republic; as to requests 9 through 17, there are no records pertaining to the allegations of the complaint; as to requests 31 through 36, the response is "None."

This letter will also place you on notice that if you have not, by the close of business on Monday, 1) notified the Court of the facts surrounding our setting depositions and your unilateral cancellation of them after I traveled to Europe, and 2) taken whatever steps are necessary to cause the Order you secured by chicanery to be withdrawn, I will take appropriate action.

Very truly yours,

John M. Merrett