FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

01 MAY -8 AM 10: 28

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HUBERT HELLER,

    Plaintiff,

v.                            Case No. 8:00-CIV-1528-T-27C

URSULA CABERTA,

    Defendant.
_____/

### ORDER

Before the Court are defendant's **Motion for Protective Order, to Vacate Order of March 29, 2001, or to Determine Compliance, and for Sanctions** (Dkt. 63)[1] and **Plaintiff's Opposition to "Motion for Protective Order, to Vacate Order of March 29, 2001, or to Determine Compliance, and for Sanctions"; Counter Motion for Evidentiary Preclusion or Other Sanctions** (Dkt. 67).[2]

Defendant is employed by the government of Hamburg, Germany. At issue is whether defendant is immune from this suit pursuant to the Foreign Sovereign Immunities Act ("FSIA"). On February 16,

---

[1] On March 29, 2001, this Court entered an Order granting plaintiff's motion to compel discovery and directing defendant and Willi Beiss to appear for deposition within twenty (20) days and for defendant to respond to plaintiff's first request for production of documents within eleven (11) days. (Dkt. 56).

[2] Defendant also filed "Plaintiff's Opposition to Amended Motion for Sanctions" (Dkt. 68). However, defendant did not file an "Amended Motion for Sanctions" on April 13, 2001, and no such motion is pending.



2001, the district judge entered an Order establishing a 90 day discovery period limited to the FSIA issue and the Court's exercise of jurisdiction over defendant. (Dkt. 46).

On March 7, 2001 defendant filed a motion to compel discovery requesting that defendant and Willi Beiss ("Beiss"), whose affidavit had previously been filed in connection with defendant's second motion to dismiss (Dkt. 42) and motion to suspend discovery (Dkt. 43), be ordered to appear for depositions.

On March 8, 2001 defendant offered to produce defendant and Beiss for deposition in Germany on or about March 20 (Dkt. 63 Ex. 3, 4). Plaintiff accepted this offer (Dkt. 63 Ex.5). Counsel for defendant filed a "Notice of Unavailability" on March 12, 2001 stating that he would be out of the country from March 9 through March 25, 2001. (Dkt. 52).

Also on March 12, counsel for plaintiff wrote to counsel for defendant to advise that because of treaty requirements, the embassy office in Germany could not make space available for the deposition or swear in the witness unless the German Ministry of Justice first approved the taking of the deposition. (Dkt. 63 Ex. 7). Counsel for plaintiff further stated that the process takes about three weeks, and requested that the deposition be rescheduled for approximately one month later, or that the deposition be conducted in the United States.

On March 26, 2001 plaintiff filed a "Notice of No-Opposition"

2

stating that defendant had not responded to the motion to compel discovery and that the matter was ripe for adjudication. (Dkt. 55). On March 29, 2001 plaintiff's motion to compel discovery was granted. (Dkt. 56).

Plaintiff noticed the depositions of defendant and Beiss for April 16, 2001 in Florida. (Dkt. 67 Ex. 25). Defendant filed her motion for protective order on April 13, 2001, one business day before the scheduled depositions. (Dkt. 63).

Defendant states in her motion that sometime after March 20, 2001 the government of Hamburg and/or the German Republic decided that defendant will not be permitted to give a deposition concerning her duties and activities with the government of Hamburg, but will be permitted to provide evidence in accordance with the procedures laid out in German law and international treaties.[3] Defendant further states that she does not have the means to travel to the United States. Defendant also filed a notice on April 18, 2001 stating that she has no control or authority over Willi Beiss, and that the Court lacks personal jurisdiction over Beiss. (Dkt. 66).

## DISCUSSION

Defendant now seeks an order relieving her of any responsibility to appear for a deposition in the United States or

---

[3] Defendant has not submitted any documentation of this decision by the government of Hamburg and/or Federal Republic of Germany.

3

from incurring any costs or expenses for travel of counsel to Europe for purposes of deposition, and requiring plaintiff to take discovery using procedures set forth in 28 U.S.C. § 1781 ("the Hague Convention"). Defendant argues that the reason she did not file an opposition to the motion to compel was because plaintiff and defendant had reached an agreement concerning the depositions which, at the time, mooted the issue. Defendant states that later, however, plaintiff unilaterally elected not to proceed in accordance with the agreement.

Plaintiff counters that defendant should be ordered to come to the United States (where plaintiff alleges that defendant frequently travels) and testify regarding the issues she has raised in her defense to jurisdiction. Plaintiff further argues that defendant should be warned that failure to comply will result in an order precluding the introduction of any evidence by defendant as to her purported official immunity or to jurisdictional issues. Plaintiff also asserts that efforts to take the testimony of defendant and Beiss pursuant to the Hague Convention would be moot as both defendant and Beiss have expressed their refusal to appear.

The Local Rules, M.D. Fla., provide that a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this district either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest. See Local Rule 3.04(b), M.D.

4

Fla.[4] Further, defendant offers no authority for her argument that "[d]efendant's discovery obligations concerning the jurisdictional issues were entirely fulfilled when [d]efendant agreed to, and did, make herself available for deposition in Hamburg on March 20." (Dkt. 63 at 5).

Plaintiff cites to <u>Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa</u>, 482 U.S. 522, 536 (1987) for the proposition that the Hague Convention was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence abroad. In <u>Aerospatiale</u>, the Supreme Court stated that the Hague Convention did not deprive the district court of the jurisdiction it otherwise possessed to order a foreign national party before it to produce evidence physically located within a signatory nation. <u>See id.</u> at 539-40. The Court further noted that although its procedures are not mandatory, the Hague Convention does "apply" to the production of evidence in the sense that it is one method of seeking evidence that a court may elect to employ. <u>See id.</u> at 541. The Court also rejected the contention that the Hague Convention procedures must be a "first resort" whenever discovery is sought from a foreign litigant. <u>See id.</u> at 542; see also <u>Administrators of the Tulane Educational Fund v. Dabio Holding</u>, 2000 WL 1131999 (E.D. La. 2000)

---

[4] The district judge, in his order dated December 18, 2000, found that personal jurisdiction over defendant exists. (Dkt. 36 at 3).

5

(ordering that the Rule 30(b)(6) depositions of representatives of the Swiss company defendant be conducted in New Orleans, Louisiana).

Under the circumstances of this case and pursuant to Local Rule 3.04(b), M.D. Fla., **defendant should make herself available for deposition in this district** during the limited discovery period as set forth in the district judge's February 16, 2001 order. Because of the proximity of this cut-off date, a brief extension of the deadline for twenty (20) **days** from the date of this order is appropriate. **Defendant shall appear for deposition within twenty (20) days from the date of this order.**

Regarding **Willi Beiss**, however, defendant has filed a notice asserting that the Court lacks personal jurisdiction over Beiss. (Dkt. 66). Although the notice fails to recite any facts in support of this contention, it appears from the record that Beiss resides in Germany and is not a party to this suit. The March 29, 2001 order is therefore vacated to the extent that it pertains to Willi Beiss. Defendant's motion for protective order, to vacate order, or to determine compliance (Dkt. 63) is otherwise denied.

Plaintiff's motion for evidentiary preclusion and for sanctions (Dkt. 67) is denied without prejudice at this point. Plaintiff argues that defendant should not be permitted to submit testimony in the form of an affidavit to the Court and then refuse to be cross-examined on her assertions. However, the discovery

6

window remains open for twenty (20) days from the date of this order and it is possible that plaintiff could obtain the discovery it seeks before then, which would moot the motion to preclude the affidavits.

## CONCLUSION

Accordingly, and upon consideration, it is **ORDERED**:

(1) Defendant's motion for protective order, to vacate order of March 29, 2001, or to determine compliance and for sanctions (Dkt. 63) is **GRANTED** to the extent that the March 29, 2001 Order (Dkt. 56) is vacated as it pertains to Willi Beiss. The motion (Dkt. 63) is otherwise **DENIED**;

(2) Plaintiff's motion for evidentiary preclusion and for sanctions (Dkt. 67) is **DENIED WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Tampa, Florida on this 8th day of May, 2001.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:

Counsel of Record

7