FILED

01 MAY -8 AM 10: 28

CLERK U. . .... ...T COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HUBERT HELLER,

     **Plaintiff,**

v.                    **Case No. 8:00-CIV-1528-T-27C**

URSULA CABERTA,

     **Defendant.**

_____/

### <u>ORDER</u>

COMES NOW for consideration **Plaintiff's Motion to Compel Production of Documents; Request for Sanctions** (Dkt. 64) and **Defendant's Response to Motion to Compel** (Dkt. 69). Plaintiff seeks an order compelling defendant to produce records responsive to plaintiff's First and Second Requests for Production of Documents.

<u>First Request for Production of Documents</u>

Plaintiff states that it served its first request for production of documents on September 25, 2000 (Dkt. 64 Ex. 4), and wrote to counsel for defendant requesting responses on February 23, 2001.

In response, defendant sent plaintiff an "Objection to Production of Documents" dated October 9, 2000 in which defendant objected that the requests were overbroad, exceeded the agreed-upon scope of discovery, and amounted to "fishing expeditions" calling for the production of materials not within the scope of discovery.



(Dkt. 64 Ex. 12).

Defendant also sent plaintiff a letter dated April 5, 2001 "supplementing" its responses to the first request to produce. (Dkt. 64 Ex. 11). In that letter defendant states that as to requests 1 through 8 and 18 through 30, defendant has neither possession nor control of any responsive documents. Defendant asserts that such documents, if they exist, are the property of and are controlled by the governments of Hamburg and/or the German Republic. As to requests 9 through 17, defendant states that there are no records pertaining to the allegations of the complaint. As to requests 31 through 36, defendant responds "None."

A party may serve on any other party a request to produce any tangible things which constitute or contain matters within the scope of Rule 26(b), and which are in the possession or control of the party upon whom the request is served. See Rule 34(a), Fed. R. Civ. P. Because defendant has responded that she is not in possession or control of responsive documents or that no documents exist, plaintiff's motion as to the first request for production is denied.

<u>Second Request for Production of Documents</u>

Plaintiff's second request for production is attached to plaintiff's motion (Dkt. 64) as Exhibit 15, and defendant's response is attached to the motion as Exhibit 16.

At the beginning of her response, defendant asserts that

2

plaintiff has requested many documents which, if extant, are the property of and are controlled by one or more governmental entities. (Dkt. 64 Ex. 16). Defendant further states that she responds only for herself. (Dkt. 64 Ex. 16).

As to requests 1 through 11 and 13 through 15, defendant states "None." (Dkt. 64 Ex. 16). In his letter dated April 5, 2001, counsel for plaintiff states that as to requests 16 through 18 the response is "None," and that as to requests 19 through 22 defendant has neither possession nor control of any responsive documents. (Dkt. 64 Ex. 11). Defendant states that if records responsive to requests 1 through 6, 8 through 11, 13 through 15, and 19 through 22 exist, they are the property of and possessed by the government of Hamburg and/or Germany.

Because defendant asserts that she is not in possession or control of responsive documents or that no documents exist, plaintiff's motion as to these requests for production is denied.

Plaintiff's request 12 seeks "[a]ll records concerning any response you made or which was made on your behalf responding to criminal allegations that you accepted a bribe or loan from Robert Minton." (Dkt. 64 Ex. 15). Defendant objects that the request is beyond the scope of discovery authorized by the Court and is irrelevant to any issue raised on the pleadings. Further, plaintiff states that the matters sought, if they exist, are confidential under German law. (Dkt. 64 Ex. 16).

Under Rule 26, parties may obtain discovery about any matter, not privileged, that is relevant to the claim or defense of any party. See Rule 26(b)(1), Fed. R. Civ. P. As a defense to this action, defendant claims that the court lacks jurisdiction over her pursuant to the Federal Sovereign Immunities Act ("FSIA"). The FSIA provides in general that a foreign state, including an agency or instrumentality of a foreign state, is immune from the jurisdiction of the courts of the United States with certain exceptions. See 28 U.S.C. § 1604.

Plaintiff argues that by request 12 plaintiff seeks evidence demonstrating that defendant is acting outside the scope of any lawful government activity by accepting money from a foreign businessman to take actions upon which the complaint is based.[1] Defendant, however, contends that the request is not relevant to whether defendant acted within the scope of her employment. Defendant also notes that her response to request 7, to produce "[a]ll records of receipt of funds for any work relating to Scientology, except [defendant]'s official salary," is "None."

Neither party offers any legal authority on the issue of whether an employee of a foreign government is entitled to the

---

[1] Plaintiff brings four counts against defendant in his Second Amended Complaint: (1) tortious interference with an advantageous business relationship; (2) unfair and deceptive trade practices; (3) conspiracy to deprive plaintiff of civil rights in violation of 42 U.S.C. § 1985(3); and (4) violation of the Alien Tort Claims Act. (Dkt. 40).

4

protections of the FSIA if the employee accepts a bribe.

However, defendant raised this issue in the first affidavit she filed in this case. (Dkt. 17). In her first affidavit, defendant stated that "[s]he is, as an individual, indebted to Robert S. Minton, as an individual, for a sum of money loaned to her by Mr. Minton. The loan proceeds were received by her in Germany, and were obtained in connection with the retirement of an earlier debt which was incurred and satisfied in Germany." (Dkt. 17). Because defendant has raised the issue of funds she received from Robert Minton, the court finds request 12 to be relevant to the FSIA defense brought by defendant.

Defendant also asserts that any responsive documents are privileged because they are confidential under German law. Rule 26(b)(5) provides that when a party withholds information otherwise discoverable by claiming that it is privileged, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. See Rule 26(b)(5), Fed. R. Civ. P. Defendant shall therefore provide either a privilege log or documents responsive to request 12 within twenty (20) days from the date of this order. The issue of the validity or applicability of any privilege claimed by defendant may be raised by motion by

plaintiff, if appropriate.

Accordingly, and upon consideration, it is **ORDERED**:

(1) Plaintiff's motion to compel production of documents and request for sanctions (Dkt. 64) is **GRANTED** to the extent that defendant shall provide either a privilege log or documents responsive to request 12 of plaintiff's second request for production of documents within twenty (20) days of the date of this order. The motion is otherwise **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this ___8th___ day of May, 2001.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:

Counsel of Record