UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff,

vs.                                  Case No. 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came on to be considered on Defendant's Objection to Magistrate's Order of May 8, 2001 (Dkt. 72) and Defendant's Motion to Stay (Dkt. 73). The Court having reviewed said motions and being otherwise fully advised in the premises, finds as follows:

Defendant has objected to the Magistrate Judge's Order (Dkt. 70) requiring her to submit to a deposition in the United States within twenty (20) days of the date of that Order.[1] At the time the Magistrate Judge entered that Order, Defendant would not or could not consent to being deposed in Germany, despite her previous agreement to do so. (Dkt. 72). Defendant now represents that she has been permitted by her employer, the government of Hamburg, Germany, to submit to a deposition in Germany. (Dkt. 74).

Plaintiff previously agreed to take Defendant's deposition in Germany, but was forced to reschedule the deposition when he learned that he needed to complete diplomatic administrative

---

[1] The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely objection to findings by a Magistrate Judge, the district court should make a de novo review of the record with respect to those matters. Nettles v. Wainwright, 677 F.2d 404 (11th Cir. 1982).



requirements for conducting the deposition three (3) weeks in advance of the deposition. (Dkt. 75). It appears from the pleadings that the deposition would have proceeded as scheduled had Plaintiff timely made the appropriate arrangements.

Although Defendant previously agreed that her deposition would be taken in Germany, Defendant withdrew her agreement and contended that her employer would not permit that deposition to proceed. According to Plaintiff, Defendant has not cooperated in scheduling her deposition and has failed to appear for her deposition in the United States

The Court has considered the interests expressed by the Supreme Court in <u>Societe Nationale Industrielle Aerospatiale v. United States District Court</u>, 482 U.S. 522, 546 (1987) and even in light of those interests, given the circumstances in this case, Defendant's deposition should take place in the Middle District of Florida. Accordingly, the Court overrules the Defendant's objections to the Magistrate Judge's Order.

However, the Court *sua sponte* directs that Defendant may, at her option, submit to a voluntary deposition in accordance with section "B1(a)" of the memorandum entitled Judicial Assistance - Federal Republic of Germany (FRG) (Dkt. 75, Ex. 9), Defendant's counsel shall, within ten (10) days from the date of this Order, communicate in writing to Plaintiff's counsel whether Defendant agrees to a voluntary deposition, without restriction, other than any applicable privileges and the limited scope of the deposition as addressed herein, in Germany. In the event that Defendant does not confirm in writing her election to submit to such a deposition in Germany within ten (10) days of the date of this Order, she shall appear for a deposition in the Middle District of Florida within forty-five (45) days from the date of this Order in accordance with the Magistrate Judge's

Order (Dkt. 70).[2]

The Court admonishes the parties that although Defendant's deposition is limited in scope to those matters relevant to the Federal Sovereign Immunities Act, Plaintiff's entitlement to discovery should not be thwarted by third party restrictions or diplomatic protocol. Plaintiff has a legitimate need to discover matters which relate to this Court's continued exercise of jurisdiction. As such, the remaining discovery should be conducted in a manner consistent with this Court's admonishment.

The Court previously Ordered the parties to complete discovery concerning whether Defendant is immune from suit under the Federal Sovereign Immunities Act ("FSIA") by February 15, 2001 and permitted Defendant to renew her motion to dismiss by March 12, 2001. (Dkt. 46). The Court *sua sponte* extends those deadlines as it is obvious that the parties cannot complete all discovery relevant to the FSIA issue within the time frames originally set by the Court. Accordingly, the parties shall complete discovery relevant to the FSIA issue by July 31, 2001 and Defendant may renew her motion to dismiss by August 31, 2001.

**Finally, the Court expresses its concern about an apparent deviation from the expected level of professionalism displayed by counsel for both parties. In pleadings, both attorneys have accused the other of misrepresentation. All parties are directed to cease making unprofessional allegations toward opposing counsel. Should counsel ignore this directive, sanctions will be imposed. M.D. Fla. L. R. 2.04(c)(f) and (g).**

Accordingly, it is

---

[2] The parties are reminded that this deposition shall be limited in scope to only matters relating to whether Defendant is immune from suit under the Federal Sovereign Immunities Act, 28 U.S.C. § 1603, et seq. See Court's Order of February 16, 2001 (Dkt. 46). The Plaintiff shall not inquire into matters outside of this limited issue.

**ORDERED AND ADJUDGED** that:

1. Defendant's Objection to Magistrate's Order of May 8, 2001 (Dkt. 72) is OVERRULED, except that Defendant may alternatively, voluntarily agree to submit to a deposition in Germany in accordance with this Order.

2. Defendant's Motion to Stay (Dkt. 73) is DENIED as moot.

3. The deadline for the parties to complete discovery related to the Federal Sovereign Immunities Act is extended to July 31, 2001 and the deadline for Defendant to renew her motion to dismiss is extended to August 31, 2001.

4. Each party shall bear their own costs, including travel expenses.

**DONE AND ORDERED** in chambers this 5th day of June, 2001.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record
United States Magistrate Judge
Law Clerk