FILED

IN THE UNITED STATES DISTRICT COURT 01 JUL -3 PM 3 25
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLERK U S DISTRICT C T
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

HUBERT HELLER, an individual,

        Plaintiff,

  v.                        Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

        Defendant.

_____/

## MOTION TO INCREASE LENGTH OF DEPOSITION
## OF DEFENDANT URSULA CABERTA

Plaintiff, Hubert Heller, moves for an Order expanding the length of the
scheduled deposition of Ursula Caberta in Germany, requiring her to appear for two
days at her deposition for the reasons that follow:

By Order dated May 8, 2001, this Court Ordered defendant Ursula Caberta to
appear for deposition in this district within 20 days. Defendant filed an Objection to
the ruling with the district court, which upheld this Court's ruling, but provided
defendant the option to appear in Germany before July 31st. (Ex. A.) Defendant has
indicated that she will appear in Germany (Ex. B), and the deposition has been
scheduled at the American Consulate in Hamburg for July 25th and 26th, with notice
served to this effect. (Ex. C.)

However, Ms. Caberta's counsel has now indicated that he refuses to permit his



client to appear for any longer than the time period set forth in the "applicable rule." (Ex. D.) Counsel presumably refers to the amendment to F.R.Civ.P. 30(d)(2), which limits depositions to 7 hours and one day, absent leave of court expanding such time.

Rule 30(b)(2) states in relevant part, "The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination."

Good cause exists in the circumstances of this case to expand the time of the deposition.

Defendant Ursula Caberta is German, and although she speaks English, German is her native tongue and she has declined to have her deposition taken in English. Thus, plaintiff has retained an interpreter for the deposition so that questions will be asked in English, translated into German, the response given in German, and translated back to English and so reported. If the translator is perfect and all parties involved are diligent in making the deposition move forward, this procedure requires at least twice the time of a normal deposition simply by virtue of the need to repeat every single sentence. Realistically, three or four times the length of a normal deposition is required for translated depositions, because:

– there are frequently misunderstandings in the translation requiring clarification;

– all parties must speak slowly;

– questions must be asked in short and simple sentences and then broken up for

2

translation;

    – the possibility for delay is present whereby a witness can assert a lack of understanding requiring even more frequent clarifications;

    – disputes invariably arise as to the correct meaning of terms which are not easily translated.

    Moreover, defendant has insisted that plaintiff's counsel fly to Germany to take the deposition. The court reporting costs in Germany, charges by the State Department, lodging and transportation of counsel, parties and the court reporter, promise to make the deposition a very expensive affair. Notwithstanding the difficulty plaintiff has experienced to get the deposition *at all* over the past 9 months, it is would seem unwise to make the detailed arrangements necessary only to have to repeat these logistics and motion practice to schedule and finish an incomplete deposition which could be readily completed with all participants present.[1]

    Moreover, although the deposition is limited in scope to issues of sovereign immunity and jurisdiction, such issues are fairly complex, and have already been the subject of lengthy motion practice. This will not be a simple deposition.

    Accordingly, plaintiff requests that an Order issue requiring Ms. Caberta to appear for her deposition on both of the days scheduled, July 25 and 26, 2001, for 7

---

    [1]  Even the dates set were difficult to arrange, as Mr. Merrett continues his practice of declining to respond to any of plaintiff's counsel's attempts informally to arrange a deposition. (See Ex. E – four letters from plaintiff's counsel which went unanswered in which plaintiff attempted merely to schedule the deposition.) The sole communication to which defendant's counsel responded was the notice of deposition itself, to which in two cursory lines, he refused to appear for more than one day. (Ex. D.)

3

hours of deposition time each day.

Dated:    July 3, 2001                    Respectfully submitted,


_____
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL  33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #:  124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla.  33757
(727) 461-1818

Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

I hereby certify that I have attempted to confer with defendant's counsel, John

Merrett, to informally resolve the discovery disputes set forth in the motion to compel.

Although Mr. Merrett would not speak to me, his paralegal represented to me that Mr.

Merrett would not stipulate to the relief sought.

Kendrick Moxon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **MOTION TO INCREASE LENGTH OF DEPOSITION OF DEFENDANT URSULA CABERTA** to be served on this 3rd day of July, 2001, by Telefax and U.S. Mail, to counsel on the below Service List.

_____
                    Attorney

### SERVICE LIST

John Merrett
2716 Herschel St.
Jacksonville, FL 32205

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

        **Plaintiff,**

vs.                          **Case No. 8:00-CV-1528-T-27EAJ**

URSULA CABERTA,

        **Defendant.**

_____/

## ORDER

**THIS CAUSE** came on to be considered on Defendant's Objection to Magistrate's Order of May 8, 2001 (Dkt. 72) and Defendant's Motion to Stay (Dkt. 73). The Court having reviewed said motions and being otherwise fully advised in the premises, finds as follows:

Defendant has objected to the Magistrate Judge's Order (Dkt. 70) requiring her to submit to a deposition in the United States within twenty (20) days of the date of that Order.[1] At the time the Magistrate Judge entered that Order, Defendant would not or could not consent to being deposed in Germany, despite her previous agreement to do so. (Dkt. 72). Defendant now represents that she has been permitted by her employer, the government of Hamburg, Germany, to submit to a deposition in Germany. (Dkt. 74).

Plaintiff previously agreed to take Defendant's deposition in Germany, but was forced to reschedule the deposition when he learned that he needed to complete diplomatic administrative

---

[1] The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely objection to findings by a Magistrate Judge, the district court should make a de novo review of the record with respect to those matters. Nettles v. Wainwright, 677 F.2d 404 (11th Cir. 1982).



requirements for conducting the deposition three (3) weeks in advance of the deposition. (Dkt. 75).
It appears from the pleadings that the deposition would have proceeded as scheduled had Plaintiff
timely made the appropriate arrangements.

Although Defendant previously agreed that her deposition would be taken in Germany,
Defendant withdrew her agreement and contended that her employer would not permit that
deposition to proceed. According to Plaintiff, Defendant has not cooperated in scheduling her
deposition and has failed to appear for her deposition in the United States

The Court has considered the interests expressed by the Supreme Court in <u>Societe Nationale
Industrielle Aerospatiale v. United States District Court</u>, 482 U.S. 522, 546 (1987) and even in light
of those interests, given the circumstances in this case, Defendant's deposition should take place in
the Middle District of Florida. Accordingly, the Court overrules the Defendant's objections to the
Magistrate Judge's Order.

However, the Court *sua sponte* directs that Defendant may, at her option, submit to a
voluntary deposition in accordance with section "B1(a)" of the memorandum entitled Judicial
Assistance - Federal Republic of Germany (FRG) (Dkt. 75, Ex. 9), Defendant's counsel shall, within
ten (10) days from the date of this Order, communicate in writing to Plaintiff's counsel whether
Defendant agrees to a voluntary deposition, without restriction, other than any applicable privileges
and the limited scope of the deposition as addressed herein, in Germany. In the event that Defendant
does not confirm in writing her election to submit to such a deposition in Germany within ten (10)
days of the date of this Order, she shall appear for a deposition in the Middle District of Florida
within forty-five (45) days from the date of this Order in accordance with the Magistrate Judge's

Order (Dkt. 70).[2]

The Court admonishes the parties that although Defendant's deposition is limited in scope to those matters relevant to the Federal Sovereign Immunities Act, Plaintiff's entitlement to discovery should not be thwarted by third party restrictions or diplomatic protocol. Plaintiff has a legitimate need to discover matters which relate to this Court's continued exercise of jurisdiction. As such, the remaining discovery should be conducted in a manner consistent with this Court's admonishment.

The Court previously Ordered the parties to complete discovery concerning whether Defendant is immune from suit under the Federal Sovereign Immunities Act ("FSIA") by February 15, 2001 and permitted Defendant to renew her motion to dismiss by March 12, 2001. (Dkt. 46). The Court *sua sponte* extends those deadlines as it is obvious that the parties cannot complete all discovery relevant to the FSIA issue within the time frames originally set by the Court. Accordingly, the parties shall complete discovery relevant to the FSIA issue by July 31, 2001 and Defendant may renew her motion to dismiss by August 31, 2001.

**Finally, the Court expresses its concern about an apparent deviation from the expected level of professionalism displayed by counsel for both parties. In pleadings, both attorneys have accused the other of misrepresentation. All parties are directed to cease making unprofessional allegations toward opposing counsel. Should counsel ignore this directive, sanctions will be imposed. M.D. Fla. L. R. 2.04(e)(f) and (g).**

Accordingly, it is

---

[2] The parties are reminded that this deposition shall be limited in scope to only matters relating to whether Defendant is immune from suit under the Federal Sovereign Immunities Act, 28 U.S.C. § 1603, et seq. See Court's Order of February 16, 2001 (Dkt. 46). The Plaintiff shall not inquire into matters outside of this limited issue.

**ORDERED AND ADJUDGED** that:

1.  Defendant's Objection to Magistrate's Order of May 8, 2001 (Dkt. 72) is OVERRULED, except that Defendant may alternatively, voluntarily agree to submit to a deposition in Germany in accordance with this Order.

2.  Defendant's Motion to Stay (Dkt. 73) is DENIED as moot.

3.  The deadline for the parties to complete discovery related to the Federal Sovereign Immunities Act is extended to July 31, 2001 and the deadline for Defendant to renew her motion to dismiss is extended to August 31, 2001.

4.  Each party shall bear their own costs, including travel expenses.

**DONE AND ORDERED** in chambers this __5th__ day of June, 2001.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record
United States Magistrate Judge
Law Clerk

4

# EXHIBIT B

FROM :MAILBOXES.ETC...                    9042922090                 1901    -15    12:40    #051 P.01 01

# John M. Merrett
## Attorney & Counselor at Law

June 15, 2001

VIA FACSIMILE: 727.443.5640

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

  RE:   *Heller v. Caberta*

Dear Mr. Moxon:

   In accordance with the Court's recent Order, this letter is to inform you that Ms. Caberta will exercise her option of appearing for deposition in Germany. I will let you know next week in which city Ms. Caberta prefers to appear. Please provide me with possible dates no later than the end of next week.

                    Very truly yours,

                    John M. Merrett
                    (signed in his absence to avoid delay)

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

Plaintiff,

v.                                          Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

Defendant.

_____/

## NOTICE OF DEPOSITION
## OF DEFENDANT URSULA CABERTA

To Ursula Caberta and her counsel of record:

PLEASE TAKE NOTICE that the deposition of defendant Ursula Caberta

will be taken at 9:30 a.m. on July 25 and 26, 2001, at the American Consulate,

Alsterufer 27/28, 20354 Hamburg, Germany.  The deposition shall be conducted

before a certified court reporter, and may be video taped.

Dated: June 27, 2001                        Respectfully submitted,

                                            MOXON & KOBRIN
                                            Kendrick Moxon
                                            Helena Kobrin
                                            FBN #: 0259713
                                            1100 Cleveland Street, Suite 900
                                            Clearwater, FL 33755
                                            (727) 443-5620

                                            F. WALLACE POPE, JR.
                                            JOHNSON, BLAKELY, POPE,

BOKOR, RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla.  33757
(727) 461-1818

**Attorneys for Plaintiff**
HUBERT HELLER

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **NOTICE OF DEPOSITION OF DEFENDANT URSULA CABERTA** to be served on this 27th day of June 2001, by fax and U.S. mail to John Merrett, 2716 Herschel Street, Jacksonville, Florida 32205.

_____
Attorney

3

# EXHIBIT D

07/02/01  MON 09:56 FAX 904 35   893        MAIL BOXES ETC                                    @001

# John M. Merrett
## Attorney & Counselor at Law

July 2, 2001

VIA FACSIMILE:  727.443.5640

Kendrick L. Moxon, Esquire
Moxon & Kobrin
1100 Cleveland Street - Suite 900
Clearwater, Florida 33755

RE:   *Heller v. Caberta*
        Deposition of Defendant

Mr. Moxon:

   I note that you apparently intend to consume two days examining Ms. Caberta on the issue of sovereign immunity.  Please review a current copy of the applicable rule. The deposition will not extend beyond the time allotted under the rule.

                              Very truly yours,

                              John M. Merrett
                              (signed in his absence to avoid delay)

2716 Herschel Street
Jacksonville, Florida 32205
Telephone: 904-388-8891    Telefax: 904-388-8409

# EXHIBIT E

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN *
AVA PAQUETTE +

———

* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

* ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

———

JEANNE M GAVIGAN +

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

June 15, 2001

**VIA TELEFAX & U.S. MAIL**

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205

Re:  *Heller v. Caberta*

Dear Mr. Merrett:

As you have been informed, the Embassy requires 3 weeks lead time on scheduling depositions in Germany.  I can be available between the 12th and the 25th of July for the deposition of your client.  Two consecutive days must be set aside in light of Ms. Caberta's alleged need for a translator.

Please select two consecutive week days within this time period `so I can make the necessary arrangements.

Sincerely,

Kendrick L. Moxon

# MOXON & KOBRIN

**ATTORNEYS AT LAW**
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN #
AVA PAQUETTE+

———

*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

#ALSO ADMITTED IN
CALIFORNIA

+ADMITTED ONLY IN
CALIFORNIA

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

OF COUNSEL

JEANNE M GAVIGAN+

June 19, 2001

## VIA TELEFAX & U.S. MAIL

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205

Re:  *Heller v. Caberta*

Dear Mr. Merrett:

You have failed to respond to my letter of June 15, 2001, seeking dates for Caberta's deposition in Germany.

As you know, the Embassy requires 3 weeks lead time on scheduling depositions in Germany. I have also freed up July 11th in addition to the dates I offered in my last letter, but must know today which two consecutive days to set aside so the embassy and the translator can be arranged.

Sincerely,

Kendrick L. Moxon

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN #
AVA PAQUETTE +

———————
* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

# ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL
———————
JEANNE M. GAVIGAN +

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA  90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

June 20, 2001

**VIA TELEFAX & U.S. MAIL**

John Merrett
2716 Herschel Street
Jacksonville, Florida 32205

Re: *Heller v. Caberta*

Dear Mr. Merrett:

Defendant's responses to plaintiff's Second Set of Interrogatories to Defendant are overdue.

This letter constitutes an attempt to informally resolve this matter without the need for a motion to compel. Please respond today.

As a further matter, while representing that Caberta will appear in Germany for her deposition, you have also failed to give me dates for the deposition. Again, let us avoid motion practice and just give me the dates.

Sincerely,

Kendrick L. Moxon

# MOXON & KOBRIN

ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN ⁑
AVA PAQUETTE +

\* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

⁑ ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M. GAVIGAN +

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

June 22, 2001

**VIA TELEFAX & U.S. MAIL**

John Merrett
2716 Herschel St.
Jacksonville, FL 32205

      Re: *Heller v. Caberta*

Dear Mr. Merrett:

      I don't know what your problem is, however, over a week ago you informed me that Ms. Caberta would agree to appear in Germany. Despite three letters, you have, however, failed to indicate *when* she would appear, thus preventing any arrangements from being made with the Embassy. My options are to either: 1) schedule the deposition at my convenience; or 2) file a motion to require you to meet your responsibilities; or 3) you could just give me the dates. If I don't hear from you by Monday, June 25, I will pursue option numbers 1 or 2.

                            Sincerely,

                            Kendrick L. Moxon

cc: Counsel of record