IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

Plaintiff,

v.                                                        Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

Defendant.
_____/

### CORRECTED[1]
### PLAINTIFF'S MOTION TO COMPEL FORTHWITH COMPLIANCE
### WITH ORDER DATED JUNE 21, 2001; REQUEST FOR SANCTIONS

### I - INTRODUCTION

By Order dated June 21, 2001, this Court Ordered defendant Ursula Caberta to produce, within 10 days, any records responsive to plaintiff's First Request for Production, Requests 9 through 17.

Despite informal efforts to obtain compliance, defendant has failed to respond. Plaintiff requests an Order that defendant comply forthwith, so that the records may be available in time for plaintiff's deposition in Germany on July 25, 2001.

Plaintiff also requests the imposition of reasonable fees arising out of this

---

[1] The motion of the same name filed on the morning of July 12, 2001, contained a critical typo, stating that the deposition of Ms. Caberta was scheduled for June 25th and 26th. The deposition is scheduled for **July** 25th and 26th.



motion.

## II – STATEMENT OF FACTS

By Order date May 8, 2001, this Court granted in part plaintiff's motion to compel production of documents. Plaintiff thereafter filed a Motion to Clarify And/or Amend Order Regarding Production of Documents, addressed to Requests 9 through 17 of the document requests. While for most of the requests addressed in the First Request for Production, defendant asserted she had no responsive records, as to Requests 9 through 17, her counsel responded in a more equivocal fashion, stating only by letter that "there are no records pertaining to the allegations of the complaint."

This Court granted the motion to amend, ordering that "plaintiff's motion is granted to the extent that if any records responsive to Requests 9 through 17 are in the defendant's possession, custody or control, they shall be produced to plaintiff within ten (10) days of this order." Such ruling was dated June 21, 2001, requiring production of the records no later than July 9, 2001.

However, defendant has neither responded, produced the records, or objected to the Court's Order. Such records are accordingly overdue, and defendant stands in non-compliance with the Court's ruling.

Moreover, it is important that the records be produced immediately, as the defendant's deposition is scheduled for July 25 and 26, 2001, in Germany. Defendant insisted that her deposition be taken in Germany, at great expense to plaintiff to retain a foreign court reporter and interpreter. To allow for the completion of this phase of discovery and to avoid the repetition of this trip, the records must be produced sufficiently prior to the deposition to permit them to be translated and reviewed.

Plaintiff accordingly requests that the Court order compliance forthwith.

Finally, plaintiff requests the reimbursement of the reasonable fees incurred in the preparation and filing of this motion. First, defendant's counsel declined, as always, to communicate with plaintiff's counsel in an effort to resolve this matter informally. Moreover, it should not be necessary to have to file a motion to gain compliance with a lawful order. Plaintiff accordingly requests that sanctions issue in the amount of $500.00, as set forth in the accompanying declaration of Kendrick Moxon.

Dated: July 12, 2001　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Kendrick Moxon
　　　　　　　　　　　　　　　　　　Helena Kobrin
　　　　　　　　　　　　　　　　　　FBN #: 0259713
　　　　　　　　　　　　　　　　　　MOXON & KOBRIN
　　　　　　　　　　　　　　　　　　1100 Cleveland Street, Suite 900
　　　　　　　　　　　　　　　　　　Clearwater, FL 33755
　　　　　　　　　　　　　　　　　　Phone: (727) 443-5620
　　　　　　　　　　　　　　　　　　Fax: (727) 443-5640

　　　　　　　　　　　　　　　　　　F. Wallace Pope, Jr.
　　　　　　　　　　　　　　　　　　FBN #: 124449
　　　　　　　　　　　　　　　　　　JOHNSON, BLAKELY, POPE, BOKOR,
　　　　　　　　　　　　　　　　　　RUPPEL & BURNS, P.A.
　　　　　　　　　　　　　　　　　　P.O. Box 1368
　　　　　　　　　　　　　　　　　　Clearwater, Fla. 33757
　　　　　　　　　　　　　　　　　　(727) 461-1818

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

## DECLARATION OF KENDRICK L. MOXON

I, Kendrick L. Moxon, hereby declare and state:

1. I am counsel of record for plaintiff Hubert Heller in the instant action. I make the following statements of my own personal knowledge and if called to testify thereto I could and would do so competently.

2. I expended in excess of two hours in the preparation of Plaintiff's Emergency Motion to Shorten Time on Motion to Compel Forthwith Compliancewith Order Dated June 21, 2001; and Plaintiff's Motion to Compel Forthwith Compliance with Order Dated June 21, 2001; Request for Sanctions, filed herein. Although I am representing Mr. Heller in this civil rights case on a contingency fee basis, I should be reimbursed at my regular hourly rate for this type of case at $250 per hour, for $500.

I declare the foregoing is true and correct under the penalties of perjury of the laws of the United States. Signed this 12th day of July, 2001.

_____
Kendrick Moxon

1

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

I hereby certify that I have attempted to confer with defendant's counsel, John Merrett, to informally resolve the discovery disputes set forth in the motion to compel. Mr. Merrett declines to talk with me, however, and has refused to provide any response to the Court's Order, despite my written requests that he do so.

_____
Kendrick L. Moxon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S MOTION TO COMPEL FORTHWITH COMPLIANCE WITH ORDER DATED JUNE 21, 2001; REQUEST FOR SANCTIONS** to be served on this 12th day of July, 2001, by fax and by U.S. Mail, to John Merrett, 2716 Herschel St., Jacksonville, FL 32205.

_____
Attorney