UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,                                    Case No.: 8:00CV-1528-T-27C

    Plaintiff

vs

URSULA CABERTA,

    Defendant

_____

## DEFENDANT'S RESPONSE TO MOTION TO EXTEND DEPOSITION

DEFENDANT responds to Plaintiff's motion seeking additional time for deposition of Defendant and says:

Rule 30(d)(2), F.R.Civ.P. provides that, absent stipulation or order of the Court, a deposition is limited to a single seven hour day. Having sought neither stipulation nor leave of Court, Plaintiff's counsel unilaterally noticed the deposition of Defendant for two days. Although counsel was obviously aware of his failure to seek expansion of the deposition period, the undersigned, out of an abundance of caution, warned counsel of the provision of the rule and of the absence of leave to proceed otherwise. Plaintiff's motion followed.

### Memorandum

As noted above, the applicable Rule limits the duration of a deposition to one seven hour day. The committee notes mention a number of potential considerations, including the need for translation, which might warrant an expansion of the time for

deposition. While Plaintiff may have made arrangement for employment of a translator for Defendant's deposition, the underlying facts and the scope of the deposition militate against allowing Plaintiff to impose upon Defendant and defense counsel by protracting the deposition.

First, the Court has limited the scope of examination to Defendant's claim of sovereign immunity. The central allegations of the current complaint are that Defendant to some degree caused a company called "POSpartner" to use a particular documentary instrument, and that POSpartner used it, to Plaintiff's injury. Defendant has responded that, if she had any involvement with POSpartner, it was within the course and scope of her employment with the Hamburg Interior Ministry. This means that Plaintiff's legitimate inquiry is limited to the following matters:

1. Whether Defendant made any contribution to POSpartner's use of the instument in question;

2. Whether, if Defendant made any such contribution, she was a government employee acting in the course and scope of her employment at the time of the contribution.

Obviously, a negative response to the first prong of inquiry eliminates any further legitimate questioning.

Second, the requirement of Rule 11, F.R.Civ.P. that pleadings be undertaken only with facts in hand requires that Plaintiff be in a position to focus with laser precision on the issues to be dealt with. Plaintiff's counsel first affirmatively pled that all Defendant's

-2-

actions were within the course and scope of her employment; in his Amended Complaint, he denied that status, in order to keep the action alive. The point of the deposition is, in effect, to determine when (if ever) Plaintiff honored his obligations under Rule 11.

Last, affording Plaintiff additional time beyond that presumptively allowed for a plenary deposition is an invitation to abuse; to allow two days to explore a single legal issue begs Plaintiff to first plow irrelevant ground, and then, if ever, to turn to the substantive issues.

The deposition is to be held in Germany. The time there is six hours later than the time in the Middle District of Florida. After a lunch break, a seven hour deposition commenced at approximately 9:00 AM in Germany would conclude at approximately 11:00 AM Middle District time. The Court could be contacted telephonically at or immediately after the conclusion of the session. If the attorneys' recitation of the subject matter covered shows that Plaintiff has been unable to complete his inquiry into pertinent matters, the Court will be able to direct that the deposition reconvene on the following day. If, on the other hand, the recitation shows that Plaintiff has either exhausted the pertinent inquiries or has consumed the allotted time without addressing the fundamental facts, no further deposition would be authorized. The cost of this procedure is the price of a telephone call. The price of giving Plaintiff an extra day for the asking includes, at a minimum, additional hotel accommodations and attorney fees.

The Court should not, on Plaintiff's pure speculation, force Defendant and her counsel to stand by while Plaintiff fills some specially created temporal void. Limiting

Plaintiff to the time presumptively allotted under the Rule will have the salutary effect of forcing Plaintiff's counsel to focus his efforts and his inquiries on those facts within the scope of the Court's previous order.

```
                    /s/ J. Merrett
                    _____
                    JOHN M. MERRETT, ESQUIRE
                    2716 Herschel Street
                    Jacksonville, Florida 32205
                    Telephone: 904.388.8891
                    Florida Bar No.: 0742848
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to F.W. Pope, Esq., 911 Chestnut Street, Clearwater, Florida 33756 and K. Moxon, Esq., 1100 Cleveland Street - Suite 900, Clearwater, Florida 33755 by United States mail and facsimile transmission this 16 day of July, 2001.

```
                    /s/ J. Merrett
                    _____
                    John M. Merrett
```