FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

    Plaintiff,

v.                                                                  Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

    Defendant.

_____/

# MEMORANDUM REGARDING EMERGENCY REQUEST FOR HEARING REGARDING THE DEPOSITION OF DEFENDANT URSULA CABERTA

Plaintiff, Hubert Heller herewith submits the instant memorandum regarding the dispute over the scheduling of the deposition of Ursula Caberta.

## SUMMARY

At Ms. Caberta's request, her deposition was scheduled to be held in Germany, and noticed on June 27th to be held on July 25th and 26th in her home town of Hamburg. Defendant has been aware for months that court reporters and interpreters are very scarce in Germany and require booking far in advance of the deposition, and that the State Department requires a minimum of 3 weeks lead time to schedule the deposition pursuant to diplomatic protocol and agreements between our countries. Defendant made no objection to the dates of the deposition.

In excess of $5,000 and more than 30 hours have been expended by plaintiff's counsel arranging for the deposition, air travel, diplomatic submissions, non-



refundable retainers to the court reporter and interpreter, all set for the dates established. In the past few days, Ms. Caberta has attempted to cancel the deposition by asserting unavailability for the dates set. Plaintiff's counsel attempted to work out alternative dates within the discovery cut off (July 31), but these were rejected by defendant. Today, Ms. Caberta "offered" only that she would appear for a two hour slot in Berlin on one of the dates scheduled, asserting that two hours is all that should be necessary for the deposition.

Ms. Caberta's deposition should not be ordered changed at this date in light of the prior agreements, delays, expense and discovery cut-off. Her deposition was permitted by the Court to be taken in Germany on the basis of assertions by the defendant that it was easier and cheaper to hold it there, and as an accommodation to the defendant. Such permissiveness has been abused.

Plaintiff accordingly requests that the deposition remain as noticed and ordered for Hamburg for July 25-26, 2001. In the alternative, defendant should be ordered to pay the fees and out-of-pocket costs incurred by plaintiff in setting up the deposition in Germany, and defendant given a final opportunity to appear for her deposition in this district, where it was previously ordered.

## SUMMARY FACTS

As this Court is aware, plaintiff has been attempting to hold the deposition of Ms. Caberta for more than 9 months. The history of these attempts was set forth at great length in Plaintiff's Opposition to "Motion for Protective Order, to Vacate Order of March 29, 2001, or to Determine Compliance and for Sanctions"; Counter Motion

for Evidentiary Preclusion or Other Sanctions, filed on April 30, 2001. In essence Ms. Caberta had initially agreed to appear for deposition in Germany, and then refused to appear, resulting in a motion to compel her deposition and for appropriate sanctions.

This Court Ordered on May 8, 2001 that Ms. Caberta appear in this district for her deposition within 20 days. (Order, p. 6.)

Defendant filed an objection to the ruling. In an Order dated June 5, 2001, Judge Whittemore affirmed this Court's Order, but permitted Ms. Caberta the option of appearing in Germany or to appear in Florida within 45 days.

Plaintiff's counsel wrote to defendant's counsel on June 15, 2001 stating:

> As you have been informed, the Embassy requires 3 weeks lead time on scheduling depositions in Germany. I can be available between the 12th and the 25th of July for the deposition of your client. Two consecutive days must be set aside in light of Ms. Caberta's alleged need for a translator.
> Please select two consecutive week days within this time period so I can make the necessary arrangements.

No response was received to this letter, so a nudge was faxed on June 19th, stating:

> You have failed to respond to my letter of June 15, 2001, seeking dates for Caberta's deposition in Germany.
>
> As you know, the Embassy requires 3 weeks lead time on scheduling depositions in Germany. I have also freed up July 11th in addition to the dates I offered in my last letter, but must know today which two consecutive days to set aside so the embassy and the translator can be arranged.

3

On June 20th, a further nudge was sent to defendant's counsel, stating:

> As a further matter, while representing that Caberta will appear in Germany for her deposition, you have also failed to give me dates for the deposition. Again, let us avoid motion practice and just give me the dates

On June 22nd, plaintiff's counsel wrote again to Mr. Merrett, stating:

> [O]ver a week ago you informed me that Ms. Caberta would agree to appear in Germany. Despite three letters, you have, however, failed to indicate *when* she would appear, thus preventing any arrangements from being made with the Embassy. My options are to either: 1) schedule the deposition at my convenience; or 2) file a motion to require you to meet your responsibilities; or 3) you could just give me the dates. If I don't hear from you by Monday, June 25, I will pursue option numbers 1 or 2.

Hearing again no response, a notice of deposition was sent on June 27th, noticing the deposition for July 25th and 26th. No objection was received to the dates.

A formal request was sent to the Embassy in Germany, and court reporters and interpreters were retained.

On July 16th, the Embassy in Germany forwarded a letter from Ms. Caberta objecting to the dates of the deposition stating only that the deposition would have to be held on a later date. Further attempts to re-schedule the deposition were, however, fruitless, as Ms. Caberta would offer no alternative dates within the discovery cut off when the court reporter and translators could appear, and declined to offer more than a day of time in any event.

Lack of time to provide this information to the Court prior to the scheduled 11:30 am hearing today precludes further details, which can be provided to the Court

4

at the phone hearing.

Dated:   July 20, 2001                    Respectfully submitted,

                                          Kendrick Moxon
                                          Helena Kobrin
                                          FBN #: 0259713
                                          MOXON & KOBRIN
                                          1100 Cleveland Street, Suite 900
                                          Clearwater, FL 33755
                                          (727) 443-5620

                                          F. Wallace Pope, Jr.
                                          FBN #: 124449
                                          JOHNSON, BLAKELY, POPE, BOKOR,
                                          RUPPEL & BURNS, P.A.
                                          P.O. Box 1368
                                          Clearwater, Fla. 33757
                                          (727) 461-1818

                                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **MEMORANDUM REGARDING EMERGENCY REQUEST FOR HEARING REGARDING THE DEPOSITION OF DEFENDANT URSULA CABERTA** to be served on this 20th day of July, 2001, by Telefax, to counsel on the below Service List.

_____
Attorney

## SERVICE LIST

John Merrett
2716 Herschel St.
Jacksonville, FL 32205

7