UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
01 JUL 23 PM 2:47
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HUBERT HELLER,
    Plaintiff,

v.                                    Case No: 8:00-CV-1528-T-27EAJ

URSULA CABERTA,
    Defendant.
_____/

## EMERGENCY MOTION FOR PROTECTIVE ORDER
## AND MEMORANDUM OF LAW

COMES NOW, the Defendant, URSULA CABERTA, by and through her undersigned counsel and files this Emergency Request for Protective Order and in support thereof states.

1. On Friday, July 20, 2001 the Defendant, a German national, telephonically contacted the undersigned and requested assistance in obtaining relief from an order of this Court directing her to appear in Hamburg, Germany for deposition by plaintiffs' attorneys at 2:00 p.m. Wednesday, July 25 and 2:00 p.m. Thursday, July 26, 2001.

2. Prior to being contacted the undersigned had no involvement in this litigation and thereafter determined that the Defendant was represented by Attorney John Merrett. Because of the Defendant's apparent difficulty with the English language, the undersigned spoke with both the Defendant and with Attorney Merrett in an effort to gain an understanding of the circumstances warranting the emergency relief requested herein. Based upon those conversations, the following representations are made to the Court.



3. The Defendant seeks a protective order granting her relief from only that portion of the Court's order directing her to appear in Hamburg for deposition on Wednesday, July 25, 2001, at 2:00 p.m.

4. The Defendant is an employee of the State of Hamburg, Germany and is the leader of a formal state task force instituted to deal with issues related to the Church of Scientology for the State of Hamburg. Identical state entities exist in all sixteen states of the Federal Republic of Germany. The Defendant serves directly under the Interior Minister for the State of Hamburg in enforcing German law with respect to the Church of Scientology. Her duties include educating the public about the nature of the Scientology organization in Germany and rendering assistance to individuals who seek to leave the organization.

5. On July 25, 2001, a conference is scheduled to commence at 10:00 a.m. in Berlin of the sixteen Interior Ministers of the respective German states and the Minister of the Federal Republic. The conference is scheduled to run all day on 25 July and to reconvene on 26 July at 9:00 a.m. until adjournment at 1:00 p.m..

6. The exclusive purpose and topic of the conference is to convene the aforesaid ministers for a necessary briefing by the Defendant and her counterpart task force leaders throughout Germany on issues deemed vital to their responsibilities. Attendance at this conference is mandatory.

7. At the request of Defendant's co-counsel, the Court granted a telephonic hearing on Friday, July 20th in an effort to resolve the conflict between the scheduled deposition of the Defendant and the referenced conference. In an effort to accommodate the respective interests of the parties the Court ordered the deposition to take place on successive days at 2:00 p.m. in Hamburg in the apparent belief that such would permit the Defendant to attend the conference in Berlin.

8. The Defendant advised the undersigned that she did not participate in the referenced telephonic conference with the Court and due to a lack of communication with her counsel, John Merrett, the Court was not fully advised in the premises which resulted in an order which in effect defeated the concerns of the Court that the Defendant be permitted to attend this required conference.

9. Specifically, Hamburg is situated approximately one hundred and thirty kilometers from Berlin, approximately a three hour trip by rail. It is impossible for the Defendant to attend the mandatory conference in Berlin on July 25, which does not recess until 5:00 p.m. that date, and to simultaneously appear in Hamburg at 2:00 p.m..

10. The undersigned located and spoke with co-counsel John Merrett in South Carolina, who confirmed that the Court was not advised that the Defendant could not get to Hamburg in time for the scheduled deposition on July 25th. The undersigned was also advised by the Defendant, that in an effort to accommodate the wishes of the Court, German authorities had arranged for the Defendant's deposition to take place in Berlin at the United States Embassy. However, plaintiffs' counsel apparently repudiated that accommodation.

11. Because defendant's counsel was out of state and planning to depart for Europe on Saturday, July 21st, the undersigned was requested to seek this relief.

12. The undersigned certifies he conferred in good faith with counsel for the plaintiff in an unsuccessful effort to resolve the issue raised herein pursuant to Federal Rules of Civil Procedure 26(c) and Local Rule 3.01(g). Mr. Moxon advised that he had "thoroughly investigated" the circumstances of the conference; and that the Defendant was "lying" to the undersigned in asserting that the conference was mandatory. Mr. Moxon was advised in turn that the Defendant was acting in good faith and did not seek to unduly delay or obstruct the deposition in any way. Further, that

3

the Defendant was willing to remain in Hamburg on Thursday, July 26th and thereafter for however long it took to complete her deposition. Mr. Moxon accused the undersigned of attempting to violate the order of this Court and asserted that he would be in Hamburg on the morning of Wednesday, July 25th for the purpose of taking the Defendant's deposition.

13. On Monday, July 23rd, the Defendant advised that she had made arrangements with her employer, the State of Hamburg, to reschedule conference matters requiring her participation for July 25th, in order that she may attend her deposition in Hamburg on July 26th at 2:00 p.m. as presently scheduled. The undersigned thereafter made a further attempt to discuss and resolve the matter with Plaintiff's co-counsel, Helena Kobrin, and was unsuccessful.

14. Counsel for the Plaintiff advised the undersigned that he was leaving for Germany on the morning of Saturday, July 21st. Given the fact that the Court has ordered that the deposition occur in part on July 26th, and given Mr. Moxon's already planned presence in Germany through that date, the Defendant perceives no prejudice whatsoever to the plaintiff were the Court to grant the relief requested herein. In addition, both co-counsel John Merrett and the undersigned have assured Mr. Moxon of all necessary assistance in obtaining the services of a translator during the deposition.

15. This conflict arose by virtue of the lack of communication between the Defendant and her counsel, John Merrett.

16. The Defendant would be required to violate and disregard her mandatory duties as an employee of the State of Hamburg were she to leave the conference in Berlin prior to its recess July 25th at 5:00 p.m..

17. Accordingly, the Court ordered deposition for 2:00 p.m. July 25th poses an undue burden upon the Defendant.

4

## MEMORANDUM OF LAW

18.     Federal Rule of Civil Procedure 26(c) permits the Court to enter an order for good cause shown granting relief from pending discovery which constitutes an undue burden. This Court has ordered the Defendant's deposition to commence at 2:00 p.m., Wednesday July 25, 2001, in Hamburg, Germany. That schedule conflicts with the Defendant's mandatory attendance at a State conference in Berlin from 10:00 a.m. until 5:00 p.m. on the same date.

19.     The relief requested contemplates that the Defendant will appear at 2:00 p.m., July 26, 2001, for deposition, and remain until it is concluded as is presently ordered by the Court.

20.     Absent the relief requested, the Defendant would be placed in the untenable and burdensome position of violating an order of the Court or violating her official duties.

21.     The relief requested does not in any way prejudice the plaintiff's right to discovery.

WHEREFORE, it is respectfully requested that this Court enter a protective order excusing the Defendant from appearing for deposition at 2:00 p.m. on July 25th; or alternatively, amend its previous order by directing that the Defendant's deposition commence in Hamburg, Germany at 2:00 p.m. July 26th and continue thereafter until completed.

Respectfully submitted,

*/s/ Robert W. Merkle*
ROBERT W. MERKLE, ESQUIRE
Florida Bar No.: 138183
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
Telephone: (813) 281-9000
Fax: (813) 281-2223
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail to the following this 23rd day of July, 2001:

Wallace Pope, Esq.
Johnson, Blakely, et. al.
911 Chestnut Street
Clearwater, Florida 33757

Helena K. Kobrin, Esq.
Moxon & Kobrin
1100 Cleveland Street, Suite 900
Clearwater, Florida 33755

Kendrick L. Moxon
Moxon & Kobrin
3055 Wilshire Boulevard, Suite 900
Los Angeles, CA 90010

Robert W. Merkle