IN THE UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

FILED
01 SEP -4 PM 2:12
CLERK U.S. DISTRICT C
MIDDLE DISTRICT OF FL
TAMPA, FLORIDA

HUBERT HELLER,

    Plaintiff

Vs                          Case No.: 8:00CV-1528-T-27C

URSULA CABERTA,

    Defendant
_____/

### DEFENDANT'S MOTION TO FILE RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FSIA) ONE DAY LATE AND MEMORANDUM OF LAW

Defendant, Ursula Caberta moves this Court for leave to file Defendant's Renewed Motion to Dismiss For Lack of Subject Matter Jurisdiction (FSIA) one day late.

### MEMORANDUM OF LAW

On February 15, 2001, this Court ordered that the Defendant could renew her motion to dismiss for lack of subject matter jurisdiction on or before August 31, 2001 ("unless the time period is extended for good cause shown"). Defendant's counsel prepared and completed such a motion for filing on August 31, 2001 and requested Sonic Courier to deliver it to the courthouse for filing on August 31, 2001. Sonic Courier advised this office that it would guarantee delivery to the courthouse if the document could be picked up at 2:30 P.M. Defendant's counsel's office advised Sonic Courier that the document would be ready for pickup at 2:30 P.M. and Sonic Courier agreed to pick it up at 2:30 P.M. and deliver it to the federal courthouse before the close of business.

Defendant's motion to dismiss was completed and ready for pickup before 2:30 P.M. However, Sonic Courier did not show up at 2:30 P.M. Despite repeated phone calls by

1



Defendant's counsel's secretary to Sonic Courier and Sonic Courier's representations that its messenger's arrival was imminent, the messenger did not arrive until approximately 4:15 P.M. Defendant's counsel called Sonic Courier shortly before 5:00 P.M. and was advised that the messenger was in the courthouse. Consequently, Defendant's counsel was under the impression that the document was filed on August 31, 2001.

On the morning of the next business day, September 4, 2001, Defendant's counsel learned for the first time that the motion to dismiss was not filed until approximately 8:55 A.M. on September 4, 2001. Despite requests to Sonic Courier for an explanation, Defendant's counsel still does not know why the document was not filed on August 31, 2001 as requested by Defendant's counsel and represented by Sonic Courier.

The late filing was through no fault of Defendant. Further, the issue of the Court's subject matter jurisdiction may be raised at any time. See, F.R.Civ.P. 12(h)(3). Moreover, there is absolutely no prejudice to the Plaintiff particularly since the motion was served on Plaintiff at the proper time. Although the circumstances of the messenger's failure to file the motion were explained to Plaintiff's counsel, Plaintiffs' counsel, Mr. Moxon, has advised Defendant's counsel that he objected to the late filing. It is difficult to imagine any reason for Mr. Moxon's objection and none was provided to Defendant's counsel. In over 25 years of practice, the undersigned has never seen a situation where either he or opposing counsel objected to a one day extension of time for any legitimate reason. In light of the completion of the motion in sufficient time for a timely filing, proper efforts by Defendant's counsel to timely file the motion, the absence of any fault by the Defendant, and the lack of prejudice to Plaintiff, there is good cause for extending the time for filing the Renewed Motion to Dismiss For Lack of Subject Matter Jurisdiction (FSIA) by one day.

WHEREFORE, Defendant requests leave to file her Renewed Motion to Dismiss For Lack of Subject Matter Jurisdiction (FSIA) one day late.

Respectfully submitted,

_____
Robert W. Merkle
Florida Bar No.: 0138183
Ward A. Meythaler
Florida Bar No.: 0832723
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
TEL: (813) 281-9000
FAX: (813) 281-2223

John M. Merrett
Florida Bar No.: 0742848
2716 Herschel Street
Jacksonville, Florida 32205
TEL: (904) 388-8891

## CERTIFICATE OF COMPLIANCE

The undersigned spoke to Plaintiff's counsel, Mr. Moxon, on September 4, 2001. Mr. Moxon stated that he objected to this motion.

_____
Ward A. Meythaler

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on the 4th of September, 2001 to: F. W. Pope, 911 Chestnut Street, Clearwater, FL 33756 and K. Moxon, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755.

_____
Ward A. Meythaler