**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

01 SEP 26 PM 1:32

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**HUBERT HELLER,**

    Plaintiff,

vs.                              Case No.:   8:00-CV-1528-T-27C

**URSULA CABERTA,**

    Defendant.
_____/

## ORDER

    Before the court is defendant's **Motion to Strike Plaintiff's Motion to Compel Further Deposition of Defendant Ursula Caberta; to Compel Responses to Deposition Questions; and for Fees and Costs** (Dkt. 112) and plaintiff's response (Dkt. 113).

    The local rules require a statement certifying that the moving party made a good faith effort to resolve the issue(s) with opposing counsel prior to seeking relief from the court. See Local Rule 3.01(g), M.D. Fla.

    In defendant's motion, counsel states that he has "unsuccessfully attempted to confer with Plaintiff's counsel, Mr. Moxon, to informally resolve the dispute set forth in this Motion." (Dkt. 112). Plaintiff, on the other hand, asserts that defendant did not contact plaintiff's counsel prior to filing the present



motion.[1] The court finds defendant's statement insufficient to comply with Local Rule 3.01(g).[2]

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Defendant's motion to strike (Dkt. 112) is **DENIED** for failing to confer with opposing counsel in accordance with Local Rule 3.01(g); and

(2) Plaintiff's request that the court accept its 25-page motion to compel (Dkt. 105) is **GRANTED**. Defendant shall respond to plaintiff's motion within **five (5) days** of this order.

**DONE AND ORDERED** at Tampa, Florida this 26TH day of September, 2001.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
    Counsel of record

---

[1] The instant dispute involves plaintiff's motion to compel (Dkt. 105) which contains 25 pages of 13 point type. Defendant seeks an order striking the motion as violating Local Rule 3.01(c), M.D. Fla., which requires that any memorandum filed with the court contain a maximum of 20 pages, unless the party first obtains the court's permission. In its response, plaintiff asserts that its violation was inadvertent, and belatedly requests that its memorandum be accepted by the court. (Dkt. 113).

[2] Defendant waited until September 21, 2001 to file its motion to strike, while plaintiff's motion was filed on September 5, 2001, fifteen days earlier. Defendant had ample time to confer with plaintiff's counsel prior to filing its motion to strike.

Date Printed: 09/27/2001

Notice sent to:

    ___  F. Wallace Pope, Esq.
         Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
         911 Chestnut St.
         P.O. Box 1368
         Clearwater, FL  33757-1368

    ___  Kendrick L. Moxon, Esq.
         Moxon & Kobrin
         3055 Wilshire Blvd., Suite 900
         Los Angeles, CA  90010

    ___  John Matthew Merrett, Esq.
         Law Office of John M. Merrett
         2716 Herschel St.
         Jacksonville, FL  32205

    ___  Robert Merkle, Esq.
         Merkle & Magri, P.A.
         5510 W. LaSalle St.
         Tampa, FL  33607

    ___  Daniel A. Leipold, Esq.
         Leipold, Donohue & Shipe, LLP
         960-A W. 17th St.
         Santa Ana, CA  92706