FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

      Plaintiff

Vs

                               Case No.: 8:00CV-1528-T-27C

URSULA CABERTA,

      Defendant
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DEPOSITION OF DEFENDANT URSULA CABERTA

Plaintiff, Hubert Heller, filed a 25-page Motion to Compel Further Deposition of Defendant Ursula Caberta; to Compel Responses to Deposition Questions; and for Fees and Costs ("Motion to Compel"). Defendant filed a Response objecting to that Motion to Compel. Plaintiff has filed a Motion for Leave to File Reply Memorandum In Support of Motion to Compel. This is Defendant's Response objecting to the motion to file a reply memorandum.

First, Plaintiff should not be permitted to file a reply memorandum because Mr. Moxon has again violated the Local Rules. By way of background, on November 22, 2000, the Court entered an Order directing the Clerk to strike a 31-page Memorandum of Law filed by Mr. Moxon without Court permission. Despite this, Plaintiff filed the 25-page Motion to Compel without seeking Court permission. This Court denied Defendant's motion to strike the 25-page brief on the grounds that the Defendant's Certificate of Compliance pursuant to Rule 3.01(g) was insufficient based, apparently, on Mr. Moxon's incorrect assertion that Defendant's counsel made



no effort to contact him. Since the Defendant's Certificate of Compliance was virtually identical to the Plaintiff's Certificate of Compliance with respect to the Motion to Compel, Mr. Moxon's Certificate of Compliance with respect to the Motion to Compel was also insufficient.

Plaintiff served and apparently filed the instant motion to file a reply memorandum on October 9, 2001. Despite the above background, this was done without complying with Rule 3.01(g). Plaintiff did file the next day, October 10, 2001, a Rule 3.01(g) certification certifying that Plaintiff's counsel contacted Defendant's counsel. However, that certification does not indicate when the contact took place. The certification is "dated" October 10, 2001, but this is misleading since this date would normally be interpreted as the date of the preparation of the Certificate as opposed to the date of the contact required by Rule 3.01(g). The fact of the matter is that Mr. Moxon did not contact Defendant's counsel until October 10, 2001, which was after the motion to file a reply memorandum was filed.[1]

Next, Plaintiff has already filed an oversized Memorandum and there is no need to file any additional argument. If the Court does accept or otherwise considers the Reply Memorandum, Defendant requests permission to file a written response to the Reply.

---

[1]    Defendants' counsel acknowledge that bickering over the Local Rules is unfortunate and is not a practice in which they wish to engage. However, there has been a continuing abuse of the Local Rules. In addition to the above, on August 31, 2001, Defendant timely served her Renewed Motion to Dismiss. This law firm's hired professional courier, Sonic Courier, although promising to file the motion on that date, failed for unexplained reasons and through no fault of Defendant to file the motion at that time and filed the motion the first thing on the next business day. When these circumstances were explained to Mr. Moxon, he immediately refused with no reason given to agree to a 1-day extension to file the Renewed Motion to Dismiss, which, of course, required defense counsel to file a motion to file the Renewed Motion one day late, to which Mr. Moxon did not even respond, and which, of course, also required the Court to enter an order granting the motion.

**WHEREFORE,** for the reasons stated above, the Plaintiff's motion to file a reply memorandum should be denied.

Robert W. Merkle
Florida Bar No.: 0138183
Ward A. Meythaler
Florida Bar No.: 0832723
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
TEL: (813) 281-9000
FAX: (813) 281-2223
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by hand delivery this 19 day of October, 2001, to F. W. Pope, 911 Chestnut Street, Clearwater, FL 33756, and K. Moxon, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755.

Ward A. Meythaler

-3-