IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff

vs.   Case No.: 8:00-CV-1528-T-27C

URSULA CABERTA,

    Defendant
_____/

## DEFENDANT'S MOTION TO RECUSE MAGISTRATE
## AND FOR NEW HEARING AND MEMORANDUM OF LAW

Defendant, Ursula Caberta, moves that Magistrate Judge Elizabeth Jenkins be recused from this case and that a new hearing be held with respect to Plaintiff's Motion to Compel Further Deposition of Defendant Ursula Caberta; to Compel Responses to Deposition Questions; and for Fees and Costs ("Motion to Compel").

### MEMORANDUM OF LAW

On February 15, 2001, the District Court entered an Order on Defendant's Second Motion to Dismiss permitting discovery limited to the issue of immunity under the Foreign Sovereign Immunities Act ("FSIA"). On July 26, 2001, Plaintiff took the Defendant's deposition in Germany which, as required by the February 15, 2001 Order, was to be limited to the issue of FSIA immunity. Following the deposition, Plaintiff filed the aforesaid Motion to Compel, requesting, *inter alia*, that Defendant be required to travel to Florida for further deposition. Defendant filed a response to the Motion to Compel pointing out that the Plaintiff could have easily finished the deposition in Germany if he had confined his questions to the relevant issues set forth in the court's February 15, 2001 Order; that no additional amount of discovery would

SCANNED

further Plaintiff's case; and that Plaintiff had made no showing whatsoever that any additional discovery would assist his position. On October 24, 2001, Magistrate Jenkins held oral argument on the Motion to Compel.[1] At the end of the hearing, the Magistrate indicated that the Plaintiff would be required to travel to the United States for another day of deposition and ordered the parties to submit to her dates on which the Defendant and the attorneys could be available for the deposition. The Magistrate further indicated that she would set forth in a written order the scope of the questioning at the deposition. In other words, the Magistrate had made up her mind as to her decision on the Motion to Compel by at least the end of the hearing. However, the Magistrate manifested during the hearing that she had not looked at critical evidence relied on by the Defendant. Consequently, the Magistrate had prejudged the issue before reviewing the evidence which gives rise to the appearance of a lack of impartiality.

The main issue relevant to the Motion to Compel, of course, concerned the Defendant's and the Plaintiff's attorney's conduct at the Defendant's deposition in Germany on July 26, 2001. This deposition transcript was 200 pages long and was submitted to the Magistrate by the Plaintiff. The deposition was obviously key to understanding and ruling on the issues raised in the Motion to Compel and the Defendant's response. At the end of the hearing on the Motion to Compel, the Magistrate indicated that the version of the deposition that she was considering was only 130-some pages long. The Magistrate noted that there had been references to pages of the deposition transcript that were not included in the copy of the deposition she was considering

---

[1] The hearing transcript has not been received and will be submitted as a supplement to this motion when it is received. This motion is being filed prior to the completion of the transcript to avoid any suggestion that the Defendant waited to see the Magistrate's written order before determining whether to file this motion.

(i.e., they appeared after page 130). The Magistrate further indicated that the copy of the deposition which she was considering appeared to be a complete version of the deposition since the deposition indicated that it was adjourned at 10:06 p.m. As it turns out, the deposition which the Magistrate had incorrectly thought was the Defendant's deposition in Germany was in fact a deposition of the Defendant taken in a different state court proceeding in Florida. This deposition had been submitted by the Defendant to show the type of harassment the Scientology organization had subjected the Defendant to on a prior occasion. Thus, although the Magistrate had made up her mind and announced that she intended to enter the relief requested by the Plaintiff, the Magistrate had not reviewed the deposition taken in Germany, which was the document most critical to the Motion to Compel.

The Magistrate's failure to review the Defendant's deposition taken in Germany is further demonstrated by the fact that the Magistrate accused Defendant's prior counsel, Mr. Merrett, of directing the Defendant during her deposition in Germany not to answer certain questions. The undersigned counsel has reviewed the deposition taken in Germany and can find no instances in which Mr. Merrett directed the Defendant not to answer questions.[2] However, Mr. Merrett did instruct the witness not to answer various questions in the Florida state court deposition which the Magistrate apparently incorrectly thought was the deposition taken in Germany in this case. This further indicates that the Magistrate had not reviewed the deposition taken in Germany, but rather reviewed the Florida state court deposition before announcing her intended decision at the end of October 24, 2001 hearing.

---

[2] Mr. Merrett did invoke the witness' right not to answer questions which the Defendant felt may be used to incriminate her or subject her to prosecution.

Another primary document in this case is the aforesaid February 15, 2001 Order denying the Defendant's second motion to dismiss and setting forth the jurisdictional discovery to be conducted at the deposition in Germany. Without reviewing this order (and, as noted above, the deposition taken in Germany), the Magistrate would have no way to determine the extent to which Plaintiff's attorney wasted time by not asking relevant questions and by asking questions beyond the scope of the jurisdictional discovery and whether Plaintiff's attorney could have finished the deposition in one day. It is clear from the demeanor of the Magistrate and the conduct of the October 24, 2001 hearing that the Magistrate had made up her mind before oral argument to grant the Plaintiff's Motion to Compel. It also became clear during the hearing that the Magistrate had not reviewed the trial court's February 15, 2001 Order setting forth the scope of the deposition which is at issue here. Indeed, the Magistrate acknowledged that the Court's February 15, 2001 Order was not even available to her because it was part of the record at the Eleventh Circuit Court of Appeals.

28 U.S.C. § 455(a) provides that "any ... magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for determining whether a magistrate should have recused herself under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). "Scienter in not an element of a violation of § 455(a)" and "[t]he goal of § 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859, 860, 105 S.Ct. 2194, 2202,

2203 (1988). In *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3rd Cir. 1993), the court stated the following:

> Whenever a judge's impartiality "might reasonably be questioned" in a proceeding, 28 U.S.C §455(a) commands the judge to disqualify himself *sua sponte* in that proceeding. For purposes of §455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or the party's counsel. This is so because §455(a) concerns not only fairness to individual litigants, but, equally important, it concerns "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." [authority omitted]

Statements by the Magistrate here reflecting her decision when she had not considered the evidence (i.e., the deposition taken in Germany) creates the appearance of prejudging and impermissible partiality requiring recusal of the Magistrate under § 455(a). In *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1361 (10th Cir. 1977), the Magistrate observed that "the appearance of impartiality is virtually as important as the fact of impartiality." In that case, the Tenth Circuit ordered that the trial judge be recused because, *inter alia*, the judge announced at the oral argument concerning a motion for summary judgment that the insurance company was "stuck" although he had not yet read the depositions or permitted counsel for the insurance company to address the Court. In *Alexander v. Primerica Holdings, Inc., supra* at 164, the Third Circuit ordered that the trial judge be recused because, *inter alia*, he made observations that the Plaintiff's witnesses may have committed perjury, which, according to the Third Circuit "could be perceived by a reasonable person as an indication that the district court judge — without having heard all of the testimony — has already determined that important witnesses for the petitioners are not credible."

In both *Webbe* and *Alexander*, as here, the courts made comments indicating that they had prejudged the issue before they had reviewed all of the evidence. The instant situation is even more problematic than *Webbe* or *Alexander* because the Magistrate made her actual decision that a deposition of the Defendant occur within the next thirty days even though the Magistrate had not reviewed the critical deposition taken in Germany (or, apparently, the court's February 15, 2001 Order) which was the subject of the Motion to Compel and the Defendant's response. Consequently, the Magistrate must be recused to avoid the appearance of impartiality for having prejudged the issues here without having fully considered the evidence.

The appearance of partiality here is not helped by the Magistrate's seemingly uneven-handed treatment of the Defendant and her counsel. As noted above, the Magistrate accused the Defendant's prior counsel of directing the Defendant not to answer questions at the deposition in Germany even though there was no record activity to support the Magistrate's allegation. Moreover, assuming the Magistrate was mistakenly referring to the Florida state court deposition at which Defendant's prior counsel did direct her not to answer certain questions, the Magistrate was upset with Defendant's counsel for directing the Defendant not to answer certain questions, but showed no concern for the fact that Plaintiff's counsel twice gave Defendant a Nazi salute at that deposition. Next the Motion to Compel at issue here violated the 20-page limit and was filed without a motion requesting permission to file an oversized motion. In part because the Court had previously stricken another oversized memorandum filed by the Plaintiff, Defendant moved to strike the Motion to Compel for failing to comply with the court's page requirements. In her order of September 26, 2001, the Magistrate denied the Defendant's motion to strike on the grounds that the Defendant's §3.01(g) certification was insufficient to comply with local rule

3.01(g). However, that 3.01(g) certification was identical to the Plaintiff's rule 3.01(g) certification in the Motion to Compel at issue here. However, it appears that the Magistrate was not bothered by the Plaintiff's 3.01(g) certification although she criticized the Defendant's identical certification and struck the Defendant's motion because of it. This inconsistent treatment of the Defendant's attorneys only makes worse the appearance of partiality created by the Magistrate's announcing her decision before having reviewed all the evidence.

**WHEREFORE,** for the reasons set forth above, Defendant requests that Magistrate Judge Elizabeth Jenkins be recused from this case and that a new hearing be held on the Motion to Compel.

Respectfully submitted,

_____
Robert W. Merkle
Florida Bar No.: 0138183
Ward A. Meythaler
Florida Bar No.: 0832723
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
TEL: (813) 281-9000
FAX: (813) 281-2223

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

The undersigned certifies that on October 30, 2001 he attempted to confer with attorney for Plaintiff by phone, but he was not available. The office of the attorney for Plaintiff did advise

-7-

through phone messages that the attorney for the Plaintiff objected to this motion. Thus, counsel for Defendant has unsuccessfully attempted to resolve with the attorney for the Plaintiff the issue in this motion.

_____
Ward A. Meythaler

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this ___31___ day of October, 2001, to F. W. Pope, 911 Chestnut Street, Clearwater, FL 33756, and K. Moxon, Moxon & Kobrin, Suite 900, 1100 Cleveland Street, Clearwater, FL 33755.

_____
Ward A. Meythaler