FILED

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA NOV -9 PM 1: 53
TAMPA DIVISION

HUBERT HELLER,

        Plaintiff,

vs.                    Case No. 8:00-CV-1528-T-27C

URSULA CABERTA,

        Defendant.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO RECUSE THE COURT

### I - INTRODUCTION

One might imagine the chaos that would be caused in the federal judicial system if an allegation by a party that a judge ruled "without having fully considered the evidence", (Motion at 6), gave rise to recusal. Yet this is the central argument of the defendant. The upshot of this position is that literally every time a party lost a motion, the party could assert that the judge obviously failed to consider evidence, merely by virtue of the judge *disagreeing* with a position the party or counsel believes is a winner. "How could the judge have possibly disagreed with my meritorious position?" is answered by the assumption, "she obviously did not consider the evidence." Such a position would give the losing side in any adjudication a basis to seek recusal, and is simply not the law.

The factual basis for the motion is also unjustifiably inaccurate. There is no



evidence that the Court failed to consider or review the evidence before making its ruling. Indeed, the Court merely ruled that the deposition of Ms. Caberta would go forward and has not even *issued* the ruling on the scope thereof. Moreover, based on prior adjudications, the Court has intimate familiarity with the many months of efforts by plaintiff to obtain defendant Ursula Caberta's deposition; the numerous efforts by Caberta to prevent and to impede this deposition; and her failure to comply with this Court's Order mandating her to appear for deposition in Germany on July 25, 2001. And, the Court asked several questions at the hearing manifesting a knowledge of the details of the instant dispute. Similarly, defendant's assertion that Judge Jenkins did not read Judge Whittemore's ruling of February 15, 2001 is refuted by Judge Jenkins's specific reference to that ruling and the scope of discovery addressed therein, in making the *initial* ruling on March 29, 2001, compelling Ms. Caberta's deposition.

However it is hardly necessary or appropriate for the Court to report to the parties precisely what the Court did or did not do in preparing for the hearing or ruling on the motion. And, defendant's conclusions as to what the Court reviewed, based on interpretations of snippets of the record are demonstrably flawed. After full briefing by the parties on plaintiff's motion to compel and for sanctions, this Court conducted an extensive hearing on October 24, 2001, running fifty-one transcript pages. At the conclusion of this hearing, this Court "direct[ed] that counsel define a date and time within the next 30 days for a deposition of Ms. Caberta not to exceed one day to be taken here in Tampa, Florida, in the courthouse in the attorney-witness room outside of the courtroom" and that the issue of sanctions and "the exact scope of the

deposition questions that will be permitted . . . will have to wait until my written order is entered which will not be before next week" (Hearing Transcript, at 50.)[1]

Defendant's Motion to Recuse, filed without even waiting for this Court's written Order, reflects nothing more than dissatisfaction with the Court's ruling, and fails to establish the pervasive bias or prejudice necessary as a matter of law to disqualify the Court. Under well-established law, a party may not claim bias where a judge or magistrate's views are predicated solely on information learned within the case, as occurred here.

Even if defendant's motion were not legally frivolous, defendant misrepresents the facts underlying her Motion to Recuse. A simple examination of the hearing transcript reveals that this Court conducted a full and fair hearing on plaintiff's Motion to Compel, was very familiar with the factual record in this case, and reached its decision after affording more than ample opportunity to defendant's counsel to present his arguments. To charge this Court with bias or prejudice in deciding plaintiff's Motion to Compel is not only wrong, but displays the same sort of contempt for the Court's Orders and proceedings that defendant and her counsel have exhibited throughout the discovery process, and which gave rise to the Motion to Compel Ms. Caberta's deposition in the first place.

## I. Defendant's Complaints About this Court's Ruling and Conduct of the Hearing Are a Legally Meritless Basis for a Motion to Recuse

Under Section 455(a) "[a]ny justice, judge, or magistrate of the United States

---

[1] A full copy of the Hearing Transcript was appended to the Supplement to Defendant's Motion to Recuse Magistrate and for New Hearing.

3

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). It has long been the rule in this Circuit that a motion to recuse cannot be based on facts the judge learns within the case itself. Rather, "[t]he judge's bias must be *personal* and *extrajudicial*; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham,* 906 F.2d 674, 678 (11th Cir. 1990) (emphasis added). Recusal is inappropriate where "the Court's only association with [defendant] and any opinion that it may have of him has been gained in open Court." *First Alabama Bank of Montgomery, N.A. v. Parsons Steel Inc.*, 825 F.2d 1475, 1486 (11th Cir. 1987); *see Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir.1988) ("'it is well established that an allegation of bias sufficient to require disqualification under ... section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature'") (quoting *United States v. Meester,*762 F.2d 867, 884-85 (11th Cir.1985)). It is indisputable that the only issues defendant raises are not personal or extrajudicial and are based on in-court proceedings.

Further, a motion to recuse may not be based on mere disagreement with a judge's rulings. *See McWhorter,* 906 F.2d at 678 ("a judge's rulings in the same or a related case may not serve as the basis for a recusal motion"). In case after case, the courts in this Circuit have rejected motions to recuse predicated on mere disagreement with the judge's rulings. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 780, 781 (11th Cir. 1994) (rejecting recusal when "complaints about the trial judge . . . are nothing more than complaints about the judge's timeliness and rulings"); *Jaffree,* 837 F.2d at

4

1465 ("It is simply not enough to voice disagreement with previous rulings"); *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1020 (5th Cir. 1981).

Defendant's motion ignores these fundamental principles. Each of the purported "facts" which form the basis of defendant's Motion are either simple disagreements with this Court's rulings or complaints about this Court's non-personal, judicial statements during the hearing. According to the defendant (in a series of inaccurate and misleading allegations), this Court has demonstrated its bias because: (1) the Court allegedly failed to conduct an adequate review of the transcript of Caberta's deposition prior to issuing its oral order; (2) the Court believed that defendant's counsel directed defendant not to answer questions in her deposition (which is in fact precisely what happened); (3) the Court allegedly failed to review the February 15, 2001 Order directing jurisdictional discovery in this case prior to conducting the Hearing (but admittedly did so during the Hearing); (4) the Court "showed no concern" for plaintiff's counsel's alleged misconduct in a prior, *unrelated state* court proceeding involving the defendant and plaintiff's counsel; and (5) the Court issued an order that one of defendant's motions failed to comply with Local Rule 3.01(g). As further shown below, not only does defendant seriously misrepresent the facts, but, even if the facts were as defendant represents, they are insufficient, as the party moving for recusal must show bias based on "something other than that which the judge learned by participating in the case." *McWhorter,* 906 F.2d at 678; see *Loranger*, 10 F.3rd at 780. Defendant has shown only that she disagrees with this Court's rulings and alleged deficiencies in this Court's review of the record based on

5

information learned within the judicial proceeding. Under this Circuit's law, this is a meritless basis for a motion to recuse.

Defendant's complaints about this Court's rulings and review of the record likewise manifestly fail to come close to the "pervasive bias" which might support a motion to recuse. "In *rare* cases, [courts] have required recusal when 'such *pervasive* bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" *See Loranger*, 10 F.3d at 780 (quoting *Davis v. Board of Sch. Comm'rs*, 517 F.2d 1044, 1052 (5th Cir.1975)) (emphasis added). The truly extreme circumstances under which "pervasive bias" may be found are shown by the facts of the only case cited to in *Loranger* in which such "pervasive bias" was established. *See Loranger*, 10 F.3d at 780 (citing *United States v. Holland*, 655 F.2d 44, 47 (5th Cir. 1981)). In *Holland*, a criminal defendant was retried before the same district judge after successfully appealing a prior conviction. In the second trial, the judge stated that the defendant had "broken faith" with the court at his first trial by consenting to the judge visiting the jury room and then raising the issue on appeal. The judge then denied a motion for mistrial and twice stated that he intended to increase the defendant's sentence because of the incident which he had described. The Court of Appeals reversed the defendant's conviction because "[t]he trial judge's remarks . . . reflect a personal prejudice against Holland for successfully appealing his conviction on the basis of the judge's actions during the prior trial." *Holland*, 655 F.2d at 47.

The cases cited by the defendant only serve to highlight the truly exceptional

6

circumstances in which recusal for pervasive bias may be warranted. In *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993), the Third Circuit had reversed a district court's grant of summary judgment, but on remand the district judge continued to disagree with the appellate court and made a number of very unusual and egregious remarks and activities demonstrating *personal* and *extrajudicial* bias having not the remotest relationship to the facts herein.

In *U.S. v. Torkington*, 874 F.2d 1441 (11th Cir. 1989), cited by defendant, the judge made numerous and extraordinary comments exhibiting bias having no relationship to the alleged factual basis for defendant's motion to recuse.[2]

None of the few recusal cases cited by defendant have the remotest comparison with the facts of the instant case.

### B.    Defendant Misstates the Facts Underlying Her Motion to Recuse

Defendant's Motion to Recuse is not only legally deficient, but also misstates the facts of this case. Contrary to defendant's inaccurate aspersions, this Court gave defendant's counsel more than a full and fair opportunity to present his arguments, and the Court conducted the hearing in an evenhanded and unbiased manner. In questioning plaintiff's counsel, this Court asked a number of probing questions which

---

[2] Defendant's reliance on *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1631 (10th Cir. 1977) similarly shows just how far and wide defendant must search to argue for recusal. *Webbe*, like *Torkington*, concerned reassignment after a reversal on appeal, in which there is a concern, not present in this case, as to whether a district court is able to put aside the reversal of its prior rulings in a subsequent proceeding. *See Torkington*, 874 F.2d at 1447. Further, the appeals court in *Webbe* predicated its decision on the trial judge having manifested actual bias by its conduct, again, not in the faintest degree comparable to what defendant alleges here.

7

demonstrated both evenhandedness and this Court's familiarity with the record in this case. For example, this Court questioned plaintiff's counsel regarding the Affidavit filed by the defendant (*see* Hearing Transcript at 10-11), whether plaintiff sought to compel answers only to the specific questions listed in his Motion or to other questions (*see id.* at 13-14), and defendant's claim that she would have appeared for further deposition the following day (*see id.* at 15-16).

In questioning defendant's counsel, this Court similarly probed the merits of defendant's argument, in a manner showing detailed familiarity with the dispute. For example, this Court questioned the defendant's refusal to provide her bank records or to be questioned about them, although that particular point had not arisen during plaintiff's argument and could obviously only have been derived from the party's arguments and a review of the record. *(See Id.* 26-27.) The rest of this Court's questions to defendant's counsel likewise show this Court's preparation and effort to understand the legal merits of the parties' arguments prior to ruling.

Nevertheless, defendant complains that the Court failed to conduct a fair hearing. Defendant contends that the Court failed to review the transcript of defendant's deposition before issuing its oral order. (Motion at 2-3.) Defendant rests this factual assertion on a brief interchange near the end of the hearing where the Court sought clarification as to the deposition pages referenced by counsel. (Hearing Transcript at 45-46.) Defendant's counsel clarified that the transcript the Court was viewing *at that particular moment* was from Caberta's state court deposition in an unrelated case, which defendant had filed. (*Id.* at 46.) From this slender reed,

defendant makes the baseless assertion that this Court *never* reviewed Caberta's deposition in *this* case. (Motion at 2-3.) However, the hearing transcript reveals this Court's intimate familiarity with the transcript of Ms. Caberta's deposition in this case, extensive excerpts of which were filed by plaintiff. Defendant herself chose to make reference to pages of the transcript only by the complicated procedure of demanding the Court review an exhibit filed in a different motion – its summary judgment motion filed before the district court. Further, the Court has no duty to review each and every line of a disputed deposition. It is the duty of counsel to direct the Court to the relevant passages which, aided by the Court's questions, each counsel clearly did.

Next, defendant incorrectly asserts that this Court erred in believing that defendant's prior counsel directed defendant not to answer questions in her deposition. (*See* Def's Motion to Recuse at 3.) In fact, Ms. Caberta's counsel *did* repeatedly direct defendant not to answer questions in the deposition. (*See* Deposition Transcript, at 68-71, 73-85, 168, 169, attached as Exhibit A).[3] When this Court asked defense counsel to "let me just hear why [prior defense counsel] instructed [defendant] not to answer," Hearing Transcript at 27, counsel conceded the instructions to the witness, stating: "If it were me, I think I would have done the same

---

[3] The only possible basis for defendant's false representations to the Court on this point, other than simple bad faith, is some kind of esoteric hair-splitting distinction between counsel repeatedly stating that the witness is not going to answer a question and counsel invoking the magical words of "instructing" her not to answer. The interposition of a Motion to Recuse on such a meaningless distinction (a "distinction" which defendant's counsel himself missed at oral argument) highlights the lack of good faith inherent in the Motion.

thing." (*Id.* at 27, 28.) Counsel's accusation that this Court showed bias and prejudice in accurately believing that counsel instructed defendant not to answer, after expressly confirming this fact to this Court, is to put it mildly, remarkable.

Defendant also complains that this Court allegedly failed to consider Judge Whittemore's February 15, 2001 Order directing jurisdictional discovery prior to the hearing. (*See* Motion to Recuse at 4.) However, all that the record shows is that during the hearing that Order was not in the Court file, but rather had been forwarded to the Court of Appeals. Defendant fails to show that this Court was unfamiliar with the Order, that the Order had any particular relevance to the issues before the Court, or that its absence from the folder due to defendant's appeal shows this Court's bias or prejudgment. Indeed, in making the initial ruling on March 29, 2001, compelling Ms. Caberta's deposition, the Court made *specific* reference to that ruling and the scope of discovery addressed therein. In any event, both sides paraphrased the one relevant sentence of Judge Whittemore's February 15th ruling at issue in their papers on the motion to compel, and *defendant's counsel* provided this Court with a copy of the Order at the hearing, prior to any ruling. *(See* Hearing Transcript at 28.) Therefore, this Court was fully able to consider the Order in reaching its decision.

Defendant also complains that this Court "showed no concern" for plaintiff's counsel's alleged misconduct in a prior, unrelated state court proceeding in which the defendant was a witness, before the instant case was even filed. This and many other misrepresentations in defendant's Opposition to the Motion to Compel were addressed in plaintiff's Reply, the filing of which was denied by the Court and thus not

10

considered. However, as defendant's counsel is aware from that paper, plaintiff's counsel vehemently denies the allegation that he ever gave Ms. Caberta a "Nazi salute" in the state court litigation. The allegation is fiction and a ridiculous manner in which to oppose a motion to compel – essentially arguing that because plaintiff's counsel allegedly did something in another case of which defendant disapproves, that is a justification for her refusal to comply with the Court's discovery Orders in *this* case.

Finally, defendant argues that the Court somehow demonstrated lack of even-handedness because of allegedly rejecting a Rule 3.01 certification of defendant (to strike an overlong brief) while permitting a similar Rule 3.01 certification of the plaintiff as to the underlying motion to compel Ms. Caberta's deposition. Defendant again twists facts in her effort to appear a victim, as there is certainly no dispute that the issues in the underlying motion to compel could not be resolved, *or* that plaintiff sought in many instances on the record to resolve the matter short of moving to compel. Indeed, the deposition record itself is filled with such attempts. Further, plaintiff's counsel spoke to Ms. Caberta's attorney before filing in a further effort to resolve the dispute.[4]

Defendant's bizarre allegations merely highlight defendant's flawed thesis. Obviously civil litigation motion practice involves a disagreement between parties,

---

[4] In fact, what defendant calls "identical" certifications is not accurate. Plaintiff actually spoke to defendant's counsel to attempt to resolve the issues on the motion to compel. Defendant's counsel "certified" only that he "unsuccessfully attempted" to confer with plaintiff's counsel before filing his motion to strike, i.e., defendant's counsel never spoke to plaintiff's counsel.

11

and a request by one side for a judicial officer to resolve the disputed issue. Rejection of one party's argument in adjudication of a motion – whether the motion is for extra pages or for summary judgment – cannot give rise to an entreaty to disqualify the judge.

Plaintiff will not further comment upon Ms. Caberta's motivation for filing the motion, which is probably obvious enough. At a minimum, it has occasioned further delay with compliance by Ms. Caberta with several orders of three different judges in this matter, throwing off the entire schedule and trial of this case.

## CONCLUSION

Defendant's motion to recuse should be denied.

Dated: November 9, 2001

Respectfully submitted,

_____
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO RECUSE THE COURT** to be served on this 9th day of November, 2001, by U.S. Mail, to John Merrett, 11250 St. Augustine Road, Apartment 15-393, Jacksonville, FL 32257-1147; and to Robert Merkle and Ward Meythaler of Merkle & Magri, P.A., 5510 West LaSalle St., Tampa, FL 33607.

_____
Attorney

13

# NOT

# SCANNED

___ Exceeds scanner's page limit
___ Physical exhibit prevents scanning
✓ Other: _Transcript (Deposition)_

**\*\*PLEASE REFER TO COURT FILE\*\***