IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 01-10092
Non-Argument Calendar

D. C. Docket No. 00-01528-CV-T-27C

HUBERT HELLER, an individual,

           Plaintiff-Appellee,

versus

URSULA CABERTA, an individual,

           Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

    (    )

Before ANDERSON, Chief Judge, DUBINA, and COX, Circuit Judges.

PER CURIAM:

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

131

Hubert Heller sued Ursula Caberta, alleging that Caberta violated state and federal law by carrying out an economic boycott against Scientologists such as Heller. Caberta, a German citizen, filed a motion to dismiss, grounded in part on an assertion that she is entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). On December 16, 2000, the district court denied Caberta's motion to dismiss under the FSIA. Caberta appeals this order.[1]

A final determination that there is no FSIA immunity is appealable under 28 U.S.C. §1291 and the "collateral order" doctrine articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225 (1949). *See S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1295 (11th Cir. 2000). But the collateral order doctrine permits appeals only when the district court conclusively determines the disputed question. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978).

The district court has not yet reached a final decision on the FSIA immunity claim. The court order dated December 16, 2000, from which Caberta appeals, simply states that "*[a]t this stage* . . . Defendant is not entitled to sovereign immunity

---

[1] The Amended Notice of Appeal states that Caberta is also appealing the district court's finding of personal jurisdiction over Caberta and the denial of Caberta's motion to stay or suspend discovery. (R.2-39.) Caberta does not address these issues in her brief, and, in any event, this court lacks appellate jurisdiction over these claims in this interlocutory appeal.

2

under the FSIA." (R.2-36 at 3) (emphasis added). The district court entered another order dated February 16, 2001, which permitted Heller more time for discovery concerning whether Caberta is immune from suit under the FSIA. (R.2-46 at 4.) This order also permitted Caberta an opportunity to renew her motion to dismiss upon completion of discovery.[2] *Id.* The district court apparently contemplates reaching a final decision on the FSIA claim when discovery is completed. Caberta may then appeal any adverse determination by the court.

Because the district court has not yet finally decided the FSIA immunity claim, this court lacks appellate jurisdiction over this appeal. The appeal is, therefore, dismissed for lack of appellate jurisdiction.

DISMISSED FOR WANT OF APPELLATE JURISDICTION.

---

[2] The district court entered another order on June 5, 2001, which further extended the discovery extensions granted in the February 16, 2001, order. (R.2-46 at 4.) This order also permitted Caberta to renew her motion to dismiss following discovery. *Id.*