

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff,

v.                          CASE NO.: 8:00-CV-1528-T-27C

URSULA CABERTA,

    Defendant.
_____/

### O R D E R

Before the court is defendant's **Motion to Recuse Magistrate and for New Hearing and Memorandum of Law** (Dkt. 124), Supplement to **Defendant's Motion to Recuse Magistrate and for New Hearing** (Dkt. 126), and plaintiff's response (Dkt. 130).

### BACKGROUND

On October 24, 2001, the undersigned conducted a hearing on plaintiff's motion to compel further deposition of defendant, Ursula Caberta ("Caberta") (Dkt. 105). At the end of the hearing, the court directed the parties to set a date for defendant's deposition to be conducted in the Middle District of Florida within thirty (30) days and indicated that a written order would be forthcoming.

On October 31, 2001, defendant filed a recusal motion requesting that the undersigned magistrate judge recuse herself from this case pursuant to 28 U.S.C. § 455(a). The court has



deferred entering a written order on the motion to compel pending resolution of the instant motion.

First, defendant asserts that by the end of the hearing, the court had already decided to grant plaintiff's motion to compel without considering critical evidence favorable to defendant. (See Dkt. 124 at 2-4). Defendant argues that this gives rise to the appearance of a lack of impartiality. (Id.).

Specifically, defendant asserts that the undersigned reviewed the wrong deposition transcript before conducting the hearing: a deposition transcript from plaintiff's state court proceeding, instead of the transcript from the July 26, 2001 deposition of defendant, Ursula Caberta ("Caberta"). (See Dkt. 124 at 3).

Next, defendant asserts that the court did not review the district judge's February 15, 2001 order that established the limited scope of Caberta's deposition. (See Dkt. 124 at 4).[1]

Finally, defendant claims that the court has engaged in "seemingly unevenhanded treatment of the Defendant and her counsel." (Dkt. 124 at 6). As one example, defendant points to the court's order striking defendant's motion (Dkt. 112) as not complying with the requirement in Local Rule 3.01(g) that the movant confer with opposing counsel before filing the motion.

---

[1] Defendant asserts that the undersigned "acknowledged that the Court's February 15, 2001 Order was not even available to her because it was part of the record at the Eleventh Circuit Court of Appeals." (Dkt. 124 at 4).

2

Defendant claims that its certification in that motion was identical to a certification made by plaintiff in the motion to compel currently before the court. (Dkt. 124 at 6-7).[2]

Plaintiff, on the other hand, asserts that the court (1) has "intimate familiarity" with this case; (2) is apprised of the district judge's February 15, 2001 order, as evidenced by the court's March 29, 2001 order in which the court initially compelled Caberta's deposition; and (3) was not biased or prejudiced against defendant merely because the court ruled against her. (Dkt. 130 at 2-3). Moreover, plaintiff asserts that defendant misrepresents the facts underlying the motion at issue. (Dkt. 130 at 3).

## ANALYSIS

A magistrate judge should recuse herself in any proceeding "in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[where she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," among other grounds. 28 U.S.C. § 455(b)(1). The instant action concerns only section 455(a).[3]

---

[2] In this court's September 26, 2001 order (Dkt. 115), the court stated that defendant's statement that it "unsuccessfully attempted to confer with Plaintiff's counsel" was insufficient in light of plaintiff's assertion that defendant never attempted to contact him regarding the motion and that defendant filed the motion sixteen (16) days after plaintiff's motion had been filed.

[3] Defendant does not seek recusal pursuant to the standard set forth in 28 U.S.C. § 144, which provides that:

Whenever a party to any proceeding in a district court

3

Under section 455(a), the judge to whom the recusal motion is addressed may decide whether or not she is required to recuse herself. See e.g. United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). The standard for recusal under section 455(a) is objective reasonableness and is not to be construed to require recusal on spurious or loosely based charges of partiality. McBeth v. Nissan Motor Corp., 921 F. Supp. 1473, 1477 (D.S.C. 1996). The reasonable appearance of impropriety necessitates recusal, even if the judge is not, in fact, biased. See id. (citation omitted).

A judge should recuse or disqualify herself when her bias stems from extrajudicial sources and is personal in nature. See McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted); Hamm v. Members of the Bd. of Regents of the State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citation omitted). Thus, "it must derive from something other than that which the judge learned by participating in the case." McWhorter, 906 F.2d at 678 (citation omitted).

But, even if the bias is not extrajudicial and personal, a judge must recuse herself when the "judge's remarks in a judicial

---

makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Neither a trial judge's comments or lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm, 708 F.2d at 651 (citations omitted).

It is well-settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).[4] Moreover, the Supreme Court in Liteky noted that:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id.

Thus, a litigant's mere disappointment with a judge's adverse ruling or a judge's remark indicating dissatisfaction with the parties or their counsel does not rise to the level of pervasive bias or prejudice as to warrant the judge's recusal.

---

[4] See also Loranger v. Stierheim, 10 F.3d 776, 780-81 (11th Cir. 1994); McWhorter, 906 F.2d at 678 (citation omitted).

In the instant case, defendant's assertions do not substantiate the recusal of the undersigned from this case. First, the conduct complained of occurred within the context of judicial proceedings. Thus, defendant must establish that the court's actions are pervasively prejudicial to defendant.

Although prejudging a case before considering a party's evidence or arguments may justify a judge's recusal, see Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 164 (3d Cir. 1993), the court's erroneous reference to the deposition transcript during the hearing is not evidence of bias.[5] Thus, the court did not prejudge the issues raised in plaintiff's motion to compel.

Furthermore, the court's adverse rulings against defendant do not establish severe bias or prejudice that would require recusal in this matter. See e.g. Loranger, 10 F.3d at 780-81.

Thus, defendant has failed to establish that the undersigned lacks impartiality or that the proceedings lack the appearance of impartiality in this matter.

---

[5] Although the court referred to the wrong deposition transcript during the hearing, the court had previously reviewed the correct deposition transcript. Thus, the court was fully apprised of the parties' arguments before ruling in open court and the transcript of the hearing reflects that as a whole.

Accordingly, upon due consideration, it is hereby **ORDERED** and **ADJUDGED** that:

(1) Defendant's **Motion to Recuse Magistrate and for New Hearing and Memorandum of Law** (Dkt. 124) is **DENIED**.

**DONE and ORDERED** at Tampa, Florida this __16TH__ day of November, 2001.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record

F I L E   C O P Y

Date Printed: 11/16/2001

Notice sent to:

    ___  F. Wallace Pope, Esq.
           Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
           911 Chestnut St.
           P.C. Box 1368
           Clearwater, FL  33757-1368

    ___  Kendrick L. Moxon, Esq.
           Moxon & Kobrin
           3055 Wilshire Blvd., Suite 900
           Los Angeles, CA  90010

    ___  John Matthew Merrett, Esq.
           Law Office of John M. Merrett
           11250 St. Augustine Rd., Suite 15-393
           Jacksonville, FL  32257-1147

    ___  Robert Merkle, Esq.
           Merkle & Magri, P.A.
           5510 W. LaSalle St.
           Tampa, FL  33607

    ___  Daniel A. Leipold, Esq.
           Leipold, Donohue & Shipe, LLP
           960-A W. 17th St.
           Santa Ana, CA  92706