IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff

vs.                             Case No.: 8:00CV-1528-T-27EAS

URSULA CABERTA,

    Defendant

_____/

## DEFENDANT'S RESPONSE TO MR. MOXON'S DECLARATION IN CONNECTION WITH FEES DETERMINATION

The Magistrate entered an Order dated November 16, 2001, awarding various fees and costs to Plaintiff. These included reasonable expenses and attorney's fees incurred in connection with the failed first day of Defendant's deposition in Germany and one-half of the reasonable expenses and attorney's fees incurred in filing the Motion to Compel. Mr. Moxon has filed his Declaration in connection with the calculation of fees and costs. This is the Defendant's response.

Defendant objects to the requested attorney's fees for the following reasons in addition to those previously set forth in the Defendant's Response to the Motion to Compel. Defendant requests 23 hours in attorney's fees, including 5 hours "for the opposition to the emergency motion for protective order," 10 hours for the day, July 25, 2001, on which Defendant did not appear for her deposition; and 8 hours for the Motion to Compel. First, although it was requested by Plaintiff, the Magistrate did not enter any type of award in her Order with respect to the time spent by Mr. Moxon responding to the emergency motion for protective order. Consequently,



there is absolutely no basis to include these 5 hours in the calculation of attorney's fees. Moreover, there is no basis set forth in Mr. Moxon's Declaration for such attorney's fees. The emergency motion was perfectly appropriate especially in light of the previously-described failure in communication between the Defendant and Mr. Merrett, as a result of which Defendant retained new counsel to revisit the matter with the Court. Indeed, in his correspondence to Defendant's counsel in which he sought a stipulation from Defendant's counsel as to the number of hours he expended, Mr. Moxon did not include those 5 hours. *See* Exhibits A and C. In fact, Mr. Moxon in his letters appears to be attempting to force Defendant's counsel to stipulate to his other requested hours or else he would also claim the 5 hours he purportedly spent responding to the emergency motion.

Next, Mr. Moxon seeks 10 hours in fees for July 25, 2001, the day on which Defendant did not appear for her deposition. However, the deposition was not scheduled to begin until 2:00 p.m. There is absolutely no reason given by Mr. Moxon why ten hours of time is being requested, when the deposition presumably would only have taken 3 hours that day. Mr. Moxon would have spent the same time prior to the 2:00 p.m. deposition doing whatever he did whether or not Defendant appeared for her deposition. Moreover, there is nothing to indicate that he did not spend any lost time profitably working on other matters. Thus, this time is excessive and Mr. Moxon has presented no evidence showing why he is entitled to ten hours of time. This objection is underlined by the objection in the following paragraph.

Mr. Moxon has the burden of establishing the hours and rates claimed as well as showing that the hours were "reasonably expended." *Mills by Mills v. Freeman*, 118 F.3d 727, 733 (11th

-2-

Cir. 1997). In doing this, Mr. Moxon must document his claim for fees with "detailed records of the attorney's time, stating with particularity the time spent on different claims and tasks." *George v. GTE Directories Corp.*, 114 F.2d 1281, 1290 (M.D.Fla. 2000); *see also, Van Dorn Retail Management, Inc. v . Jim's Oxford Shop, Inc.*, 874 F.Supp. 476, 489 (D.N.H. 1994) ("where attorneys' fees are sought, counsel has burden to produce contemporaneous records of the nature of the work performed, the need for the work, and the time expended on the work."); *Mt. Airy Ins. Co. v. Town of Orangetown*, 22 F.Supp.2d 57, 59 (S.D.N.Y. 1998) ("The burden of documenting the amount of an attorney's fees award falls on the party submitting the award." "This documentation must include a 'proper basis for determining how much time was spent on particular claims.'" "Furthermore, the documents . . . must provide a detailed and specific record of the work that was undertaken."); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983) (attorney "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987) ("Adequate contemporaneous records" required to award full amount of attorney's fees requested). On November 30, 2001, December 3, 2001 and December 4, 2001, Defendant's attorney requested Mr. Moxon to provide time sheets and billing records for the fees and expenses for which he is seeking reimbursement. Exhibits B, D, E. Moreover, Defendant's counsel inquired whether he or his firm has been reimbursed by anyone for any of the expenses. Exhibit E. Mr. Moxon did not respond to the inquiry about payments by third parties and refused to produce any time charges or bills to his client. In fact, it would appear implicit in Mr. Moxon's correspondence that he has no contemporaneous billing records. Mr. Moxon has

not included the required contemporaneous records of his time with his Declaration.  Without such records, he is *per se* not entitled to any reimbursement.

This case is a good example of why contemporaneous billing records are required before any fee can be awarded.  Mr. Moxon claims, for example, 10 hours for July 25, 2001, even though the failed deposition was not even to commence until 2:00 p.m. and he has no time records whatsoever to account for the additional seven hours he is seeking or to show that he did not profitably use his time during the three hours after Defendant failed to appear for her deposition.  Moreover, Mr. Moxon asserts that half the time spent on the motion to compel was 8 hours.  However, this figure, since it is basically one working day, would appear to be simply counsel's unsupported guess that he spent a day working on the matter, rather than a detailed, contemporaneous record of how much time he actually spent performing which tasks.  It is difficult to believe that Plaintiff's counsel spent precisely 8 hours on one day and precisely 8 hours on the next day working on the motion to compel in this case.

Next, in *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996), the Eleventh Circuit, *citing Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), pointed out that "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Here, Plaintiff has presented no direct evidence or opinion evidence of reasonable rates in the Tampa area legal community.  Indeed, the Plaintiff's attorney is not even admitted to the Florida Bar and would appear to be unqualified in any event to render an opinion as to what the market rate is in this legal community.  Moreover, all he has presented here is his own

-4-

affidavit which is insufficient as a matter of law to establish prevailing rates. In *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1547 n. 11, the Supreme Court stated that "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (emphasis added).

Consequently, Mr. Moxon's affidavit is *per se* insufficient to establish the number of hours reasonably expended or a reasonable rate. The affidavit also fails to indicate whether any third party has paid any of the claimed costs or fees. It is important to know whether Mr. Moxon has already been reimbursed by a third party, such as the Scientology organization, for any of his purported fees or expenses. In light of both the history of Mr. Moxon and the Scientology organization to use sham lawsuits in the name of members to bludgeon by litigation targets of the Scientology organization, it is believed that at least Mr. Moxon's expenses were paid for by the Scientology organization.

With respect to various specific expenses, the videographer's fee was clearly unnecessary since there is absolutely no reason to make a video tape of a deposition that is limited to only the issue of immunity. Obviously, the Court, who will rule on the issue, is not going to view any such video. Finally, it appears that the hotel bills for Mr. Moxon and Mr. Weiss included a 15% Value Added Tax, for which they presumably will receive a refund.

For the reasons stated in Defendant's response to the Motion to Compel, Plaintiff is entitled to no sanctions whatsoever. For the reasons stated above, Mr. Moxon is also not entitled to an award of any attorney's fees and the costs should be reduced so as not to include the

videographer's fee or the 15% VAT on the two hotel rooms.

Respectfully submitted,

Ward A. Meythaler
Florida Bar No.: 0832723
Robert W. Merkle
Florida Bar No.: 0138183
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
TEL: (813) 281-9000
FAX: (813) 281-2223

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 21 day of December, 2001, to Kendrick Moxon, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755.

Ward A. Meythaler

-6-

# MOXON & KOBRIN

ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K  KOBRIN #
AVA PAQUETTE +

_____

* ADMITTED ONLY  IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

# ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

_____

JEANNE M. GAVIGAN +

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES. CALIFORNIA  90010
TELEPHONE  (213) 487-4468
TELECOPIER (213) 487-5385

November 29, 2001

## VIA TELEFAX & U.S. MAIL

Ward Meythaler
Merkle & Magri, P.A.
5510 West LaSalle St.
Tampa, FL 33607

Re:  *Heller v. Caberta*

Dear Mr. Meythaler:

Pursuant to Judge Jenkin's order on fees and costs, I propose that we stipulate to the amounts of $ 2,155.99 for costs and $ 4,500 for fees.

The costs represents hotel expenses for the court reporter who flew in from England and me for a total of $ 369.48; the per diem for the videographer of $ 150; the per diem and minimum rate for the court reporter of $ 402.04; and the per diem of the interpreter of $ 908.30.  These expenses are for the 25th only.  You may refer to the prior correspondence and motion practice regarding these expenses and the rates charged.  No transportation costs or food costs are included.

My fees are 10 hours per diem for the wasted day on the 25th, and 8 hours for the motion to compel (half of my total hours on the motion).  The rate is at $250/hour.

Please let me know if you agree.  If not, I will follow the procedure noted in the Order, and will at the same time seek reimbursement for fees for the emergency motion not addressed by the Court.

Sincerely.

Kendrick L. Moxon



*Law Offices*
*of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

November 30, 2001

*VIA FACSIMILE  (727-443-5640)*

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

   Re: *Heller v. Caberta*

Dear Mr. Moxon:

   We have received your letter of November 29, 2001.

   Kindly provide us with the bills reflecting each of the costs for which you are seeking reimbursement. In addition, kindly furnish me with your time charges reflecting the work performed for which you are requesting reimbursement. Also, we would like to see the bills to Mr. Heller reflecting both the costs and fees for which you are seeking reimbursement. Once we have seen the backup materials, we can provide you our view as to the reasonableness of and our willingness to stipulate to your costs and fees.

           Very truly yours,

           Ward A. Meythaler

WAM/anb



EXHIBIT

B.

ALL-STATE LEGAL®

Law Offices
of
# MERKLE & MAGRI, P.A.
5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Fax: (813) 281-2223


## FAX COVER SHEET

**TO**:      Kendrick Moxon        **FAX NUMBER**: 727-443-5640

**FROM**:      Ward Meythaler

**DATE**:      November 30, 2001        **NO. OF PAGES**:     2
                                              (Including cover sheet)

**RE**:      *Heller v. Caberta*, Case No. 8:00-CV-1528-T-27EAJ
          Our File No. 775-001


**MESSAGE**:




**ORIGINAL TO FOLLOW**:




The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (813) 281-9000.

# MOXON & KOBRIN

### ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

KENDRICK L. MOXON *
HELENA K. KOBRIN ♦
AVA PAQUETTE +

* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

♦ ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M GAVIGAN +

November 30, 2001

## VIA TELEFAX

Ward Meythaler
Merkle & Magri, P.A.
5510 West LaSalle St.
Tampa, FL 33607

Re: *Heller v. Caberta*

Dear Mr. Meythaler:

I am in receipt of your letter demanding various back-up records before you will consider the "reasonableness" of our fees and costs. Since you don't challenge the accuracy of the amounts paid, your demand is apparently make-work. Nevertheless, solely in the effort to avoid burdening the court with a matter which should not be disputed, I provide portions of the bills reflecting the information you desire.

I will not give you any communication with my client to challenge the reasonableness of the hours expended in preparing the lengthy motion to compel. If you intend to challenge the reasonableness of these hours, please provide a redacted copy of your bill to your own client showing a lesser amount of time your firm spent in *opposing* the motion, and the hourly rate charged. And, as I informed the Court and Mr. Merrett previously, this is a contingency fee case.

Please get back to me today, as I will otherwise submit my affidavit to the Court on Monday and also seek fees for the Emergency Motion denied by Judge Wilson.

Sincerely,

Kendrick L. Moxon

EXHIBIT

C.

30 Nov 01 04:20p   M8                    7  -443-5640                                P.3

**biqword**

# Invoice

Page 1 of 1

oxon & Kobrin
0 Cleveland Street
ite 900, Clearwater
orida 33755
;A

central Services, Belmont House, 20 Wood Lane, ...
tel ... Fax: +44 (0)870 749 8355   ISDN +44 (0)870 749 860...
VAT No. 405 5742 87

| | ACCOUNT No: | LM129... |
| | INVOICE No: | INV 261 |
| | INVOICE DATE: | 31/Jul/2001 |

BANK TRANSFERS TO:
LLOYDS TSB BANK PLC

ACCOUNT NO. 3133247
SORT CODE: 30-15-99
SWIFT CODE: LOYDGB 2L

Client PO No.                    Company Contact:   Kendrick Moxon
                                 Account Manager:   Michaela Reisenblich

| umber | Language From | Language To | Nature of Job | Description | Amount | Rate | Value |
|---|---|---|---|---|---|---|---|
| DS37738 | English | German | Interpret Task | Deposition 25th to 26th July 2001 Hamburg/Germany Interpreter: Manuela Wille | — | £1,290.00 | £1,290.00 |
| | | | | **Total Job Costs** | | | **£1,290.00** |

THIS INVOICE IS DUE FOR PAYMENT ON:

**30/Aug/2001**

Net:    1,290.00
VAT:
Gross:  1,290.00

A Division of  Link Up Mitaka Limited

LINK UP MITAKA LIMITED REGISTERED IN ENGLAND & WALES COMPANY NO. 1789968
REGISTERED OFFICE: BELMONT HOUSE, 20 WOOD LANE, HEADINGLEY, LEEDS, WEST YORKSHIRE LS6 2AE

HÖR INVESTIGATION •Postfach 749464•22994 Hamburg



**INVESTIGATION**

Moxon & Kobrin
3055 Wilshire Boulevard
Suite 900

USA-CA 9000 Los Angeles

Hochkamp 17
D-22113 Oststeinbek

Telefon: 040-71401890
Telefax: 040-71401891
E-mail: R.Hoer@t-online.de

Oststeinbek, 30.07.2001

---

**INVOICE** R-000500/2001

---

Dear Sirs,

I herewith submit to you the billing for video recording:

**Recording and Expenses**                $    800,-

Amount due after receiving the bill

Bank: Norderstedter Bank  Account 10368504  Bank Code 20069111

To:  Kendrick L Moxon , INTERNET:kmoxon@earthlink.net
To:  Kathy Marklew, INTERNET:kathmwc@aol.com
To:  Gemma, INTERNET:gemmwc@aol.com
To:  Jenny Chandler, INTERNET:jennychandler@compuserve.com
Date: 09/08/101, 10:47 PM
Re:  Heller ~v~ Caberta

August 9, 2001       Via email/fax

Invoice No. 35789

Please make your check payable to: MARTEN WALSH CHERER LTD
              Thank you.

Invoice sent from: Diana Tennyson
Deposition Manager
Marten Walsh Cherer Ltd
Deposition Center
29 Linden Way    Send Marsh
Ripley    Surrey GU23 6LW
United Kingdom

Tel: 01144-1483-222650>>>Fax: 01144-1483-211912

Invoice sent to: Kendrick Moxon Esq
Moxon & Kobrin
1100 Cleveland Street    Suite 900
Clearwater    Florida 33755
USA

Tel: 727-443-5620>>>Fax: 727-443-5640

Re: Heller ~v~ Caberta
Deposition with an interpreter taken at the American Consulate, Hamburg, Germany,
on July 25 and 26, 2001.

Invoice in £s Sterling, please see below for balance outstanding in US Dollars!

Reporting fees: <per reporter per day> 2 days @ £130.00~~~~~~    260.00
Deposition: (Orig+1)
July 25: Min fee applies - 70 pages @ £3.65p~~~~~~~~~~~~~~~    255.50
July 26: 200 pages~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~    730.00
Exhibits: (Fedex delivery/photocopying)~~~~~~~~~~~~~~~~~~    24.80
ASCII Diskettes: <per file per witness per day> 1 @ £20.00~~~    20.00
Emailed ASCII as requested: 1 @ £30.00~~~~~~~~~~~~~~~~~    30.00
Minuscript: (compressed t'script/word index) 1 @ £30.00~~~~    30.00

1



**HOTEL**
## INTER·CONTINENTAL
**HAMBURG**

Mr. R Weiss
1100 Cleveland St
Ste 900
Clearwater,Fl, FL 33755
UNITED STATES

Hotel Inter-Continental, Hamburg, 26/07/01

Room        407
Arrival     24/07/01
Departure   26/07/01
Cashier     16    //   08:41

Copy of Invoice   63326
Page 1

| Description | Date | EUR Debit | EUR Credit | DEM Debit | DEM Credit |
|---|---|---|---|---|---|
| Accomodation | 24/07 | 125.00 | | 244.48 | |
| Signatures | 24/07 | 45.30 | | 88.60 | |
| -Telephone | 24/07 | 0.38 | | 0.71 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 1.50 | | 2.93 | |
| Accomodation | 25/07 | 125.00 | | 244.48 | |
| Signatures | 25/07 | 38.70 | | 75.69 | |
| -Telephone | 25/07 | 1.88 | | 3.68 | |
| -Telephone | 25/07 | 1.50 | | 2.93 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 1.50 | | 2.93 | |
| -Telephone | 25/07 | 1.88 | | 3.68 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 3.00 | | 5.87 | |
| Roomservice | 26/07 | 22.28 | | 43.58 | |
| American Express | 26/07 | | 372.06 | | 727.69 |
|  ->372865094184005 | 02/04 | | | | |

|  | Total | 372.06 | 372.06 | 727.69 | 727.69 |
|  | Balance | | 0.00 EUR | | 0.00 DEM |

Total Including VAT        372.06 EUR              727.69 DEM

USt-IdNr DE118286957
KG Hamburger Hotel-Verwaltungsgesellschaft mbH & Co
Sitz der Gesellschaft Hamburg Rechtsform Gesellschaft mit beschränkter Haftung & Co Kommanditgesellschaft
Registereintragung Amtsgericht Hamburg A 67 911 Geschäftsführung Hamburger Hotel-Verwaltungsgesellschaft mbH



**HOTEL**

# INTER·CONTINENTAL

**HAMBURG**

Mr. K Moxon
1100 Cleveland St
Ste 900
Clearwater,Fl, FL 33755
UNITED STATES

Hotel Inter-Continental, Hamburg, 26/07/01

| Room | 821 |
|------|-----|
| Arrival | 24/07/01 |
| Departure | 27/07/01 |
| Cashier | 10  //  08:16 |

INTERIM BILL   63313
Page 1

| Description | Date | EUR Debit | EUR Credit | DEM Debit | DEM Credit |
|-------------|------|-----------|------------|-----------|------------|
| Accomodation | 24/07 | 245.42 | | 480.00 | |
| Roomservice | 24/07 | 22.50 | | 44.01 | |
| Breakfast | 24/07 | 19.00 | | 37.16 | |
| -Telephone | 24/07 | 10.88 | | 21.28 | |
| -Telephone | 24/07 | 5.62 | | 10.99 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 1.88 | | 3.68 | |
| -Telephone | 24/07 | 6.00 | | 11.73 | |
| -Telephone | 24/07 | 14.62 | | 28.59 | |
| -Telephone | 24/07 | 3.75 | | 7.33 | |
| -Telephone | 24/07 | 41.25 | | 80.68 | |
| -Telephone | 24/07 | 1.50 | | 2.93 | |
| -Telephone | 24/07 | 1.88 | | 3.68 | |
| -Telephone | 24/07 | 1.12 | | 2.19 | |
| -Telephone | 24/07 | 9.75 | | 19.07 | |
| Accomodation | 25/07 | 245.42 | | 480.00 | |
| Minibar | 25/07 | 7.68 | | 15.02 | |
| Roomservice | 25/07 | 44.49 | | 87.01 | |
| Breakfast | 25/07 | 19.00 | | 37.16 | |
| -Telephone | 25/07 | 0.75 | | 1.47 | |
| -Telephone | 25/07 | 4.50 | | 8.80 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 3.75 | | 7.33 | |
| -Telephone | 25/07 | 3.75 | | 7.33 | |

USt-IdNr. DE118266957
KG-Hamburger Hotel-Verwaltungsgesellschaft mbH & Co.
Sitz der Gesellschaft: Hamburg   Rechtsform: Gesellschaft mit beschränkter Haftung & Co . Kommanditgesellschaft
Registereintragung: Amtsgericht Hamburg A 67 011 · Geschäftsführung: Hamburger Hotel-Verwaltungsgesellschaft mbH
Registereintragung  Amtsgericht Hamburg B 80 426
Geschäftsführer der geschäftsführenden Gesellschaft: Dirk Iserlohe, Dr. Michael Florie

# MOXON & KOBRIN
### ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN #
AVA PAQUETTE +

*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

#ALSO ADMITTED IN
CALIFORNIA

+ADMITTED ONLY IN
CALIFORNIA

3055 WILSHIRE BLVD
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

OF COUNSEL

JEANNE M GAVIGAN +

Date:     November 30, 2001

To:     Ward Meythaler          Fax No.: (813) 281-2223

From:     Kendrick L. Moxon

There are ⑧ pages to this transmission, including this page

## CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone and return the original message to us at the address above via U.S. Postage Service. Thank you

*Law Offices*
*of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

December 3, 2001

*VIA FACSIMILE  (727-443-5640)*

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

Re:   *Heller v. Caberta*

Dear Mr. Moxon:

I did not personally receive your November 30, 2001, faxes until Monday, December 3, 2001. Unfortunately, I am leaving the office for a hearing in Ft. Myers and will not be able to give more attention to your faxes until Tuesday, December 4, 2001. Suffice it to say that we do object to and see no reason for a video of Ms. Caberta's deposition. In addition, one of your letters indicates that you are providing portions of bills. We, of course, need to see the entire bill. In addition, we need to see your time charges and bill for the fees and expenses for which you are asserting reimbursement.

Very truly yours,

Ward A. Meythaler

WAM/anb


EXHIBIT
D.
ALL-STATE LEGAL®

Law Offices
of

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Fax: (813) 281-2223

## FAX COVER SHEET

**TO**:      Kendrick Moxon          **FAX NUMBER**: 727-443-5640

**FROM**:      Ward Meythaler

**DATE**:      December 3, 2001          **NO. OF PAGES**:      2
                                                      (Including cover sheet)

**RE**:      *Heller v. Caberta*, Case No. 8:00-CV-1528-T-27EAJ
             Our File No. 775-001

**MESSAGE**:

## ORIGINAL TO FOLLOW:

The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (813) 281-9000.

*Law Offices*
*of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

F I L

December 4, 2001

*VIA FACSIMILE  (727-443-5640)*

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

       Re:   *Heller v. Caberta*

Dear Mr. Moxon:

      Your letter of November 29, 2001, seeks costs in the amount of $2,155.99.  These are itemized as $369.48 for hotel expenses for you and the reporter; $150.00 for the videographer; $402.04 for the court reporter; and $908.30 for the interpreter.  These total $1,829.82, not $2,155.99.  I fail to see why it was necessary to video record this deposition, which was supposed to be limited to the issue of immunity.  Next, it appears that the court reporting fee for July 25 was $130£, not $402.04 indicated in your letter.  Kindly advise me if I am incorrect about my math or the other matters raised herein.

      Next, I do not understand why you are asserting 10 hours legal time for July 25 when it was anticipated that the deposition would not even begin until 2 p.m.  As mentioned previously, we need to see your time charges and relevant bills.  We may well challenge the reasonableness of your hours and hourly rate, and your time charges and bills would be relevant to this.  Moreover, would you kindly let us know whether you or your firm has been reimbursed by anyone and by whom for any of the above expenses.

                            Very truly yours,

                            Ward A. Meythaler

WAM/anb



EXHIBIT

E.

ALL-STATE LEGAL®

Law Offices
of
# MERKLE & MAGRI, P.A.
5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Fax: (813) 281-2223


## FAX COVER SHEET

**TO**:    Kendrick Moxon        **FAX NUMBER**: 727-443-5640

**FROM**:    Ward Meythaler

**DATE**:    December 4, 2001        **NO. OF PAGES**:        2
(Including cover sheet)

**RE**:    *Heller v. Caberta*, Case No. 8:00-CV-1528-T-27EAJ
Our File No. 775-001


**MESSAGE**:




**ORIGINAL TO FOLLOW**:




The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege.  It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile.  If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

IF YOU DO NOT RECEIVE **ALL** PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (813) 281-9000.