UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
02 JAN 25 PM 6:01
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HUBERT HELLER,

    Plaintiff,

v.                                    CASE NO. 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

    Defendant.
_____/

### ORDER

THIS CAUSE comes on for consideration of Defendant's **Motion to Continue Deposition of Ursula Caberta** and **Note Verbale** (Dkts. 138, 139), filed December 11, 2001, and **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Continue Deposition** (Dkt. 143), filed December 19, 2001.

On November 16, 2001, this court ordered Defendant to appear on or before December 16, 2001, for her deposition. Defendant elected not to appear and, instead, filed a motion to continue her deposition (Dkt. 138). In her motion, Defendant contends that she need not comply with this court's order directing her to appear for her deposition because she has filed an objection to such order and because the Federal Republic of Germany has filed a Note Verbale with the United States Department of State requesting that this lawsuit be dismissed. (Dkts. 138, 139.)

Plaintiff opposes a continuance of Defendant's deposition.

1

The filing of Rule 72(a) objections to a magistrate judge's order does not operate as an automatic stay of the order. Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D.Co. 2001); Williams v. Texaco, Inc., 165 B.R. 662, 673-74 (D.N.M. 1994); Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc., 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989).

Thus, Defendant's Objection to Magistrate's Order on Plaintiff's Motion to Compel (Dkt. 136), currently pending before the district judge, does not relieve Defendant of her obligation to comply with the undersigned's order, dated November 16, 2001.

Nor does the filing of a Note Verbale relieve Defendant of her obligation to comply with the undersigned's order. It is the court, not the executive branch, that determines issues relating to sovereign immunity and jurisdiction. See generally Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 486-489 (1982); see also 28 U.S.C. §§ 1330, 1602-07.

Plaintiff has been attempting to depose Defendant for nearly one year. Defendant has filed numerous objections to such depositions, and this court has filed several orders instructing Defendant to submit to a deposition. When Defendant finally presented herself for deposition in Germany, she engaged in obstructionist conduct that prevented Plaintiff from obtaining all testimony relevant to the issue of sovereign immunity, as fully set forth in this court's order dated November 16, 2001.

2

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED** that:

1) Defendant's Motion to Continue Deposition of Ursula Caberta (Dkt. 138) is **DENIED**; and

2) Defendant shall be afforded a final opportunity to submit to a deposition in this district, such deposition to be conducted within **thirty (30) days** of the date of this order at the United States District Court, 801 North Florida Avenue, Tampa, in the attorney witness room on floor 11A, on a date convenient to the parties, the witness, counsel, and the court. The scope of the questions shall be limited as directed by this court's order dated November 16, 2001 (Dkt. 133).

**DONE** and **ORDERED** at Tampa, Florida this 25TH day of January, 2002.

ELIZABETH A. JENKINS
United States Magistrate Judge

cc: District Judge
Counsel of Record