UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff,

v.      CASE NO.: 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

    Defendant.
_____/

### O R D E R

Before the court is **Plaintiff's Motion for Fees and Costs** (Dkt. 105) and **Plaintiff's Notice of Filing Declaration in Connection with Fees Determination** (Dkt. 135).

Plaintiff was scheduled to depose Defendant in Germany on July 25, 2001, beginning at 2:00 p.m., and again on July 26, 2001. Defendant failed to appear at her deposition scheduled for July 25, 2001. She did appear on July 26, 2001, and Plaintiff was able to depose her. For a variety of reasons, however, Defendant's deposition was incomplete.

Accordingly, on September 4, 2001, Plaintiff moved this court to compel Defendant to complete her deposition in the Middle District of Florida. As a part of such request, Plaintiff requested that this court grant attorney's fees and costs associated with taking Defendant's incomplete deposition in Germany.

On November 16, 2001, this court granted Plaintiff's motion to compel Defendant to complete her deposition in this district, and partially granted Plaintiff's request for attorney's fees and costs. Specifically, this court granted Plaintiff reasonable attorney's fees and costs associated with Defendant's failure to appear for her scheduled deposition on July 25, 2001. (Dkt. 133 at 18-19.)

Because Plaintiff and Defendant were unable to stipulate to the amount of reasonable fees and expenses associated with day one of Defendant's deposition, Plaintiff submitted on December 5, 2001, the declaration of Kendrick L. Moxon, Plaintiff's counsel, together with supporting documentation. (Dkt. 135.) Defendant, who filed a response December 21, 2001, objects to the amount Plaintiff requests. (Dkt. 144.)

Plaintiff seeks a total of $7,749.50 in attorney's fees and costs pursuant to this court's order. Specifically, Plaintiff requests: $5750.00 for attorney's fees, representing 23 hours at $250.00 per hour; $549.76 for court reporter fees; $919.84 for interpreter fees; $150.00 for a videographer; and $379.90 for hotel accommodations for Mr. Moxon and Mr. Weiss, a court reporter.

While Defendant does not object to counsel's hourly rate of $250.00, she does object to the number of hours claimed.[1]

---

[1] To the extent that Defendant contends that Plaintiff's fee request is not supported by evidence of the prevailing hourly rate for

2

Defendant contends that the court should not award the five hours that Plaintiff's counsel requests for preparation of Plaintiff's opposition to Defendant's emergency motion.

The court agrees that Plaintiff's request for reimbursement for five hours spent preparing Plaintiff's opposition to Defendant's emergency motion is unwarranted since the court's order granted only those fees and costs "associated with Defendant's failure to appear for her deposition on July 25, 2001 at 2:00 p.m." (Dkt. 133 at 18.)

Fee applicants should exercise "billing judgment." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988). In determining the number of hours reasonably expended on a claim, "[e]xcessive, redundant or otherwise unnecessary hours" should be excluded from the amount claimed. Hensley, 461 U.S. at 434; Norman, 836 F.2d at 1301. Additionally, those hours that would be unreasonable to bill to a client and, therefore, to one's adversary

---

attorneys with experience similar to Plaintiff's counsel, this objection is without merit. An hourly rate of $250 for an attorney practicing in federal district court for more than fifteen years, with the skill and experience set forth in Mr. Moxon's declaration, is a reasonable hourly rate. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) (district court may rely on its own expertise in determining a reasonable hourly rate); see also Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (award of attorney's fees may be based on the affidavits of counsel so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees") (citations omitted).

shall be excluded, regardless of counsel's skill, reputation, or experience. Norman, 836 F.2d at 1301.

In adjusting hours claimed, the district court has discretion to exclude hours for excessive or unnecessary work. Id.

Defendant also argues that Plaintiff's request for reimbursement of ten hours spent the day Defendant failed to appear for her deposition is excessive.

Plaintiff claims ten hours of attorney time for the day that Defendant was scheduled to appear for deposition but failed to appear. As Plaintiff's deposition was scheduled to commence at 2:00 p.m., not earlier, the court finds that a reasonable amount of time expended by counsel in connection with Plaintiff's nonappearance is five, rather than ten, hours.

The balance of the hours claimed relating to preparing the motion to compel are reasonable. Therefore, Defendant shall reimburse Plaintiff for thirteen hours of attorney time, at the rate of $250.00 per hour, for a total of $3250.00.

Defendant also objects to Plaintiff's expenses. Specifically, Defendant objects to Plaintiff's submission of the videographer's fee, arguing that such expense was unnecessary in light of the fact that the scope of the deposition was limited to the issue of immunity. Moreover, Defendant objects to the 15% Value Added Tax (VAT) on Mr. Moxon's and Mr. Weiss's hotel bills.

4

The court finds the videographer expense reasonable, particularly in light of the protracted and contentious proceedings surrounding whether and to what extent Defendant will be deposed. Moreover, the court finds without merit Defendant's argument regarding the 15% VAT included with the hotel expense. Thus, the court overrules Defendant's objections regarding expenses.

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED** that Defendant shall pay to Plaintiff, within thirty days of the date of this order, **$5249.50,** representing $3250.00 in attorney's fees and $1999.50 in expenses, pursuant to this court's order dated November 16, 2001.

**DONE and ORDERED** at Tampa, Florida this 29th day of January, 2002.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record

F I L E   C O P Y

Date Printed: 01/30/2002

Notice sent to:

   \_\_\_   F. Wallace Pope, Esq.
Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
911 Chestnut St.
P.O. Box 1368
Clearwater, FL  33757-1368

   \_\_\_   Kendrick L. Moxon, Esq.
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, CA  90010

   \_\_\_   John Matthew Merrett, Esq.
Law Office of John M. Merrett
11250 St. Augustine Rd., Suite 15-393
Jacksonville, FL  32257-1147

   \_\_\_   Robert Merkle, Esq.
Merkle & Magri, P.A.
5510 W. LaSalle St.
Tampa, FL  33607

   \_\_\_   Daniel A. Leipold, Esq.
Leipold, Donohue & Shipe, LLP
960-A W. 17th St.
Santa Ana, CA  92706