

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

      Plaintiff

vs.                           Case No.: 8:00CV-1528-T-27C

URSULA CABERTA,

      Defendant

_____/

## DEFENDANT'S OBJECTION TO MAGISTRATE'S ORDER
## IN CONNECTION WITH FEES DETERMINATION

On January 29, 2002, the Magistrate entered an Order (attached as Exhibit A) setting forth the amount of fees and expenses to be paid by Defendant as a result of a previous order awarding fees and costs to Plaintiff. This is Defendant's objection to the January 29, 2002 order.

The Magistrate previously entered an Order dated November 16, 2001, awarding various fees and costs to Plaintiff. These included Plaintiff's expenses and attorney's fees incurred in connection with the failed first day of Defendant's deposition in Germany and one-half of the Plaintiff's expenses and attorney's fees incurred in filing a Motion to Compel. Plaintiff's counsel, Mr. Moxon, then filed a Declaration in connection with the calculation of fees and costs requesting 23 hours in attorney's fees and various expenses. The 23 hours included 5 hours "for the [Plaintiff's] opposition to the emergency motion for protective order"; 10 hours for the day (July 25, 2001) on which Defendant did not appear for her deposition; and 8 hours as one-half of the time purportedly incurred by Plaintiff's counsel in filing the Motion to Compel.

The Magistrate's January 29, 2002 order awarded all the expenses and 13 of the 23 hours



requested in Mr. Moxon's Declaration. Because the Magistrate had not entered any type of award with respect to the time spent by Mr. Moxon responding to the emergency motion for protective order, there was no basis for Mr. Moxon to include the 5 hours purportedly spent on this in the calculation of attorney's fees and the Magistrate consequently rejected those hours.[1] Next, Mr. Moxon sought 10 hours in fees for July 25, 2001, the day on which Defendant could not and did not appear for her deposition. However, the deposition was not scheduled to begin until 2:00 p.m. and Mr. Moxon gave no reason why he requested 10 hours of time when the deposition presumably would only have taken 3 hours that day. The Magistrate reduced the 10 hours to 5 hours, but gave no explanation why 5 rather than 3 hours was awarded. In addition, the Magistrate awarded 8 hours, the full amount of time requested by Mr. Moxon, as one-half the time Mr. Moxon purportedly spent preparing the Motion to Compel. Consequently, the Magistrate awarded the Plaintiff 13 hours of attorney time. This was erroneous since the Plaintiff failed to provide detailed, contemporaneous records showing the time spent on these matters.

Mr. Moxon has the burden of establishing and documenting the appropriate number of hours. *Mills by Mills v. Freeman*, 118 F.3d 727, 733 (11th Cir. 1997); *George v. GTE Directories Corp.*, 114 F.2d 1281, 1290 (M.D.Fla. 2000). In doing this, Mr. Moxon must document his claim for fees with "detailed records of the attorney's time, stating with particularity

---

[1] In Mr. Moxon's correspondence to Defendant's counsel in which he sought a stipulation from Defendant's counsel as to the number of hours he expended, Mr. Moxon did not include those 5 hours. *See* Exhibits B and D. In fact, Mr. Moxon in his letters appears to be attempting to force Defendant's counsel to stipulate to the other hours requested by Mr. Moxon or else he (Mr. Moxon) would also claim the 5 hours he purportedly spent responding to the emergency motion.

the time spent on different claims and tasks." *George v. GTE Directories Corp.*, 114 F.2d 1281, 1290 (M.D.Fla. 2000); *see also, Van Dorn Retail Management, Inc. v . Jim's Oxford Shop, Inc.*, 874 F.Supp. 476, 489 (D.N.H. 1994) ("where attorneys' fees are sought, counsel has burden to produce contemporaneous records of the nature of the work performed, the need for the work, and the time expended on the work."); *Mt. Airy Ins. Co. v. Town of Orangetown*, 22 F.Supp.2d 57, 59 (S.D.N.Y. 1998) ("The burden of documenting the amount of an attorney's fees award falls on the party submitting the award." "This documentation must include a 'proper basis for determining how much time was spent on particular claims.'" "Furthermore, the documents . . . must provide a detailed and specific record of the work that was undertaken."); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983) (attorney "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987) ("Adequate contemporaneous records" required to award full amount of attorney's fees requested).

In an attempt to reach an agreement on the fees, as directed by the Magistrate, on November 30, 2001, December 3, 2001 and December 4, 2001, Defendant's attorney requested Mr. Moxon to provide time sheets and billing records for the fees and expenses for which he was seeking reimbursement. Exhibits C, E, F. Moreover, Defendant's counsel inquired whether Mr. Moxon or his firm had been reimbursed by anyone for any of the expenses. Exhibit F. Mr. Moxon did not respond to the inquiry about payments by third parties and refused to produce any time charges or bills to his client. In fact, it would appear implicit in Mr. Moxon's correspondence that he has no contemporaneous billing records. Mr. Moxon did not include the

-3-

required detailed, contemporaneous billing records of his time with his Declaration.  Without such records, he is not entitled to any reimbursement.

This case is a good example of why detailed, contemporaneous billing records are necessary before any fee can be awarded.  Mr. Moxon requested, for example, 10 hours for July 25, 2001, even though the failed deposition was not even to commence until 2:00 p.m. and he submitted no time records whatsoever to account for the additional seven hours he is seeking or to show that he did not profitably use his time during the three hours after Defendant failed to appear for her deposition.  Moreover, Mr. Moxon asserted that half the time spent on the Motion to Compel was 8 hours.  However, this figure, since it is precisely one working day, would appear to be simply counsel's unsupported guess that he spent precisely two days (the fee award being for one-half of the time) working on the matter, rather than a detailed, contemporaneous record showing exactly how much time he actually spent on the matter.  It is difficult to believe that Plaintiff's counsel spent precisely two days or 16 hours working on the motion to compel.  Further, Mr. Moxon's Declaration does not set forth any billing or time records with particularity.  For example, he does not set forth the specific time expended on particular tasks, the dates on which the time was expended, or the identity of the person performing the work.  In fact, it is not even clear that Mr. Moxon's Declaration purports to assert the time requested is the actual time expended.  For example, nowhere does Mr. Moxon assert that he actually spent 10 hours on the day that Plaintiff failed to show for her deposition.  Moreover, the Magistrate has already found

-4-

that 10 of the 23 hours or over 43% of the hours requested by Mr. Moxon were unreasonable.[2] Since Mr. Moxon has submitted a request that is 43% unreasonable on its face, there is all the more reason to apply the clear law to Mr. Moxon requiring detailed, contemporaneous billing records. Notably, Mr. Moxon supplied the Magistrate with copies of bills to support claimed costs in the amount of $1,999.50. Yet he submitted no records justifying his request for almost three times that amount in attorneys' fees. There is no reason why records are necessary to evidence costs, but not necessary to evidence attorneys' fees which involve almost three times the amount of the costs.

The foregoing argument was made to the Magistrate. Although this argument consumed over 25 percent of Defendant's response to Mr. Moxon's request for fees, the Magistrate ignored this issue in her order.

Consequently, Mr. Moxon's submission is insufficient to establish the number of hours reasonably expended. The affidavit also fails to indicate whether any third party has paid any of the claimed costs or fees. It is important to know whether Mr. Moxon has already been reimbursed by a third party, such as the Scientology organization, for any of his purported fees or expenses. In light of both the history of Mr. Moxon and the Scientology organization to use sham lawsuits, such as the instant case, in the name of members to bludgeon by litigation targets of the Scientology organization, it is believed that at least Mr. Moxon's expenses were paid for by the Scientology organization. If Plaintiff was not to be charged for fees or costs, it would be

---

[2]     Indeed, Mr. Moxon's request for 5 hours for opposing the emergency motion appears to be in bad faith. *See* footnote 1, *supra*. It is also difficult to see how a request for 10 hours for a 3-hour deposition is anything but over-reaching.

unreasonable to charge Plaintiff's adversary with those fees and costs. The Magistrate also did not address this issue.

With respect to one of the specific expenses, the videographer's fee was clearly unnecessary since there is absolutely no reason to make a video tape of a deposition that is limited to only the issue of immunity. Obviously, the Court, who will rule on the issue, is not going to view any such video.[3] The Magistrate found this reasonable "particularly in light of the protracted and contentious proceedings surrounding whether and to what extent Defendant will be deposed." This is a non-sequitur. The proceedings surrounding whether and to what extent Defendant will be deposed has nothing to do with whether the Court will review the Defendant's deposition on the issue of foreign sovereign immunity.

Finally, there is no authority for the Magistrate requiring that the sanctions be paid within thirty days. This would effectively deprive the Defendant of her right to appeal if the District Court overrules Defendant's objections. Moreover, it would result in the application of a sanction in a case in which this court has no subject matter jurisdiction. At the very least, that issue must be resolved before any sanctions can be enforced. Otherwise, the court would be imposing sanctions where it had no subject matter jurisdiction to do so. *Bell v. United States*, 31 F.R.D. 32 (D.Ka. 1962) (court may not impose penalties for discovery violation where it lacked subject matter jurisdiction).

For the reasons stated  in Defendant's response to the Motion to Compel, Plaintiff is

─────────────

[3]     The Plaintiff did not even submit the video in connection with the motion to compel.

-6-

entitled to no sanctions whatsoever. For the reasons stated above, Mr. Moxon is also not entitled to an award of any attorney's fees and the Magistrate's Order should be reversed. Moreover, neither the Magistrate nor this Court has subject matter jurisdiction over this case and lacks any authority to enter any sanctions.

Respectfully submitted,

Ward A. Meythaler
Florida Bar No.: 0832723
Robert W. Merkle
Florida Bar No.: 0138183
Merkle & Magri, P.A.
5510 West LaSalle Street
Tampa, Florida 33607
TEL: (813) 281-9000
FAX: (813) 281-2223

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 12 day of February, 2002, to Kendrick Moxon, 1100 Cleveland Street, Suite 900, Clearwater, FL 33755.

Ward A. Meythaler

-7-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

02 JAN 29 PM 5 09

CLERK. U
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HUBERT HELLER,

           **Plaintiff,**

v.                            CASE NO.: 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

           **Defendant.**

_____/

<u>O R D E R</u>

    Before the court is **Plaintiff's Motion for Fees and Costs** (Dkt. 105) and **Plaintiff's Notice of Filing Declaration in Connection with Fees Determination** (Dkt. 135).

    Plaintiff was scheduled to depose Defendant in Germany on July 25, 2001, beginning at 2:00 p.m., and again on July 26, 2001. Defendant failed to appear at her deposition scheduled for July 25, 2001. She did appear on July 26, 2001, and Plaintiff was able to depose her. For a variety of reasons, however, Defendant's deposition was incomplete.

    Accordingly, on September 4, 2001, Plaintiff moved this court to compel Defendant to complete her deposition in the Middle District of Florida. As a part of such request, Plaintiff requested that this court grant attorney's fees and costs associated with taking Defendant's incomplete deposition in Germany.



1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

02 JAN 29 PM 5 09

CLERK. U
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

HUBERT HELLER,

                Plaintiff,

v.                                      CASE NO.: 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

                Defendant.
_____/

<u>O R D E R</u>

Before the court is **Plaintiff's Motion for Fees and Costs** (Dkt. 105) and **Plaintiff's Notice of Filing Declaration in Connection with Fees Determination** (Dkt. 135).

Plaintiff was scheduled to depose Defendant in Germany on July 25, 2001, beginning at 2:00 p.m., and again on July 26, 2001. Defendant failed to appear at her deposition scheduled for July 25, 2001. She did appear on July 26, 2001, and Plaintiff was able to depose her. For a variety of reasons, however, Defendant's deposition was incomplete.

Accordingly, on September 4, 2001, Plaintiff moved this court to compel Defendant to complete her deposition in the Middle District of Florida. As a part of such request, Plaintiff requested that this court grant attorney's fees and costs associated with taking Defendant's incomplete deposition in Germany.



EXHIBIT

A

On November 16, 2001, this court granted Plaintiff's motion to compel Defendant to complete her deposition in this district, and partially granted Plaintiff's request for attorney's fees and costs. Specifically, this court granted Plaintiff reasonable attorney's fees and costs associated with Defendant's failure to appear for her scheduled deposition on July 25, 2001. (Dkt. 133 at 18-19.)

Because Plaintiff and Defendant were unable to stipulate to the amount of reasonable fees and expenses associated with day one of Defendant's deposition, Plaintiff submitted on December 5, 2001, the declaration of Kendrick L. Moxon, Plaintiff's counsel, together with supporting documentation. (Dkt. 135.) Defendant, who filed a response December 21, 2001, objects to the amount Plaintiff requests. (Dkt. 144.)

Plaintiff seeks a total of $7,749.50 in attorney's fees and costs pursuant to this court's order. Specifically, Plaintiff requests: $5750.00 for attorney's fees, representing 23 hours at $250.00 per hour; $549.76 for court reporter fees; $919.84 for interpreter fees; $150.00 for a videographer; and $379.90 for hotel accommodations for Mr. Moxon and Mr. Weiss, a court reporter.

While Defendant does not object to counsel's hourly rate of $250.00, she does object to the number of hours claimed.[1]

---

[1] To the extent that Defendant contends that Plaintiff's fee request is not supported by evidence of the prevailing hourly rate for

2

Defendant contends that the court should not award the five hours that Plaintiff's counsel requests for preparation of Plaintiff's opposition to Defendant's emergency motion.

The court agrees that Plaintiff's request for reimbursement for five hours spent preparing Plaintiff's opposition to Defendant's emergency motion is unwarranted since the court's order granted only those fees and costs "associated with Defendant's failure to appear for her deposition on July 25, 2001 at 2:00 p.m." (Dkt. 133 at 18.)

Fee applicants should exercise "billing judgment." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988). In determining the number of hours reasonably expended on a claim, "[e]xcessive, redundant or otherwise unnecessary hours" should be excluded from the amount claimed. Hensley, 461 U.S. at 434; Norman, 836 F.2d at 1301. Additionally, those hours that would be unreasonable to bill to a client and, therefore, to one's adversary

---

attorneys with experience similar to Plaintiff's counsel, this objection is without merit. An hourly rate of $250 for an attorney practicing in federal district court for more than fifteen years, with the skill and experience set forth in Mr. Moxon's declaration, is a reasonable hourly rate. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) (district court may rely on its own expertise in determining a reasonable hourly rate); see also Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (award of attorney's fees may be based on the affidavits of counsel so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees") (citations omitted).

3

shall be excluded, regardless of counsel's skill, reputation, or experience. Norman, 836 F.2d at 1301.

In adjusting hours claimed, the district court has discretion to exclude hours for excessive or unnecessary work. Id.

Defendant also argues that Plaintiff's request for reimbursement of ten hours spent the day Defendant failed to appear for her deposition is excessive.

Plaintiff claims ten hours of attorney time for the day that Defendant was scheduled to appear for deposition but failed to appear. As Plaintiff's deposition was scheduled to commence at 2:00 p.m., not earlier, the court finds that a reasonable amount of time expended by counsel in connection with Plaintiff's nonappearance is five, rather than ten, hours.

The balance of the hours claimed relating to preparing the motion to compel are reasonable. Therefore, Defendant shall reimburse Plaintiff for thirteen hours of attorney time, at the rate of $250.00 per hour, for a total of $3250.00.

Defendant also objects to Plaintiff's expenses. Specifically, Defendant objects to Plaintiff's submission of the videographer's fee, arguing that such expense was unnecessary in light of the fact that the scope of the deposition was limited to the issue of immunity. Moreover, Defendant objects to the 15% Value Added Tax (VAT) on Mr. Moxon's and Mr. Weiss's hotel bills.

4

The court finds the videographer expense reasonable, particularly in light of the protracted and contentious proceedings surrounding whether and to what extent Defendant will be deposed. Moreover, the court finds without merit Defendant's argument regarding the 15% VAT included with the hotel expense. Thus, the court overrules Defendant's objections regarding expenses.

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED** that Defendant shall pay to Plaintiff, within thirty days of the date of this order, **$5249.50**, representing $3250.00 in attorney's fees and $1999.50 in expenses, pursuant to this court's order dated November 16, 2001.

**DONE and ORDERED** at Tampa, Florida this 29th day of January, 2002.

ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record

5

**MOXON & KOBRIN**
ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA 33755
TELEPHONE: (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN ∎
AVA PAQUETTE+
————
* ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

∎ ALSO ADMITTED IN
CALIFORNIA

+ ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL
————
JEANNE M. GAVIGAN+

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

November 29, 2001

**VIA TELEFAX & U.S. MAIL**

Ward Meythaler
Merkle & Magri, P.A.
5510 West LaSalle St.
Tampa, FL 33607

Re:  *Heller v. Caberta*

Dear Mr. Meythaler:

Pursuant to Judge Jenkin's order on fees and costs, I propose that we stipulate to the amounts of $ 2,155.99 for costs and $ 4,500 for fees.

The costs represents hotel expenses for the court reporter who flew in from England and me for a total of $ 369.48; the per diem for the videographer of $ 150; the per diem and minimum rate for the court reporter of $ 402.04; and the per diem of the interpreter of $ 908.30. These expenses are for the 25th only. You may refer to the prior correspondence and motion practice regarding these expenses and the rates charged. No transportation costs or food costs are included.

My fees are 10 hours per diem for the wasted day on the 25th, and 8 hours for the motion to compel (half of my total hours on the motion). The rate is at $250/hour.

Please let me know if you agree. If not, I will follow the procedure noted in the Order, and will at the same time seek reimbursement for fees for the emergency motion not addressed by the Court.

Sincerely,

Kendrick L. Moxon

EXHIBIT
B

*Law Offices*
*of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

November 30, 2001

***VIA FACSIMILE (727-443-5640)***

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

Re:    ***Heller v. Caberta***

Dear Mr. Moxon:

We have received your letter of November 29, 2001.

Kindly provide us with the bills reflecting each of the costs for which you are seeking reimbursement. In addition, kindly furnish me with your time charges reflecting the work performed for which you are requesting reimbursement. Also, we would like to see the bills to Mr. Heller reflecting both the costs and fees for which you are seeking reimbursement. Once we have seen the backup materials, we can provide you our view as to the reasonableness of and our willingness to stipulate to your costs and fees.

Very truly yours,

Ward A. Meythaler

WAM/anb



# MOXON & KOBRIN
### ATTORNEYS AT LAW
1100 CLEVELAND STREET
SUITE 900
CLEARWATER, FLORIDA  33755
TELEPHONE:  (727) 443-5620
TELECOPIER: (727) 443-5640

KENDRICK L. MOXON *
HELENA K. KOBRIN *
AVA PAQUETTE +

*ADMITTED ONLY IN
CALIFORNIA AND THE
DISTRICT OF COLUMBIA

#ALSO ADMITTED IN
CALIFORNIA

+ADMITTED ONLY IN
CALIFORNIA

OF COUNSEL

JEANNE M. GAVIGAN+

3055 WILSHIRE BLVD.
SUITE 900
LOS ANGELES, CALIFORNIA  90010
TELEPHONE (213) 487-4468
TELECOPIER (213) 487-5385

November 30, 2001

## VIA TELEFAX

Ward Meythaler
Merkle & Magri, P.A.
5510 West LaSalle St.
Tampa, FL 33607

Re:  *Heller v. Caberta*

Dear Mr. Meythaler:

I am in receipt of your letter demanding various back-up records before you will consider the "reasonableness" of our fees and costs.  Since you don't challenge the accuracy of the amounts paid, your demand is apparently make-work.  Nevertheless, solely in the effort to avoid burdening the court with a matter which should not be disputed, I provide portions of the bills reflecting the information you desire.

I will not give you any communication with my client to challenge the reasonableness of the hours expended in preparing the lengthy motion to compel.  If you intend to challenge the reasonableness of these hours, please provide a redacted copy of your bill to your own client showing a lesser amount of time your firm spent in *opposing* the motion, and the hourly rate charged.  And, as I informed the Court and Mr. Merrett previously, this is a contingency fee case.

Please get back to me today, as I will otherwise submit my affidavit to the Court on Monday and also seek fees for the Emergency Motion denied by Judge Wilson.

Sincerely,

Kendrick L. Moxon

EXHIBIT
D

30 Nov 01 04:20p                    7-443-5640                    P.3

*bigword*

# INVOICE

Page 1 of 1

Bigword, Central Services, Belmont House, 20 Wood Lane, Headingley, Leeds, LS6 2AE
Tel: +44 (0)870 748 8100, Fax: +44 (0)870 748 8255, ISDN: +44 (0)870 748 8100
VAT No. 405 5542 67

Dixon & Kohrin
10 Cleveland Street
ite 900, Clearwater
orida 33755
A

| ACCOUNT No: | LM29... |
| INVOICE No: | INV 30'1 |
| INVOICE DATE: | 31/Jul/20 |

Client PO No.

Company Contact:   Kendrick Moxon
Account Manager:   Michaela Reisenblich

BANK TRANSFERS TO:
LLOYDS TSB BANK PLC
ACCOUNT NO. 0133247
SORT CODE: 30-15-99
SWIFT CODE: LOYDGB 2L

| Number | Language From | Language To | Nature of Job | Description | Amount | Rate | Value |
|---|---|---|---|---|---|---|---|
| DS37738 | English | German | Interpret Task | Deposition 25th to 26th July 2001 Hamburg/Germany Interpreter: Manuela Wille | 1 | £1,290.00 | £1,290.00 |
| | | | | **Total Job Costs** | | | **£1,290.00** |

THIS INVOICE IS DUE FOR PAYMENT ON:

**30/Aug/2001**

| Net: | 1,290.00 |
| VAT: | |
| Gross: | 1,290.00 |

A Division of Link Up Mitaka Limited

LINK UP MITAKA LIMITED REGISTERED IN ENGLAND & WALES COMPANY NO. 1769068
REGISTERED OFFICE: BELMONT HOUSE, 20 WOOD LANE, HEADINGLEY, LEEDS, WEST YORKSHIRE LS6 2AE



NÖR INVESTIGATION • Postfach 760404 • 22004 Hamburg

Moxon & Kobrin
3055 Wilshire Boulevard
Suite 900

USA-CA 9000 Los Angeles

Hochkamp 17
D-22113 Oststeinbek

Telefon: 040-71401890
Telefax: 040-71401891
E-mail: R.Hoer@t-online.de

Oststeinbek, 30.07.2001

---

## INVOICE R-000500/2001

---

Dear Sirs,

I herewith submit to you the billing for video recording:

**Recording and Expenses**          $     800,-

Amount due after receiving the bill

Bank: Norderstedter Bank  Account 10368504  Bank Code 20069111

30 NOV 01 04:21P
11:52
Case 8:00-cv-01528-JDW    Document 149    Filed 02/12/02    Page 19 of 23 PageID 1549
727 443 5640
7-443-5640
P.5
TO: 727 443 5640
P02

To: Kendrick L Moxon , INTERNET:kmoxon@earthlink.net
To: Kathy Marklew, INTERNET:kathmwc@aol.com
To: Gemma, INTERNET:gemmwc@aol.com
To: Jenny Chandler, INTERNET:jennychandler@compuserve.com
Date: 09/08/101, 10:47 PM
Re: Heller ~v~ Caberta

August 9, 2001      Via email/fax

Invoice No. 35789

Please make your check payable to: MARTEN WALSH CHERER LTD
                Thank you.

Invoice sent from: Diana Tennyson
Deposition Manager
Marten Walsh Cherer Ltd
Deposition Center
29 Linden Way      Send Marsh
Ripley      Surrey GU23 6LW
United Kingdom

Tel: 01144-1483-222650>>>Fax: 01144-1483-211912

Invoice sent to: Kendrick Moxon Esq
Moxon & Kobrin
1100 Cleveland Street      Suite 900
Clearwater      Florida 33755
USA

Tel: 727-443-5620>>>Fax: 727-443-5640

Re: Heller ~v~ Caberta
Deposition with an interpreter taken at the American Consulate, Hamburg, Germany,
on July 25 and 26, 2001.

Invoice in £s Sterling, please see below for balance outstanding in US Dollars!

Reporting fees: <per reporter per day> 2 days @ £130.00~~~~~~      260.00
Deposition: (Orig+1)
July 25: Min fee applies - 70 pages @ £3.65p~~~~~~~~~~~~~~~~      255.50
July 26: 200 pages~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~      730.00
Exhibits: (Fedex delivery/photocopying)~~~~~~~~~~~~~~~~~~~~~      24.80
ASCII Diskettes: <per file per witness per day> 1 @ £20.00~~~      20.00
Emailed ASCII as requested: 1 @ £30.00~~~~~~~~~~~~~~~~~~      30.00
Minuscript: (compressed t'script/word index) 1 @ £30.00~~~~      30.00

1



**HOTEL**

# INTER·CONTINENTAL

**HAMBURG**

Mr. R Weiss
1100 Cleveland St
Ste 900
Clearwater,Fl, FL 33755
UNITED STATES

Hotel Inter-Continental, Hamburg, 26/07/01

Room       407
Arrival    24/07/01
Departure  26/07/01
Cashier    16    //   08:41

Copy of Invoice  63326
Page 1

| Description | Date | EUR Debit | EUR Credit | DEM Debit | DEM Credit |
|---|---|---|---|---|---|
| Accomodation | 24/07 | 125.00 | | 244.48 | |
| Signatures | 24/07 | 45.30 | | 88.60 | |
| -Telephone | 24/07 | 0.38 | | 0.71 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 1.50 | | 2.93 | |
| Accomodation | 25/07 | 125.00 | | 244.48 | |
| Signatures | 25/07 | 38.70 | | 75.69 | |
| -Telephone | 25/07 | 1.88 | | 3.68 | |
| -Telephone | 25/07 | 1.50 | | 2.93 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 1.50 | | 2.93 | |
| -Telephone | 25/07 | 1.88 | | 3.68 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 3.00 | | 5.87 | |
| Roomservice | 26/07 | 22.28 | | 43.58 | |
| American Express | 26/07 | | 372.06 | | 727.69 |
|  ->372865094184005 | 02/04 | | | | |
| Total | | 372.06 | 372.06 | 727.69 | 727.69 |
| Balance | | | 0.00 EUR | | 0.00 DEM |
| Total Including VAT | | 372.06 EUR | | 727.69 DEM | |

USt-IdNr. DE118286957
KG Hamburger Hotelstandortgesellschaft mbH & Co.
persönlich haftende Gesellschaft Hamburg; Rechtsform Gesellschaft mit beschränkter Haftung & Co. Kommanditgesellschaft
Registereintragung Amtsgericht Hamburg A 67 711  Geschäftsführung Hamburger Hotel Verwaltungsgesellschaft mbH



# HOTEL
# INTER-CONTINENTAL
## HAMBURG

Mr. K Moxon
1100 Cleveland St
Ste 900
Clearwater,Fl, FL 33755
UNITED STATES

Hotel Inter-Continental, Hamburg, 26/07/01

Room        821
Arrival     24/07/01
Departure   27/07/01
Cashier     10    //  08:16

INTERIM BILL  63313
Page 1

| Description | Date | EUR Debit | EUR Credit | DEM Debit | DEM Credit |
|---|---|---|---|---|---|
| Accomodation | 24/07 | 245.42 | | 480.00 | |
| Roomservice | 24/07 | 22.50 | | 44.01 | |
| Breakfast | 24/07 | 19.00 | | 37.16 | |
| -Telephone | 24/07 | 10.88 | | 21.28 | |
| -Telephone | 24/07 | 5.62 | | 10.99 | |
| -Telephone | 24/07 | 0.38 | | 0.74 | |
| -Telephone | 24/07 | 1.88 | | 3.68 | |
| -Telephone | 24/07 | 6.00 | | 11.73 | |
| -Telephone | 24/07 | 14.62 | | 28.59 | |
| -Telephone | 24/07 | 3.75 | | 7.33 | |
| -Telephone | 24/07 | 41.25 | | 80.68 | |
| -Telephone | 24/07 | 1.50 | | 2.93 | |
| -Telephone | 24/07 | 1.88 | | 3.68 | |
| -Telephone | 24/07 | 1.12 | | 2.19 | |
| -Telephone | 24/07 | 9.75 | | 19.07 | |
| Accomodation | 25/07 | 245.42 | | 480.00 | |
| Minibar | 25/07 | 7.68 | | 15.02 | |
| Roomservice | 25/07 | 44.49 | | 87.01 | |
| Breakfast | 25/07 | 19.00 | | 37.16 | |
| -Telephone | 25/07 | 0.75 | | 1.47 | |
| -Telephone | 25/07 | 4.50 | | 8.80 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 1.12 | | 2.19 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 0.38 | | 0.74 | |
| -Telephone | 25/07 | 3.75 | | 7.33 | |
| -Telephone | 25/07 | 3.75 | | 7.33 | |

USt-IdNr. DE118285957
&G Hamburger Hotel-Verwaltungsgesellschaft mbH & Co.
Sitz der Gesellschaft: Hamburg  Rechtsform: Gesellschaft mit beschränkter Haftung & Co., Kommanditgesellschaft
Registereintragung: Amtsgericht Hamburg A 67 911  Geschäftsführung: Hamburger Hotel-Verwaltungsgesellschaft mbH
Registereintragung: Amtsgericht Hamburg B 30 476
Geschäftsführer der geschäftsführenden Gesellschaft: Dipl.-Kaufm. Dr. Michael Dörr

*Law Offices
of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

December 3, 2001

**VIA FACSIMILE (727-443-5640)**

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

Re:   *Heller v. Caberta*

Dear Mr. Moxon:

I did not personally receive your November 30, 2001, faxes until Monday, December 3, 2001. Unfortunately, I am leaving the office for a hearing in Ft. Myers and will not be able to give more attention to your faxes until Tuesday, December 4, 2001. Suffice it to say that we do object to and see no reason for a video of Ms. Caberta's deposition. In addition, one of your letters indicates that you are providing portions of bills. We, of course, need to see the entire bill. In addition, we need to see your time charges and bill for the fees and expenses for which you are asserting reimbursement.

Very truly yours,

Ward A. Meythaler

WAM/anb



*Law Offices*
*of*

# MERKLE & MAGRI, P.A.

5510 W. LaSalle Street
Tampa, Florida 33607
(813) 281-9000
Clearwater (727) 441-2699
Telecopier (813) 281-2223

December 4, 2001

*VIA FACSIMILE (727-443-5640)*

Kendrick L. Moxon
Moxon & Kobrin
Suite 900
1100 Cleveland Street
Clearwater, FL 33755

    Re:   *Heller v. Caberta*

Dear Mr. Moxon:

    Your letter of November 29, 2001, seeks costs in the amount of $2,155.99. These are itemized as $369.48 for hotel expenses for you and the reporter; $150.00 for the videographer; $402.04 for the court reporter; and $908.30 for the interpreter. These total $1,829.82, not $2,155.99. I fail to see why it was necessary to video record this deposition, which was supposed to be limited to the issue of immunity. Next, it appears that the court reporting fee for July 25 was $130£, not $402.04 indicated in your letter. Kindly advise me if I am incorrect about my math or the other matters raised herein.

    Next, I do not understand why you are asserting 10 hours legal time for July 25 when it was anticipated that the deposition would not even begin until 2 p.m. As mentioned previously, we need to see your time charges and relevant bills. We may well challenge the reasonableness of your hours and hourly rate, and your time charges and bills would be relevant to this. Moreover, would you kindly let us know whether you or your firm has been reimbursed by anyone and by whom for any of the above expenses.

                          Very truly yours,

                          Ward A. Meythaler

WAM/anb


EXHIBIT
F
ALL-STATE LEGAL®