IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER, an individual,

    Plaintiff,

v.                                                          Case No. 8:00 CV-1528-T-27C

URSULA CABERTA, an individual,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON FEES

Although refusing to comply with the Orders of Magistrate Jenkins and also refusing to comply with the Orders of this Court, defendant insists upon lengthy litigation of every act, every order, and turning every skirmish into a battle by creating controversies and disputes where none should exist. Ms. Caberta's objection to the amount of fees and costs awarded makes petty arguments that should not have to be again litigated and require the expenditure of further costs and time by the plaintiff and the time of this Court.

This is precisely the conduct that warranted an award of fees in the first place. Plaintiff sought for eight months to take defendant Ursula Caberta's deposition, requiring six different orders on the matter before the partial deposition finally occurred in Germany. Magistrate Jenkins awarded plaintiff fees and costs arising out of the aborted deposition, after the witness failed to appear on the first day and obstructed the questioning and declined to respond to numerous questions on the

second day it was scheduled. Judge Jenkins noted in part:

> At the deposition, defendant was evasive and nonresponsive to certain questions, and her associate, Runger Hintze ("Hintze"), often wasted time by interrupting and giving commentary.

(Order, November 16, 2001, p. 2.)

> Moreover, defendant wasted time by giving unresponsive and evasive answers to questions, such as whether she could affirm the accuracy of statements that she made in an affidavit in this case.

(*Id.*, p. 4.)

> The argumentative nature of defendant's responses is apparent throughout the deposition. She repeatedly stated "it's none of your business" in response to a question.

(*Id.*, p. 4.)

> Defendant has violated this court's order to appear for deposition on July 25, 2001 and when she did appear, she was frequently uncooperative and did not answer questions.

(*Id.*, pp. 7-8.)

Magistrate Jenkins' Order awarding sanctions however noted that because *some* information was acquired at the deposition, the Court limited its award for sanctions to the first day when the witness did not appear at all, and held in abeyance consideration of sanctions for the second obstructed day when she did appear, pending compliance with the Court's order to appear in Tampa to complete the deposition. (*Id.*, p. 19, and fn. 21.)

The Court also awarded half of plaintiff's fees in bringing the successful motion to compel, as well as the costs of the second day of deposition, while excluding airfare and ground transportation.

Plaintiff's counsel sent several letters to Ms. Caberta's counsel to attempt to resolve the matter informally, but was met with insurmountable barriers and demands, necessitating the filing of a fees application and fees declaration with Magistrate Judge Jenkins. This also necessitated a detailed analysis by Judge Jenkins of the fees, the hourly rates requested, the actions undertaken, and the costs allowable. Judge Jenkins did not give plaintiff all that he requested, but only that to which she determined was presently appropriate (again, reserving the ability to award further sanctions depending upon defendant's compliance with the Court's orders to appear for deposition and cease her obstructive conduct.)

In defendant's lengthy objection, she has doubtlessly expended more in her own counsel's fees than it would have cost to pay the costs and fees awarded over which she objects. Defendant's niggling over small items (inaccurately) and illogical arguments regarding fees has thus continued to expand this litigation. For example, defendant objects to a $150 videographer fee, asserting her inability to conceive of any possible reason why a translated deposition should be videoed, and "supporting" her argument with the assertion that plaintiff did not file the video with the motion to compel.[1] She also argues why plaintiff should not receive fees requested by plaintiff for the response to an emergency motion, which Judge Jenkins did not even award. Defendant also objects to an award of a mere 8 hours of attorney time expended in the

---

[1] Obviously a video would not be filed with every motion to compel a deposition. And more obvious, a deposition taken in a foreign language and subject to a translation which could be disputed, *must* be videoed to maintain the integrity of the proceeding and permit *post hac* examination of the spoken words of the witness in her native language.

3

filing and litigation of the lengthy motion to compel Ms. Caberta's deposition – although in excess of 16 hours was actually expended in the preparation of the motion. Indeed, defendant takes issue with virtually every single part of the order, and even suggests that if this Court affirms the order, that she intends to appeal.

Ms. Caberta has thus ensured that any sanctions awarded are effectively erased by requiring plaintiff to expend further time fighting over them.

Plaintiff will forbear from any further argument and re-briefing of the legal issues already addressed and decided by the Magistrate Judge. Defendant has not remotely met the legal standard warranting review and reversal of the Order.

The Objection should accordingly be overruled. In light of the circumstances, plaintiff also requests that this Court enter an order assessing an additional $750 in fees against plaintiff arising out of the three hours expended preparing and filing the instant response. (Ex. A, Declaration of Kendrick Moxon.)

Dated: February 21, 2002

Respectfully submitted,

_____
Kendrick Moxon
Helena Kobrin
FBN #: 0259713
MOXON & KOBRIN
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368

Clearwater, Fla. 33757
(727) 461-1818

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON FEES** to be served on this 21st day of February 2002, by U.S. Mail, to John Merrett, 11250 St. Augustine Road, Apartment 15-393, Jacksonville, FL 32257-1147; and Ward Meythaler of Merkle & Magri, P.A., 5510 West LaSalle St., Tampa, FL 33607.

_____
Attorney

# EXHIBIT A

## DECLARATION OF KENDRICK L. MOXON

I, Kendrick L. Moxon, hereby declare and state:

1. I am counsel of record for plaintiff Hubert Heller in the instant action. I make the following statements of my own personal knowledge and if called to testify thereto I could and would do so competently.

2. I have expended in excess of three hours reviewing defendant's Objection to the Magistrate's Judge's fees and costs award and preparing a response thereto. At the hourly rate approved by the Magistrate Judge for my fees in this case of $250/hour, an additional $750 should be assessed against the defendant and her counsel.

I declare the foregoing is true and correct under the penalties of perjury of the laws of the United States. Signed this 21st day of February, 2002, in Clearwater, Florida.

_____
Kendrick Moxon