DER GENERALKONSUL
DER BUNDESREPUBLIK DEUTSCHLAND
THE CONSUL GENERAL
OF THE FEDERAL REPUBLIC OF GERMANY
Dr. Volker Anding

FILED

02 MAR -5 AM 11: 34

Miami, February 22, 2002
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

The Honorable James D. Whittemore
U.S. District Judge
U.S. District Court Middle District of Florida
Tampa Division
801 N. Florida Ave.
Tampa, FL 33602

RE:    Heller v. Caberta

        Case No.: 8:00CV-1528-T-27EAJ

Honorable Judge Whittemore:

I have the honor to send to you a copy of the aide-memoire which the Deputy Chief of
Mission of the German Embassy in Washington discussed with the U.S. State Department
on February 20, 2002.  At the same time, the Director of Legal Affairs in the German
Ministry of Foreign Affairs, discussed this aide-memoire with the Deputy Chief of Mission
of the U.S. Embassy in Berlin.

As already pointed out in the Note Verbale No. 225/2001, dated December 7, 2001, which
has been submitted to the court on December 12, 2001, it reiterates once more the position
of the Federal Republic of Germany to claim sovereign immunity in the a.m. case.

The aide-memoire also points out that the plaintiff may raise the issue within the German
legal system.

In addition, I have the honor to send to you a copy of a letter of the State of Hamburg.  In this letter, the State of Hamburg once more reconfirms that actions carried out by the defendant have been completely of official nature and within the boundaries of her official responsibilities.  The State of Hamburg also reaffirms that the plaintiff may raise legal actions against the State of Hamburg if he wishes to do so.  Furthermore the State of Hamburg confirms that the defendant as a government official is barred by order from her employer from appearing in front of the U.S. District Court in Tampa.  In case of contravening against her employer's order, the defendant faces legal consequences including, but not limited to termination of her employment.

I should like to add that the Ministries of Foreign Affairs (the U.S. Department of State and the German Federal Foreign Office) provide the official conduits of communication between our two countries.  Their authority to effect such communication with a view to making the official position of one country known to the other country does of course not mean that the courts of our countries are subject to the executive authority of either government.  Both Germany and the United States respect the separation of powers and the independence of the judiciary.  However, the principles of public international law, superseding the national legal system, as pointed out in the communication between the German and the American Government, and made known to the courts in an official manner, should be seriously considered by the courts.

Copies of this letter with attachment are being sent to Magistrate Judge Elizabeth A. Jenkins, Moxon & Kobrin and Johnson *et al.* as attorneys for plaintiff and Merkle & Magri as attorneys for defendant.

Sincerely yours,

cc:
Magistrate Judge Elizabeth A. Jenkins
U.S. District Judge
U.S. District Court Middle District of Florida
Tampa Division
801 N. Florida Ave.
Tampa, FL 33602

Moxon & Kobrin, P.A.
Attn.: Mr. Kendrick Moxon and
Ms. Helena Kobrin
1100 Cleveland Street, Ste. 900
Clearwater, FL 33755

Johnson, Blakely, Pope, Bokor,
Ruppel & Burns, P.A.
Attn.: Mr. F. Wallace Pope, Jr.
P.O. Box 1368
Clearwater, FL 33757

Merkle & Magri, P.A.
Attn.: Mr. Ward Meythaler
5510 West LaSalle Street
Tampa, FL 33607

## AIDE-MEMOIRE

The Special Representative of the Government of the German State of Hamburg for Scientology Affairs, Ursula Caberta, is being sued in the U.S. District Court in Tampa, FL (*Hubert Heller vs. Ursula Caberta*, case no. 8:00-CV-1528-T-27EAJ). The plaintiff argues that, in the exercise of her official duties, Ms. Caberta prevented him from obtaining a lucrative business contract in Hamburg, Germany, and is now suing for damages.

On December 7, 2001, the German Embassy in Washington submitted Note Verbale No. 225/2001 to the U.S. Department of State stating that U.S. courts have no jurisdiction in the matter, because Ms. Caberta's actions were covered by Germany's sovereign right to self-governance. A copy of the note verbale was also forwarded to the U.S. District Court in Tampa. On February 1, 2002, the Department of State replied that it would not take a position in the *Heller vs. Caberta* case at this time.

Meanwhile, the District Court decided not to accept Germany's claim of sovereign immunity in Ms. Caberta's case and issued orders on January 25 and January 30 for her to appear before the Court within thirty days.

The Foreign Office would therefore like to reiterate Germany's legal position in this matter and urges the Department of State to reconsider its position of nonintervention.

Mr. Heller's claim is based solely on Ms. Caberta's actions in the exercise of her official duties. Ms. Caberta emphasized this point in a deposition taken at the U.S. Consulate General in Hamburg on July 25, 2001, as well as in numerous documents filed with the U.S. District Court. Her conduct was an extension of Germany's sovereign authority. Under international law, sovereign acts are immune from foreign jurisdiction, including the jurisdiction of the U.S. courts. For this reason, the U.S. District Court in Tampa must dismiss the case.

This does not, however, leave the plaintiff without legal redress. Mr. Heller is free to seek legal recourse in Germany. Article 19, para. 4 of the Basic Law (German Constitution) provides for the right of any person to challenge actions by German authorities in a court of law. This includes the right to seek damages for any illegal action.

The German Government is aware that the U.S. District Court in Tampa may come to another conclusion. The Court stressed in its January 25 order that, according to the United States Foreign Sovereign Immunities Act, it is not subject to executive authorities, neither the German Foreign Office, nor the U.S. Department of State. However, Germany reemphasizes that its claim of sovereign immunity, based upon public international law, be respected and asks the Department of State to inform the U.S. District Court in Tampa accordingly.



# Freie und Hansestadt Hamburg
## Behörde für Inneres

Behörde für Inneres, Johanniswall 4, D-20095 Hamburg

Amt für Innere Verwaltung und Planung
Allgemeine Grundsatz- und Rechtsangelegen-
heiten

United States District Court
Middle District of Florida

Tampa Division

Johanniswall 4
D - 20095 Hamburg
Telefon 040 - 4 28 39 - 4820
Telefax 040 - 4 28 39 - 3735
Ansprechpartner: Willi Beiß
Zimmer: 428

eMail: willi.beiss@bfi-a.hamburg.de

Geschäftszeichen (bei Antworten bitte angeben)
A 20/

Hamburg, 22. Februar 2002

**Legal action brought by Mr. Hubert Heller against Ms. Ursula Caberta – court ref. no.: 8:00-CV-1528-T-27EAJ**

In order to clarify the situation, the Department for Internal Affairs of the Free and Hanseatic City of Hamburg would officially like to issue the following statement:

1.   A claim has been brought against Ms. Caberta to the effect that she personally caused loss or damage in connection with the initiation of business relations between plaintiff and the company POS headquartered in Germany by having made a form available to POS, in which a potential contracting party has to state whether he or she operates according to the technology of L. Ron Hubbard.

2.   This is not the case.

     As stated in an affidavit from Mr. Hintze, Department for Internal Affairs of the Free and Hanseatic City of Hamburg, which has already been submitted to the court, Ms. Caberta herself was not engaged with the matter giving rise to the action in question.

3.   The form was sent to the company POS by the Department for Internal Affairs. While it may have been developed by Ms. Caberta, this was in her capacity as Head of a department of that authority. Accordingly, this relates to an act by the Department for Internal Affairs.

4.   In exercising this activity, Ms. Caberta as an employee of the Department for Internal Affairs of the Free and Hanseatic City of Hamburg acted fully within the scope of her service-related tasks. In particular, Ms. Caberta did not pursue any private interests in exercising this activity, nor did she violate the law in any way. Above all, she did not exceed her official competences (i.e. the rules relating to *ultra vires*) in terms of her action on behalf of the Department for Internal Affairs of the Free and Hanseatic City of Hamburg.

5.   Accordingly, Ms. Caberta cannot be held responsible in any circumstances for the damages claimed by plaintiff. Plaintiff may sue before a German court of law if he considers himself the victim of any action taken by the Department for Internal Affairs of the Free and Hanseatic City of Hamburg.

6.    Against this backdrop, Ms. Caberta has been prohibited by the Department for Internal Affairs, the government department to which she reports, from traveling to the U.S. to make the deposition. If Ms. Caberta were to disregard this prohibition, she would face legal consequences on the part of her superior department.


Beiß
*Leitender Regierungsdirektor*
(senior government official)