FILED

02 MAR -5 PM 4:24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

—————————————————x
HUBERT HELLER,                  :
                                :
            Plaintiff,          :   Case No. 8:00-CV-1528-T-27C
                                :
vs.                             :
                                :
URSULA CABERTA,                 :
                                :
            Defendant.          :
—————————————————x

## PLAINTIFF'S EMERGENCY MOTION TO STAY RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT PENDING THIS COURT'S CONSIDERATION OF PLAINTIFF'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW

### INTRODUCTION

Plaintiff, Hubert Heller, moves on an emergency basis pursuant to Local Rule 3.01(e) for an Order staying plaintiff's response to defendant Ursula Caberta's Renewed Motion to Dismiss for Lack of Jurisdiction and Motion for Summary Judgment as to Liability (Dkt. 109), pending this Court's consideration of plaintiff's motion for sanctions for violation of Court Orders, pursuant to Fed. R. Civ. P. 37(b).

Plaintiff's counsel has agreed with the relief sought herein (although not conceding the reasons set forth). (See Certificate of Kendrick L. Moxon.)

### ARGUMENT

By Order dated January 30, 2002, this Court overruled defendant's objections to the Magistrate Judge's Order compelling defendant's deposition and directed

defendant's deposition to go forward on or before February 25, 2002 (Dkt. 147).[1] This Court further directed that, *following defendant's deposition*, plaintiff should respond to defendant's Motion on or before March 29, 2002. The January 30 Order (as well as this Court's prior Orders that defendant provide discovery regarding her defense of immunity under the Foreign Sovereign Immunities Act ("FSIA")) clearly anticipated that plaintiff would need to respond to defendant's motion to dismiss and for summary judgment *only* after defendant had complied with the Court's Orders and provided the ordered discovery. *See also Heller v. Caberta*, No. 01-10092, at 3 (11th Cir. November 13, 2001) (dismissing defendant's interlocutory appeal pending "final decision on the FSIA claim when discovery is completed").

In violation of this Court's Order, defendant has failed to appear for her deposition and has thereby prevented plaintiff from obtaining necessary discovery regarding defendant's FSIA defense, and refused cross examination upon her declarations submitted in support of her motion.[2] Therefore, plaintiff intends to move

---

[1] The Magistrate Judge's Order also directed defendant to produce documents responsive to plaintiff's document requests within ten days of the Magistrate Judge's November 16, 2001 Order, at 6, 20 (Dkt. 133). Defendant did not object to this portion of the Magistrate's Order (Dkt. 136), however, defendant's minimal production did not comply with this Order.

[2] Defendant has conceded her violation of the Court Order, submitting a "Notice of Inability to Appear for Court Ordered Deposition." Defendant also continues to file legally irrelevant and inadmissible political statements from the German government and from a Hamburg official, Willi Beiss, who has previously submitted an affidavit but has refused to be deposed, regarding their opinions on defendant's liability under U.S. law and purported principles of public international law, without reference to the FSIA. This Court has already held that the FSIA

(continued...)

this Court for appropriate sanctions pursuant to Fed. R. Civ. P. 37(b)(2), including, without limitation, to strike defendant's defense of FSIA immunity, and to enter a default judgment. Plaintiff will file this motion for Rule 37(b)(2) sanctions before the end of the month.

In plaintiff's motion for sanctions, plaintiff intends to move this Court, without limitation: 1) to refuse to allow defendant to support her FSIA defense, *see* Fed. R. Civ. P. 37(b)(2)(B); 2) to take as established the facts which establish this Court's jurisdiction under the FSIA, 37(b)(2)(A); *Insurance Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707-09 (1982); 3) to strike defendant's pleading of the FSIA defense, 37(b)(2)(C); and 4) to render a judgment by default, 37(b)(2)(C); 28 U.S.C. § 1608(e); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir.1985). This Court's disposition of plaintiff's motion for sanctions should moot defendant's motion to dismiss and for summary judgment. Therefore, in the interests of justice and to conserve the parties' and this Court's resources, plaintiff respectfully requests that this Court stay plaintiff's response to defendant's motion to dismiss and for summary judgment pending this Court's consideration of plaintiff's motion for sanctions.

## CONCLUSION

For the reasons stated herein, this Court should stay plaintiff's response to

---

(...continued)
controls this Court's determination of sovereign immunity, not statements from foreign governments or from the executive branch of the United States. *See* Dkt. 145 (citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486-89 (1983)).

defendant's motion to dismiss and for summary judgment pending this Court's consideration of plaintiff's motion for sanctions.

Dated: March 5, 2002

Respectfully submitted,

_____
Kendrick Moxon
MOXON & KOBRIN
Helena Kobrin (FBN #0259713)
1100 Cleveland Street, Suite 900
Clearwater, FL 33755
(727) 443-5620

F. Wallace Pope, Jr.
FBN #: 124449
JOHNSON, BLAKELY, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1368
Clearwater, Fla. 33757
(727) 461-1818

*Attorneys for Plaintiff*
*Hubert Heller*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing **PLAINTIFF'S EMERGENCY MOTION TO STAY RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT PENDING THIS COURT'S CONSIDERATION OF PLAINTIFF'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW** to be served on this 5th day of March, 2002, by U.S. Mail, to John Merrett, 11250 St. Augustine Road, Apartment 15-393, Jacksonville, FL 32257-1147; and Ward Meythaler of Merkle & Magri, P.A., 5510 West LaSalle St., Tampa, FL 33607.

_____
Attorney

## CERTIFICATE PURSUANT TO LOCAL RULE 3.01(g)

I, Kendrick L. Moxon, hereby certify that counsel for defendant, Ward Meythaler, has consented to the relief sought in the instant motion, while declining to adopt the reasons and argument set forth herein.

_____
Kendrick Moxon