## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HUBERT HELLER,

     Plaintiff,

v.                                                   Case No. 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

     Defendant.

_____/

### REPORT & RECOMMENDATION

Before the court is **Defendant's Motion For Attorney's Fees, Expenses And Costs And Memorandum Of Law In Support** (Dkt. 167), and **Plaintiff's Opposition To Defendant's Motion For Attorney's Fees and Costs** (Dkt. 172).[1]

The Defendant, Ursula Caberta ("Caberta") after dismissal of Plaintiff's amended complaint[2], seeks attorney's fees and expenses incurred in defending this action. Caberta seeks attorney's fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Fla. Stat. § 501.2105, Fed. R. Civ. P. 54, Local Rule 4.18, M.D. Fla., and the court's "supervisory power[3]." Caberta also seeks her costs under Rule

---

[1] This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] Plaintiff has appealed the dismissal of his complaint and the appeal is currently pending before the Eleventh Circuit.

[3] While Caberta alleges she is entitled to fees pursuant to the court's inherent supervisory power, she does not brief this issue in her motion. An issue is not raised by mere reference to it without briefing and arguing it. See generally Greenbriar Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989); Daniel v. Taylor, 808 F.2d 1401, 1405 n.3 (11th Cir. 1986). Accordingly, this aspect of Caberta's motion will not be addressed.



54(d), Fed. R. Civ. P., and 28 U.S.C. § 1920.

The main issue presented by Caberta's motion is whether Plaintiff acted unreasonably or in bad faith when Plaintiff, Hubert Heller ("Heller") originally pled that Caberta was acting within the scope of her employment in Heller's original complaint and later amended his complaint to plead that Caberta acted outside the scope of her authority.[4]

Heller argues that Caberta actually seeks attorney's fees and expenses as sanctions under Rule 11, Fed. R. Civ. P., and Caberta's motion is an attempt to circumvent the safe harbor provision of Rule 11. Further, Heller argues that Caberta's motion should be denied on the merits.

## I.    **Background**

Heller commenced this action on July 27, 2000. Caberta was represented at that time by attorney John Merrett ("Merrett"). Caberta alleges that she retained the lawfirm of Merkle & Magri in July 2001 and she seeks only Merkle & Magri's attorney's fees by the pending motion.[5]

On July 27, 2000, Heller filed a two count complaint against Caberta (Dkt. 1) alleging tortious interference with an advantageous business relationship and a claim under Florida's Unfair and Deceptive Trade Practices Act ("DTPA"), Fla. Stat. § 501.201-13. Heller alleged in his complaint that Caberta was the head of the anti-cult task force for the government of Hamburg,

---

[4]Caberta also argues that Scientology has a pattern of harassing conduct in litigation unrelated to the instant lawsuit and this conduct should be considered as further evidence that this lawsuit was frivolous and/or it was asserted in bad faith. Scientology's conduct in unrelated litigation is irrelevant to whether Heller's claims in this lawsuit are frivolous and/or asserted in bad faith. Caberta also argues that counsel for Heller acted inappropriately when she was deposed in a Florida state court case. These allegations are disputed. Without commenting on the propriety of the Plaintiff's counsel's alleged conduct in Caberta's state court deposition, this court finds that conduct also irrelevant to whether Heller has frivolously and/or in bad faith asserted this lawsuit.

[5]However, Caberta does not concede that any of Merrett's fees and expenses would not be reasonable or that the court could not properly award them against Heller.

Germany, and in that capacity, she promulgated certain anti-Scientology measures and Heller was injured as a result of these measures. Caberta filed a motion to dismiss the initial complaint under the Foreign Sovereign Immunity Act, 28 U.S.C. § 1604 ("FSIA") on the basis that Heller alleged that Caberta at all times acted in her capacity as an official of the government of Hamburg and therefore, under the FSIA, she is immune from the jurisdiction of the courts of the United States (Dkt. 5).

Rather than respond to the motion to dismiss, Heller filed a First Amended Complaint (Dkt. 12). The first amended complaint alleged that Caberta was also being sued as an individual for acts undertaken outside the scope of her official duties and authority.[6] Caberta argues that no new facts were offered in Heller's amended complaint to refute his allegation in his original complaint that Caberta at all times acted within the scope of her official duties.

Caberta argues that the new allegations in Heller's amended complaint were added to to "plead around the factual deficiencies of the initial complaint." Caberta further alleges that while she has raised this contradiction several times, Heller has never indicated any basis for changing his theory to assert that Caberta was also being sued as an individual for acts undertaken outside the scope of her official duties and authority.

Heller argues in response that there is no inconsistency between the original and the amended

_____

[6]Caberta argues that under Rule 11, Fed. R. Civ. P., by filing a complaint and an amended complaint, Heller's attorney was certifying that "after an inquiry reasonable under the circumstances" the "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . ." A motion for sanctions under Rule 11 shall describe the specific conduct that is allegedly sanctionable and shall be served as provided in Rule 5. The motion shall not be filed or presented to the court unless, within 21 days after service, "the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." Rule 11(c)(1)(A), Fed. R. Civ. P. As there is no indication that Caberta has complied with Rule 11, any arguments under Rule 11 are not properly before the court.

and second amended complaints in terms of the FSIA. Heller argues that he alleged in his original complaint that Caberta engaged in anti-Scientology acts in her official capacity as the head of the Hamburg task force on the Scientology religion. He maintains that this allegation is consistent with the amended complaint alleging that, while undertaken in her official capacity, Caberta's acts were outside the scope of her lawful authority and illegal under German and international law. Further, Heller argues that he pled, both in his original and amended complaint, that Caberta's acts constituted economic coercion and thus fall within the FSIA's commercial activity exception.

On October 6, 2000, Caberta filed a motion to dismiss Heller's amended complaint on the basis that she had at all times acted in her capacity as an official of the government of Hamburg, Germany, and was therefore immune from the jurisdiction of this court under the FSIA (Dkt. 15). On December 18, 2000, the court entered an order granting Caberta's motion in part and denying it in part (Dkt. 36) .

Thereafter, Heller filed a four count second amended complaint on January 8, 2001, (Dkt. 40) for tortious interference with an advantageous business relationship, unfair and deceptive trade practices under the DTPA, conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3), and violation of the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"). Caberta again moved to dismiss Heller's second amended complaint for lack of jurisdiction under the FSIA (Dkt. 42). The court denied Caberta's motion without prejudice and allowed Heller to undertake discovery on whether the FSIA applies (Dkt. 46). After discovery and consideration of Caberta's renewed motion to dismiss, the court dismissed Heller's second amended complaint for lack of jurisdiction under the FSIA (Dkt. 165). The parties are presently appealing this order to the Eleventh Circuit.

4

## II.    Analysis

### A.    42 U.S.C. § 1988

Heller asserted a claim under 42 U.S.C. § 1985(3) in his second amended complaint. 42 U.S.C. § 1988(b) provides that "[i]n any action to enforce . . . 1985 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . "

Caberta argues that since she obtained an order dismissing the case, she is the prevailing party. A prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) quoting Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 417 (1978)(Title VII). In contrast, a defendant is entitled to be reimbursed for reasonable attorney's fees and costs under 42 U.S.C. § 1988 only if the action was frivolous, unreasonable, or without foundation, even though not brought in bad faith. Id. (citations omitted); Hughes v. Rowe, 449 U.S. 5, 13 (1978). This standard applies equally to awards of attorney's fees sought under 42 U.S.C. § 1988 and those sought by defendants under Title VII. Head, 62 F.3d at 355 (citing Hughes, 449 U.S. at 14).

Findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal has been granted in instances where plaintiffs did not introduce *any* evidence to support their claim. Head, 62 F.3d at 355 (citing Sullivan v. School Board of Pinnellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(remaining citations omitted)(emphasis in original)). When a plaintiff introduces evidence sufficient to support a claim, a finding of frivolity will not stand. Id. at 356. Although determination of frivolity is made on a case by case basis, courts have recognized several factors to assist in answering the question: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court

dismissed the case prior to trial or held a full-blown trial on the merits.  Head, 62 F.3d at 356.

A threshold question to be determined before a court inquires as to whether a plaintiff's claim is frivolous is whether a defendant qualifies as  a "prevailing party" for purposes of 42 U.S.C. § 1988. A defendant is not a "prevailing party" under § 1988 when the lawsuit is dismissed for lack of subject matter jurisdiction.  See Keene Corp. v. Cass, 908 F.2d 293, 298 (8ᵗʰ Cir. 1990).  First, § 1988 does not, by its terms, confer subject matter jurisdiction upon federal courts, but rather relies upon the provision of other federal statutes to confer subject matter jurisdiction.  Id.  This lack of jurisdiction also bars an award of attorney's fees under § 1988.  Id.  Second, to be a "prevailing party" under § 1988, a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought.  Id. (citations omitted).  Where a complaint has been dismissed for lack of subject matter jurisdiction, the "[d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation."  Id. (citing Sellers v. Local 1598, Dist. Counsel ABA, 614 F.Supp. 141, 144 (D.C. Pa. 1985) aff'd, 810 F.2d 1164 (3ʳᵈ Cir. 1987)); See also Hidahl v. Gilpin County Dept. Of Social Services, 699 F. Supp. 846, 849 (D. Colo. 1988)(defendant is not a "prevailing party" under 42 U.S.C. § 1988 if the plaintiff's claim is dismissed on jurisdictional grounds such as sovereign immunity).

While the Eleventh Circuit has apparently not considered this issue in any published opinion, the court in DeShiro v. Branch, 183 F.R.D. 281, 285-86 (M.D.Fla. 1998) analyzed whether a defendant is a "prevailing party" when a plaintiff's claim is dismissed for lack of subject matter jurisdiction in a Title VII case.[7]  The DeShiro court held that a defendant is not a "prevailing party"

---

[7]The standards for awarding defendants attorney's fees under Title VII and § 1988 are the same.  See generally DeShiro, 183 F.R.D. at 285.

when a plaintiff's claim is dismissed for lack of subject matter jurisdiction. The <u>DeShiro</u> court reasoned that "a defendant cannot be said to have prevailed on an issue which evaporated prior to the court addressing it." <u>Id.</u> at 286 (citing <u>Hidahl</u>, 699 F.Supp. at 849).

Caberta's attempts to distinguish these cases is unavailing. The merits of Heller's § 1985(3) claim were not reached by the court when it dismissed his second amended complaint for lack of jurisdiction. Accordingly, Caberta is not a "prevailing party" under 42 U.S.C. § 1988.

Notwithstanding that Caberta is not a "prevailing party" under 42 U.S.C. § 1988, she has not demonstrated that Heller's § 1985(3) claim was frivolous.

Caberta's basis for arguing that Heller's 1985(3) claim is frivolous is that Heller originally pled that Caberta acted within the scope of her authority and later amended his complaint to plead that she acted outside the scope of her lawful authority, without evidentiary support.

This court agrees that the allegations in the original complaint that Caberta acted in her official capacity is not inconsistent with Heller's allegations that Caberta was also being sued as an individual in the amended and second amended complaint. Heller argues that while Caberta may have acted at all time in her official capacity, her actions may have violated both German and international law and were therefore outside the scope of her *lawful* authority.

The district court recognized this argument by Heller as well as the declaration of Alexander Petz but credited instead the evidence submitted by Caberta (Dkt. 165 at 10). The district court's treatment of Heller's argument suggests that the argument was not frivolous. This court finds that Heller's amendment was not frivolous and Caberta is not entitled to her reasonable attorney's fees under 42 U.S.C. § 1988.

**B.    28 U.S.C. § 1927**

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

The sanctioning mechanism under 28 U.S.C. § 1927 is aimed at counsel that vexatiously and unreasonably multiplied the proceedings. Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001). There is little case law in this circuit concerning the standards applicable to the award of sanctions under § 1927. Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997). However, the Eleventh Circuit has recognized that the provisions of § 1927, being penal in nature, must be strictly construed. Id. See Monk v. Roadway Express, Inc., 599 F.2d 1378, 1382 (5th Cir.1979)(remaining citations omitted).[8] The plain statutory language of § 1927 indicates that it is not a "catch-all" provision for sanctioning objectionable conduct by counsel. Id. at 1396. A district court's decision to grant or deny sanctions pursuant to 28 U.S.C. § 1927 is reviewed for an abuse of discretion. Byrne, 261 F.3d at 1105.

Three essential requirements must be satisfied with respect to an award of sanctions under § 1927:  first, the attorney must engage in "unreasonable and vexatious" conduct; second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings"; and finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of

---

[8]Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)

such conduct." <u>Monk,</u> 124 F.3d at 1396.

Caberta argues that Heller's attorney "knew and asserted in letters to the Hamburg government and in the initial complaint that Defendant had acted within the scope of her authority." Further, Caberta argues that Heller's filing of an amended and second amended complaint alleging that Caberta was also being sued in her individual capacity because her actions were not within the scope of her authority vexatiously prolonged the proceedings. This is the same argument which Caberta has made in contending that the amended pleadings are frivolous.

As previously stated, Heller's amended complaint was not frivolous under 42 U.S.C. § 1988. Although the standard of § 1927 - unreasonable and vexatious - may arguably call for a different burden of proof, it has not been met by Caberta[9]. This court finds that Heller's counsel did not unreasonably and vexatiously multiply the proceedings in filing Heller's amended and second amended complaint

### C.    Fla. Stat. § 501.2105

Section 501.2105, Fla. Stat., a provision in the DTPA, provides:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party.

On May 20, 2002, Heller filed a notice of appeal of the court's dismissal of his second

---

[9]Arguably "unreasonable and vexatious" is a heavier burden since it is "penal in nature." <u>Peterson,</u> 124 F.3d at 1395. However, regardless of whether it requires a lighter or heavier standard, Caberta did not meet this burden. The parties presented conflicting evidence on whether Caberta acted outside the scope of her authority. Heller not only presented argument and evidence that Caberta's actions were unlawful, but also that, even if lawful, Caberta acted as an individual because she personally profited from some of her alleged acts. Heller also argued that Caberta's actions fell within the commercial activity exception to the FSIA. Even though Heller did not prevail on his arguments, the record does not indicate that these arguments were unreasonable or vexatious.

amended complaint (Dkt. 166).  On May 30, 2002, Caberta filed a cross notice of appeal (Dkt. 168).

An award of attorney's fees by the trial court pursuant to Fla. Stat. § 501.2105 prior to the exhaustion of all appeals is premature.  Heindel v. Southside Chrysler-Plymouth Inc., 476 So.2d 266, 268 (Fla. 1st DCA 1985).  See also Big Tomato v. Tasty Concepts, Inc., 972 F. Supp. 662, 664 (S.D. Fla.)(before attorney's fees may be awarded under Fla. Stat. § 501.2105, judgment must be final and all appeals must be exhausted).

Therefore, Caberta's motion for attorney's fees under Fla. Stat. § 501.2105 is premature and should be denied without prejudice to reassert once all appeals have been exhausted.

### D.   Costs

Rule 54(d)(1), Fed. R. Civ. P., provides that statutory costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  Rule 54 (d)(1) creates a presumption in favor of awarding costs to the prevailing party that the opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Heller states "for the same reason Defendant cannot recover fees, she cannot claim costs other than those that the court, in its discretion, 'may tax' under 28 U.S.C. § 1920." (Dkt. 172 at 2).  This conclusory argument does not adequately explain why the presumption in favor of taxable costs under 28 U.S.C. § 1920 should be disregarded.

Caberta seeks $2,954.74 in costs, of which $1,416.22 are taxable under 28 U.S.C. § 1920: $324.47 in fees for court reporter, and $1,091.75 in fees for exemplification and copies of papers.  Caberta also seeks $1,538.52 in costs not taxable under 28 U.S.C. § 1920.

Caberta argues that as the prevailing party, she is not limited to recovering only those costs specified under 28 U.S.C. § 1920.  However, in taxing costs under Rule 54(d)(1), the district court

may tax only those costs explicitly authorized by statute. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.,</u> 482 U.S. 437, 442 (1987). The discretion granted by Rule 54(d)(1) permits the court to decline to tax allowable costs, not to tax costs in the absence of statutory authorization. <u>Id.</u> This limitation only applies to costs claimed under Rule 54(d) and does not apply to costs sought under other statutory provisions. <u>Dowdell v. City of Apopka, Florida,</u> 698 F.2d 1181, 1188 (11th Cir. 1983)("where cost-shifting is authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 . . . do not apply"(citations omitted)). <u>See also</u> <u>George v. GTE Directories Corp.,</u> 114 F. Supp.2d 1281, 1298 (M.D. Fla. 2000)(a prevailing party under 42 U.S.C. § 1988 is not limited to costs taxable under 28 U.S.C. § 1920).

Accordingly, this court recommends that Caberta be granted $1,416.22 in costs pursuant to 28 U.S.C. § 1920.

**III.    Conclusion**

This court recommends that Defendant be denied attorney's fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. This court also recommends Defendant be denied attorney's fees and costs under Fla. Stat. § 501.2105 without prejudice to reassert once all appeals have been exhausted. Thus, Defendant is only entitled to costs authorized under 28 U.S.C. § 1920 and Rule 54(d) at this time.

Accordingly, upon due consideration, it is hereby **RECOMMENDED** that:

(1)    Defendant's motion for attorney's fees (Dkt. 167) pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 be **DENIED** and pursuant to Fla. Stat. § 501.2105 be **DENIED without prejudice**; and

(2)    Defendant's motion for costs (Dkt. 167) be **GRANTED** in the amount of $1,416.22, and the

11

remainder of the costs of $1,538.52 sought pursuant to Fla. Stat. § 501.2105 be **DENIED**

**without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on this _2nd_ day of October, 2002.

ELIZABETH A. JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of this service shall bar an aggrieved party from

attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).

Copies to:
All Counsel of Record
District Court Judge

F I L E   C O P Y

Date Printed: 10/03/2002

Notice sent to:

    \_\_\_\_   F. Wallace Pope, Esq.
           Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
           911 Chestnut St.
           P.O. Box 1368
           Clearwater, FL  33757-1368

    \_\_\_\_   Kendrick L. Moxon, Esq.
           Moxon & Kobrin
           3055 Wilshire Blvd., Suite 900
           Los Angeles, CA  90010

    \_\_\_\_   Helena K. Kobrin, Esq.
           Moxon & Kobrin
           1100 Cleveland St., Suite 900
           Clearwater, FL  33755

    \_\_\_\_   John Matthew Merrett, Esq.
           Law Office of John M. Merrett
           11250 St. Augustine Rd., Suite 15-393
           Jacksonville, FL 32257-1147

    \_\_\_\_   Robert Merkle, Esq.
           Merkle & Magri, P.A.
           5510 W. LaSalle St.
           Tampa, FL  33607

    \_\_\_\_   Daniel A. Leipold, Esq.
           Leipold, Donohue & Shipe, LLP
           960-A W. 17th St.
           Santa Ana, CA  92706