UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HUBERT HELLER, an individual,**
**Plaintiff,**

vs.                                     Case No. 8:00-CV-1528-T-27EAJ

**URSULA CABERTA, an individual,**
**Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 174) recommending that the Defendant's Motion for Attorney's Fees, Expenses and Costs (Dkt. 167) be granted in part and denied in part, Defendant's Objection to Magistrate's Order on Attorney's Fees (Dkt. 175) and Plaintiff's Opposition to Defendant's Objection to Magistrate Judge's Order on Attorney's Fees (Dkt. 176). After careful consideration of the Report and Recommendation of the Magistrate Judge, the Defendant's Objection, Plaintiff's Opposition to Defendant's Objection, and after an independent examination of the file, this Court concludes that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Defendant was not the "prevailing party" for purposes of § 1988 and accordingly, is not entitled to recover attorneys' fees. To be a prevailing party, Defendant must have succeeded on some claim or significant issue in the litigation which achieves some benefit the party sought. Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990) (citing Hensley v. Eckerhart, 461 U.S. 424, 432 (1983)). A defendant has not 'prevailed' over a plaintiff on an issue central to the merits of the litigation where, as here, the complaint has been dismissed for lack of subject matter jurisdiction. Id. Lack of subject matter jurisdiction was the sole basis for dismissing this case. (see Dkt. 165). In its order,



this court expressly confirmed that it had not addressed the merits of Plaintiff's claims.(Dkt. 165, at n. 8)

Plaintiff's claims were not frivolous, unreasonable or without foundation. See Hughes v. Rowe, 449 U.S. 5, 14 (1978); Head v. Medford, 62 F.3d 351, 355-56 (11th Cir. 1995). Finally, Plaintiff's counsel has not vexatiously and unreasonably multiplied the proceedings in this cause and Defendant is accordingly not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1927. Byrne v. Nezhat, 261 F.3d 1075, 1105-06 (11th Cir. 2001). Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge is adopted, confirmed, and approved in all respects and made a part of this Order.

2. Defendant's Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 (Dkt. 167) is **DENIED**. Defendant is granted leave to reassert her motion for attorneys fees pursuant to § 501.2105, Fla. Stat. and the Local Rules of this court after all appeals have been exhausted.

3. Defendant's Motion for Expenses and Costs (Dkt. 167) is **GRANTED** to the extent that Defendant is awarded costs in the amount of $1,416.22 pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

**DONE AND ORDERED** in chambers this 15th day of November, 2002.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Courtroom Deputy, Law Clerk

Date Printed: 11/19/2002

Notice sent to:

    \_\_\_  F. Wallace Pope, Esq.
        Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
        911 Chestnut St.
        P.O. Box 1368
        Clearwater, FL  33757-1368

    \_\_\_  Kendrick L. Moxon, Esq.
        Moxon & Kobrin
        3055 Wilshire Blvd., Suite 900
        Los Angeles, CA  90010

    \_\_\_  Helena K. Kobrin, Esq.
        Moxon & Kobrin
        1100 Cleveland St., Suite 900
        Clearwater, FL  33755

    \_\_\_  John Matthew Merrett, Esq.
        Law Office of John M. Merrett
        11250 St. Augustine Rd., Suite 15-393
        Jacksonville, FL  32257-1147

    \_\_\_  Robert Merkle, Esq.
        Merkle & Magri, P.A.
        5510 W. LaSalle St.
        Tampa, FL  33607

    \_\_\_  Daniel A. Leipold, Esq.
        Leipold, Donohue & Shipe, LLP
        960-A W. 17th St.
        Santa Ana, CA  92706