

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

    Plaintiff,

vs.                            Case No. 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Response to Court's Order dated June 19, 2003 (Dkt. 181) and Defendant's Response to Court's Order dated June 19, 2003 (Dkt. 185). For the reasons stated below, Defendant is ordered to pay Plaintiff $5,249.50 as a sanction for failing to attend the first day of her deposition in Germany.

### Introduction

After the Eleventh Circuit affirmed the dismissal of this case and remanded the matter for a determination of attorneys fees and costs to be awarded as a sanction for Defendant's failure to appear at her deposition in Germany, the parties filed memoranda concerning the appropriate amount of fees and costs to be awarded.[1] See (Dkts. 181, 185).

### Discussion

Magistrate Judge Jenkins entered an order on Plaintiff's Motion For Fees and Costs

---

[1] This Court has jurisdiction to sanction Defendant notwithstanding the dismissal of this action for lack of subject matter jurisdiction. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (stating, federal court may consider collateral issues, including an award of attorney's fees and costs after an action is no longer pending and that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding).

awarding Plaintiff $3,250.00 in attorney's fees and $1,999.50 in expenses as sanctions. (Dkt. 146). Defendant challenges that award contending Plaintiff's declaration and exhibits are insufficient to support an award of attorney's fees and that amounts claimed are not reasonable. (Dkt. 185). According to Defendant, Plaintiff's failure to produce contemporaneous billing records detailing the amount of time spent and billed on the matters involved preclude the Court from awarding any attorney's fees. (Dkt. 185).

Although detailed time records would be helpful in determining the amount of fees to award, they are not required. See Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The district court has the power to make an award based on its own experience and in consideration of the affidavits in the record. Id. Here, the fees are related only to a motion to compel and Defendant's failure to attend a deposition. Accordingly, the Declaration in Connection with Fees Determination attesting to the attorney time spent on specific tasks and the invoices attached thereto as exhibits evidencing the costs incurred are sufficient to determine the amount of fees and costs to award as a sanction.

Plaintiff requested a total of 23 hours of attorney's fees at a rate of $250 per hour. (Dkt. 135, Moxon Declar. ¶ 6). Specifically, Plaintiff sought compensation for five (5) hours for his counsel's preparation of a response in opposition to Defendant's emergency motion for protective order; eight (8) hours for time expended preparing a motion to compel and ten (10) hours for Defendant's non-appearance at the first day of her scheduled deposition. Id. The five hours for preparing a response to Defendant's emergency motion for protective order are not compensable since the sanction has been imposed only as a result of Defendant's non-appearance at the first day of her deposition. See (Dkt. 133). Additionally, since Defendant's deposition was scheduled to begin at 2:00 p.m.,

Plaintiff's request for ten hours is excessive and unwarranted. Instead, the Court agrees with the Magistrate Judge that five hours of attorney time is compensable and appropriate for the time incurred as a result of Defendant's failure to appear at her deposition. The attorney's fees requested for Plaintiff's preparation of a motion to compel are reasonable and compensable. Plaintiff's attorney represents that the time requested equals only half the time he actually expended in preparing the motion to compel.

A reasonable hourly rate is determined based upon the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1993). Given Plaintiff's counsel's specific experience in cases involving the matters at issue in case, reputation in the legal community, willingness to represent Plaintiff on a contingency fee basis, education and background, compensation at a rate of $250 per hour rate is reasonable.

Further, all of the costs expended in connection with the deposition are compensable. The videographer expense was necessarily incurred in this matter. See Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465-66 (11th Cir.1996). The court reporter's fee, interpreter fee and hotel expenses, including the value added tax are also compensable. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant shall pay to Plaintiff $5,249.50, representing $3,250.00 in attorney's fees and $1,999.50 in expenses as sanctions for the Defendant's failure to appear for the first day of her deposition on July 25, 2001. The sanctions are payable to Plaintiff forthwith.

**DONE AND ORDERED** in chambers this 2nd day of March, 2004.

**JAMES D. WHITTEMORE**
**United States District Judge**

cc: Counsel of Record

3

<mark>

F I L E   C O P Y

Date Printed: 03/03/2004


Notice sent to:

  ___ F. Wallace Pope, Esq.
    Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
    911 Chestnut St.
    P.O. Box 1368
    Clearwater, FL  33757-1368

    8:00-cv-01528    mrh

  ___ Kendrick L. Moxon, Esq.
    Moxon & Kobrin
    3055 Wilshire Blvd., Suite 900
    Los Angeles, CA  90010

    8:00-cv-01528    mrh

  ___ Helena K. Kobrin, Esq.
    Moxon Kobrin
    3055 Wilshire Blvd., Suite 900
    Los Angeles, CA  90010-1137

    8:00-cv-01528    mrh

  ___ John Matthew Merrett, Esq.
    Law Office of John M. Merrett
    1817 Bayard Pl.
    Jacksonville, FL  32205-8803

    8:00-cv-01528    mrh

  ___ Robert Merkle, Esq.
    Merkle & Magri, P.A.
    550 N. Reo St., Suite 301
    Tampa, FL  33609

    8:00-cv-01528    mrh

  ___ Daniel A. Leipold, Esq.
    Leipold, Donohue & Shipe, LLP
    960-A W. 17th St.
    Santa Ana, CA  92706

    8:00-cv-01528    mrh