

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUBERT HELLER,

          Plaintiff,

vs.                                       Case No. 8:00-CV-1528-T-27EAJ

URSULA CABERTA,

          Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR ATTORNEY'S FEES, EXPENSES AND COSTS

**BEFORE THE COURT** is Defendant's Second Motion for Attorney's Fees, Expenses and Costs Pursuant to FDUTPA[1] (Dkt. 184) and Plaintiff's Opposition to Defendant's Second Motion for Attorney's Fees, Expenses and Costs Pursuant to FDUTPA (Dkt. 189). Upon consideration, Defendant's Motion is DENIED.

The procedural and factual history of this case is recited in the Magistrate Judge's Report & Recommendation recommending denial of Defendant's First Motion for Attorney's Fees (Dkt. 174) which was adopted, confirmed, and approved by this Court on November 15, 2002 (Dkt. 177). In her first motion for attorney's fees, Defendant sought an award of attorney's fees pursuant to 42 U.S.C. §1988, 28 U.S.C. §1927, Fla. Stat. § 501.2105, Fed. R. Civ. P. 54, Local Rule 4.18, M.D. Fla., and the court's supervisory power. (Dkt. 174).

Defendant's request for attorney's fees pursuant to § 1988 was denied as she was not a "prevailing party", since this case was dismissed for lack of subject matter jurisdiction. (Dkts. 174,

---

[1] Florida Unfair and Deceptive Trade Practices Act, "FDUTPA", Chapter 501, Florida Statutes.

177). Defendant's request for attorney's fees pursuant to Fla. Stat. § 501.2105 was denied without prejudice as all appeals had not been exhausted. (Dkts. 174, 177). All appeals have now been exhausted. The Eleventh Circuit Court of Appeals has affirmed the order dismissing this case pursuant to the Foreign Sovereign Immunities Act. (Dkt. 182). Defendant's Second Motion for Attorney's Fees is now ripe for determination.

Defendant seeks an award of attorney's fees and costs pursuant to Fla. Stat. § 501.2105. That statute provides:

> "[i]n any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."

To recover attorneys' fees and costs as the "prevailing party" pursuant to § 501.2105, a party must obtain a judgment on the FDUTPA claim. Heindel v. Southside Chrysler-Plymouth, Inc., 476 So. 2d 266, 269 (Fla. 1st DCA 1985). Here, Defendant did not obtain a judgment on Plaintiff's FDUTPA claim and is therefore not a "prevailing party" entitled to recovery of attorney's fees and costs pursuant to § 501.2105.

An award of attorney's fees is in derogation of common law. Statutes authorizing an award of fees must therefore be strictly construed. Heindel, 476 So. at 269. To recover attorney's fees pursuant to § 501.2105, a party must recover a "judgment" on a Chapter 501 claim. Id. at 270; Ghodrati v. Miami Paneling Corp., 770 So. 2d 181 (Fla. 3d DCA 2000); see also Nolan v. Altman, 449 So. 2d 898, 900 (Fla. 1st DCA 1984) (observing that section 501.2105 "clearly contemplates a two-step procedure under which *judgment* is first entered on *liability*. . .")(citing B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983). Nolan held that a defendant was not entitled to attorney's fees pursuant to § 501.2105 after a plaintiff voluntarily dismissed an action because

§ 501.2105 requires that a party obtain a judgment on liability. Florida cases applying § 501.2105 require, therefore, that a party obtain a "judgment" pertaining to the merits of the chapter 501 claim in order to recover an award of fees and costs. Here, Defendant has not obtained a "judgment" as to the merits of Plaintiff's Chapter 501 claim. This Court's dismissal order for lack of subject matter jurisdiction did not constitute a "judgment" on liability which adjudicated a central issue pertaining to the merits of the Chapter 501 claim, a condition to recovery of fees and costs. Defendant is not, therefore, a "prevailing party" entitled to recover fees and costs.

This Court has previously determined that Defendant was not the "prevailing party" under §1988. (Dkt. 177). Although the parties have not cited any Florida cases interpreting what constitutes a "prevailing party" when a claim is dismissed for lack of subject matter jurisdiction, federal courts interpreting identical language in 42 U.S.C. § 1988 have held that a dismissal for lack of subject matter jurisdiction does not support an award of fees. For example, a party must have succeeded on some claim or significant issue in the litigation which achieves some benefit the party sought in order to be a "prevailing party" under that section. Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990); (Dkt. 177). Pursuant to § 1988, a defendant has not "prevailed" on a central issue pertaining to the merits when a complaint has been dismissed for lack of subject matter jurisdiction. Id.[2]

Defendant cites two cases in support of her argument that attorney's fees and costs can be awarded pursuant to § 501.2105 when a complaint is dismissed for lack of subject matter

---

[2] In other actions, where dismissal occurs because of lack of subject matter jurisdiction, attorney's fees have been denied based on the "prevailing party" standard. See Deshiro v. Branch, 183 F.R.D. 281, 285-86 (M.D. Fla. 1998) (holding that defendant was not a "prevailing party" in Title VII case when plaintiff's claim was dismissed for lack of subject matter jurisdiction); see also Hidahl v. Gilpin County Dept. of Social Services, 699 F. Supp. 846, 849 (D. Colo. 1988) (holding that a defendant was not "prevailing party" under § 1988 where plaintiff's complaint was dismissed on jurisdictional grounds).

jurisdiction. See M.G.B. Homes, Inc. v. Ameron Homes, Inc., 30 F.3d 113, 115 (11th Cir. 1994); Big Tomato v. Tasty Concepts, Inc., 972 F. Supp. 662, 664 n.1 (S.D. Fla. 1997). Defendant's argument, in essence, is if a defendant is a prevailing party under § 501.2105 when, as in those cases, a motion to dismiss is granted for lack of standing, she should likewise be the prevailing party where, as here, her motion to dismiss is granted for lack of subject matter jurisdiction. (Dkt. 184, p. 10). Defendant is mistaken. The cases she cites do not support an award of fees in this action.

In M.G.B. Homes, the Eleventh Circuit upheld an award of attorney's fees in favor of a defendant who obtained a reversal of an adverse FDUTPA judgment. There, the district court had initially rendered judgment against the defendant based in part on § 501.2105. The Eleventh Circuit, after determining that FDUTPA was inapplicable to the relationship between the parties because they were competitors, recognized that the district court had initially entered a judgment in favor of the plaintiff and that the appellate process had been exhausted. The court concluded that the requirements of a "judgment" under § 501.2105 had therefore been satisfied and an award of fees and costs to the defendant was appropriate. Unlike M.G.B. Homes, no "judgment" has ever been entered in the instant action.

Similarly, Big Tomato determined that FDUTPA did not apply to an action brought by one competitor against another and accordingly, in accordance with M.G.B. Homes, the defendant would be the prevailing party under § 501.2105. Significantly, however, that court denied defendant's motion for fees "without prejudice to re-assert at the conclusion of the case," presumably after "judgment" was entered and all appeals had been exhausted as required by § 501.2105.

Unlike the instant case, M.G.B. Homes involved an adjudication on the merits of the chapter 501 claim. In this case, however, no determination has been made with regard to the merits of

Plaintiff's chapter 501 claim. Rather, this case was dismissed for lack of subject matter jurisdiction. (Dkt. 165). Defendant is not, therefore, a "prevailing party" under § 501.2105 and is not entitled to either an award of attorney's fees or costs. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Second Motion for Attorney's Fees, Expenses and Costs (Dkt. 184) is **DENIED**.

**DONE AND ORDERED** this _2nd_ day of March, 2004.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

F I L E   C O P Y

Date Printed: 03/03/2004

Notice sent to:

   \_\_\_  F. Wallace Pope, Esq.
        Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A.
        911 Chestnut St.
        P.O. Box 1368
        Clearwater, FL  33757-1368

        8:00-cv-01528     mrh

   \_\_\_  Kendrick L. Moxon, Esq.
        Moxon & Kobrin
        3055 Wilshire Blvd., Suite 900
        Los Angeles, CA  90010

        8:00-cv-01528     mrh

   \_\_\_  Helena K. Kobrin, Esq.
        Moxon Kobrin
        3055 Wilshire Blvd., Suite 900
        Los Angeles, CA  90010-1137

        8:00-cv-01528     mrh

   \_\_\_  John Matthew Merrett, Esq.
        Law Office of John M. Merrett
        1817 Bayard Pl.
        Jacksonville, FL  32205-8803

        8:00-cv-01528     mrh

   \_\_\_  Robert Merkle, Esq.
        Merkle & Magri, P.A.
        550 N. Reo St., Suite 301
        Tampa, FL  33609

        8:00-cv-01528     mrh

   \_\_\_  Daniel A. Leipold, Esq.
        Leipold, Donohue & Shipe, LLP
        960-A W. 17th St.
        Santa Ana, CA  92706

        8:00-cv-01528     mrh